# No. 24-1557

## In the United States Court of Appeals

## for the Second Circuit

MARK BULLER & SARAH BEATTY

*Petitioners-Appellants,*

v.

COMMISSIONER OF INTERNAL REVENUE

*Respondent-Appellee.*

_____

No. 25011-22
Hon. Kathleen Kerrigan

_____

## APPELLANTS' BRIEF

Trisha S. Farrow (SBN # 032618)
tfarrow@frgalaw.com
Brandon A. Keim (SBN # 028831)
bkeim@frgalaw.com
Frazer, Ryan, Goldberg & Arnold, LLP
1850 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
602-200-7347

*Attorneys for Appellants*
Mark Buller, Sara Beatty

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ......................................................... i

TABLE OF AUTHORITIES ................................................ iii

APPELLANT'S BRIEF ........................................................ 1

  STATEMENT IN SUPPORT OF ORAL ARGUMENT ...................... 1

  STATEMENT OF ISSUES PRESENTED FOR REVIEW ................. 1

  STATEMENT OF THE CASE ........................................... 2

  SUMMARY OF ARGUMENT ............................................ 3

  ARGUMENT ......................................................... 5

  I.  The 90-day deadline in Section 6213(a) to file a deficiency petition in the Tax Court is nonjurisdictional. .......... 6

  A.  Congress did not clearly state that the Section 6213(a) filing deadline is jurisdictional. .................... 7

    i.  The text of Section 6213(a) does not indicate that the 90-day time bar is jurisdictional. .................... 8

    1.  The separation of the Tax Court's jurisdictional grant from the Section 6213 deadline indicates that the filing deadline is nonjurisdictional. ................... 8

      a.  The Tax Court's jurisdictional grant to redetermine tax deficiencies is found in Section 6214, separated and unlinked from the filing deadline in Section 6213(a). ............................. 9

      b.  Even if Section 6213(a) contains the Tax Court's jurisdictional grant, the grant is not clearly tied to the 90-day filing deadline. ........................... 14

    2.  The Section 2613(a) filing deadline does not speak to the Tax Court's authority. ............................ 17

    ii.  The context of Section 6213(a) does not clearly indicate the filing deadline is jurisdictional. ...................... 18

i

1. The Supreme Court's interpretation of other filing deadlines indicates the deadline in Section 6213(a) is nonjurisdictional. ................................................ 19

2. The exceptions to the 90-day filing deadline and the lack of stated consequences for failing to meet the deadline indicate that it is not a jurisdictional requirement. ........................................................................ 20

3. The congressional history of Section 6213 and its statutory context indicate the 90-day time bar is not jurisdictional. ................................................................ 24

4. Congress clearly conditioned the Tax Court's jurisdiction on filing deadlines in other Code sections but failed to do so in Section 6213(a). .................. 26

5. I.R.C. § 7459 does not indicate that the 90-day filing deadline is jurisdictional. ........................................... 28

B. The "stare decisis" exception to the "clear statement" rule does not apply to Section 6213. ........................................ 34

II. The 90-day filing deadline in Section 6213(a) is subject to equitable tolling. ...................................................................... 36

CONCLUSION ........................................................................... 41

CERTIFICATE OF COMPLIANCE ...................................................... 43

CERTIFICATE OF SERVICE .............................................................. 44

ADDENDUM - ORDER OF DISMISSAL ................................................ 45

# Table of Authorities

Page

**Cases:**

*Appeal of Everett Knitting Works,*
1 B.T.A. 5 (1924) ................................................................ 37

*Appeal of Glady Mfg. Co.,*
1 B.T.A. 337 (1924) ........................................................... 30

*Appitoe v. Barr,*
945 F.3d 76 (2d Cir. 2019) ............................................... 20

*Arbaugh v. Y&H Corp.,*
546 U.S. 500 (2006) ...................................................... 4, 14

*Boechler v. Commissioner,*
596 U.S. 199 (2022) ........... 4, 5, 6, 9, 14, 19, 27, 34, 36, 37, 39, 40, 41

*Bowels v. Russell,*
551 U.S. 205 (2007) ........................................................ 34

*Cinema '84 v. Commissioner,*
412 F.3d 366 (2d Cir. 2005) ............................................... 5

*Colton v. Commissioner,*
T.C. Memo. 2021–44,
2021 WL 1561689 (2021) ................................................ 23

*Commissioner v. Beck's Estate,*
129 F.2d 243 (2d Cir. 1942) ............................................. 15

*Connecticut Nat. Bank v. Germain,*
503 U.S. 249 (1992) ................................................... 15, 28

*Connell Bus. Co. v. Commissioner,*
T.C. Memo. 2004–131,
2004 WL 1194626 (2004) ................................................ 23

*Culp v. Commissioner,*
75 F.4th 196 (3d Cir. 2023) ......................................... 5, 7, 16

*Dolan v. United States,*
560 U.S. 605 (2010) ................................................ 19, 21, 24

*Donnelly v. Controlled Application Review & Resolution Program Unit,*
   37 F.4th 44 (2d Cir. 2022) .................................................... 35

*Duncan v. Walker,*
   533 U.S. 167 (2001) ........................................................... 11

*Fort Bend Cty. v. Davis,*
   587 U.S. 541 (2019) ..................................................... 4, 6, 19

*Gonzales v. Thaler,*
   565 U.S. 134 (2012) ...................................................... 8, 16

Hallmark Research Collective v. Commissioner,
   159 T.C. No. 6 (2022) .................... 9, 22, 24, 28, 29, 31, 32

*Harrow v. Dep't of Def.,*
   601 U.S. 480 (2024) ....................................................... 7, 20

*Henderson v. Shineski,*
   562 U.S. 428 (2011) .................................................. 17, 19, 35

*Holland v. Florida,*
   560 U.S. 631 (2010) .................................................... 17, 41

*Hunter v. Commissioner,*
   T.C. Memo. 2007–23,
   2007 WL 325767 (2007) .............................................. 23

*Irwin v. Dep't of Veterans Affairs,*
   498 U.S. 89 (1990) .................................................. 5, 36, 37

*J.R. Sand & Gravel Co v. United States,*
   552 U.S. 130 (2008) ........................................................... 34

*Johnson v. United States,*
   990 F.2d 41 (2d Cir. 1993) ............................................... 22

*Kontrick v. Ryan,*
   540 U.S. 443 (2004) ........................................................... 4

*Kucana v. Holder,*
   558 U.S. 233 (2010) ...................................................... 13, 26

*Lotes Co., Ltd. v. Hon Hai Precision Indus. Co.,*
   753 F.3d 395 (2d Cir. 2014) ............................................ 35

*Lozano v. Montoya Alverez,*
   572 U.S. 1 (2014) ...................................................... 36, 37

iv

*Maier v. Commissioner,*
  360 F.3d 361 (2d Cir. 2004) ............................................................... 5

*Menard, Inc. v. Commissioner,*
  130 T.C. 54 (2008) ............................................................................ 9

*MOAC Mall Holdings LLC v. Transform Holdco LLC,*
  598 U.S. 288 (2023) .......................................................................... 8

*Moretti v. Commissioner,*
  77 F.3d 637 (2d Cir. 1996) ............................................................... 9

*Moya v. Commissioner,*
  152 T.C. 182 (2019) .......................................................................... 9

*Moyer v. Commissioner, T.C. Memo. 2016–236,*
  2016 WL 7442359 (2016) ................................................................. 9

*Nutt v. Commissioner,*
  160 T.C. 470 (2023) .......................................................................... 22

*Old Colony Tr. Co. v. Commissioner,*
  279 U.S. 716 (1929) .......................................................................... 37

*Organic Cannabis Found. v. Commissioner,*
  962 F.3d 1082 (9th Cir. 2020) ......................................................... 35

*Pavich v. Commissioner,*
  T.C. Memo. 2006–167,
  2006 WL 2356130 (2006) ................................................................. 23

*Phillips v. Commissioner,*
  283 U.S. 589 (1931) .......................................................................... 37

*Reed Elsevier, Inc. v. Muchnick,*
  559 U.S. 154 (2010) ........................................................ 7, 14, 20, 21

*Santos-Zacaria v. Garland,*
  598 U.S. 411 (2023) ..................................................................... 3, 4

*Sebelius v. Auburn Reg'l Med. Ctr.,*
  568 U.S. 145 (2013) ............................................... 4, 6, 8, 18

*Steel Co. v. Citizens for a Better Env't,*
  523 U.S. 83 (1998) ........................................................................... 7

*Tilden v. Commissioner,*
  846 F.3d 882 (7th Cir. 2017) ........................................................... 35

v

*TRW Inc. v. Andrews,*
534 U.S. 19 (2001) ................................................................ 11

*United States ex rel. Hayes v. Allstate Ins. Co.,*
853 F.3d 80 (2d Cir. 2017) ................................................ 26

*United States v. Brockamp,*
519 U.S. 347 (1997) ..................................................... 38, 39

*United States v. Wong,*
575 U.S. 402 (2015) ........................ 4, 6, 7, 8, 9, 14, 17, 19, 24

*Vibro Mfg. Co. v. Commissioner,*
312 F.2d 253 (2d Cir. 1963) ........................................ 6, 35

*Wilkins v. United States,*
598 U.S. 152 (2023) .................................................. 9, 14, 20

*Zipes v. Trans World Airlines,*
455 U.S. 385 (1982) ............................................... 8, 24, 38

## Statutes:

26 U.S.C. § 6015 ................................................................ 27

26 U.S.C. § 6213 ...... 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18,
20, 21, 22, 24, 25, 27, 28, 31, 32, 35, 36, 38, 40, 41

26 U.S.C. § 6214 ..................................... 9, 10, 11, 12, 13, 14

26 U.S.C. § 6330 ........................... 4, 27, 35, 36, 39, 40, 41

26 U.S.C. § 6404 ................................................................ 27

26 U.S.C. § 6511 ................................................... 38, 39, 40

26 U.S.C. § 6512 ................................................... 32, 33, 34

26 U.S.C. § 7442 ................................................................ 12

26 U.S.C. § 7459 ................................... 28, 29, 30, 31, 32, 34

26 U.S.C. § 7482 ................................................................. 3

26 U.S.C. § 7502 ................................................................ 21

26 U.S.C. § 7508 ........................................................ 21, 39, 40

26 U.S.C. § 7508A ............................................................. 39

28 U.S.C. § 2401 ................................................................ 24

38 U.S.C. § 7266  ........................................................  18

42 U.S.C. § 1395oo  .....................................................  18

**Rules:**

Fed. R. App. P. 34  .......................................................  1

I.R.M. 8.20.6.9.1 (04-17-2024)  .................................  23

I.R.M. 35.9.2.1-2 (08-11-2004)  .................................  22

IRM 8.20.7.24.2 (09-28-2018)  ..................................  22

*Rule 50*
   1 B.T.A 1283 (1925)  .............................................  30

**Other:**

69 Internal Revenue Acts of the United States 1909–1950
   (Bernard D. Reams, Jr., ed. 1979)  ......................  33

70 Internal Revenue Acts of the United States 1909–1950  ...............  33

A. Scalia & B. Garner, Reading Law: The Interpretation of
   Legal Texts 176 (2012)  ........................................  11

Brief for Appellee, *Organic Cannabis Found., LLC v.*
*Commissioner,*
62 F.3d 1092 (9th Cir. 2020)
[2018 WL 2197469]  ..............................................  11

H.R. 1, 69th Cong. § 281(d)  .....................................  33

H.R. 1, 69th Cong. § 284(d)  .....................................  33

H.R. Rep. No. 69-356, at 53 (1926)  ........................  30, 34

Petition for Writ of Certiorari, *Commissioner v. Culp,* No.
23–1037
2024 WL 1219442 (Mar. 19, 2024)  ....................  12

Revenue Act of 1924, 43 Stat. 297, 337  .......................  12, 13, 25, 29

Revenue Act of 1926, 44 Stat.  ...................................  30, 33

Revenue Act of 1928, 45 Stat. 791, 872  .................  31

S. Rep. No. 68–398, at 8 (1924)  ................................  38

S. Rep. No. 69–52 (1926)  ......................................  29, 33

Stephen M. Shapiro et al., *Supreme Court Practice* § 4.1 (11th ed. 2019 Bloomberg Law) ................................................... 16

Tax Court Press Release, August 16, 2021 ........................................ 23

The 1945 International Organizations Immunities Act, § 203, 59 Stat. 673 ................................................. 25

The Internal Revenue Code of 1939, ch. 2 § 272, 53 Stat. 1 .............. 25

The Internal Revenue Code of 1954, ch. 736, § 6213, 68A Stat. 3, 771 ................................................. 25

The Internal Revenue Service Restructuring and Reform Act of 1998 ................................................. 25

The Revenue Act of 1942 §§ 168, 504, 56 Stat. 798 ............................ 25

The Tax Reform Act of 1969, Pub. L. No. 91-172, § 951, 83 Stat. 487 ................................................. 25

The Tax Reform Act of 1986, Pub. L. No. 99-514, § 2, 100 Stat. 2085 ................................................. 25

Treas. Reg. § 301.7502–1 ................................................. 21

United States Tax Court, Congressional Budget Justification Fiscal Year 2023 ................................................. 38

## Appellant's Brief

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

This appeal concerns whether the deadline to file a petition in the United States Tax Court for redetermination of a deficiency is jurisdictional, and, if not, whether it is subject to equitable tolling. Although under the Supreme Court's clear-statement rule, the filing deadline is clearly nonjurisdictional and presumptively subject to equitable tolling, oral argument is still warranted. Oral argument may aid the Court's decision by allowing further explanation of the Tax Court's reasons for treating the deadline as jurisdictional and recent case law concerning the interpretation of filing deadlines as nonjurisdictional. *See* Fed. R. App. P. 34(a)(2).

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

I. The Supreme Court has repeatedly held statutory filing deadlines are presumptively nonjurisdictional. For filing deadlines to deprive a court of jurisdiction, Congress must make a "clear statement" to that effect or there must be a long line of Supreme Court cases holding the deadline jurisdictional. The language in 26 U.S.C. section 6213(a) ("Section 6213(a)") merely states that after the issuance of a notice of deficiency, the taxpayer may file a petition within 90 days, it speaks only to the taxpayer's duties, not to the court's power, and there is no

language linking the filing deadline to the court's jurisdictional grant. The Supreme Court has not issued any opinions on the jurisdictional nature of the 90-day filing deadline. Has Congress made a sufficiently "clear statement" to overcome the presumption that the filing deadline in Section 6213(a) is nonjurisdictional?

II. Supreme Court case law holds that nonjurisdictional filing deadlines are presumptively subject to equitable tolling. Nothing in the text of Section 6213(a) rebuts the presumption that equitable tolling applies, Tax Court deficiency procedures are unusually protective of taxpayers, and the filing deadline is fairly short. Is the 90-day filing deadline in Section 6213(a) subject to equitable tolling?

## STATEMENT OF THE CASE

On August 22, 2022, The Internal Revenue Service ("IRS") sent a notice of deficiency to Appellants Mark Buller and Sara Beaty containing proposed adjustments their 2018 income tax return. Generally, petitions to the United States Tax Court from a notice of deficiency must be filed within 90-days from the date the notice is issued. I.R.C. § 6213(a) ("Section 6213(a)"). The notice of deficiency identified November 21, 2022, as the last day to file a petition in the Tax Court. Mark and Sara promptly retained counsel and trusted their counsel to handle the matter with the IRS and with the Tax Court. Mark and Sara's Tax Court counsel electronically filed their petition 99

2

days after the issuance of the notice of deficiency on November 30, 2022. On January 27, 2023, the IRS filed a motion to dismiss for lack of jurisdiction because Mark and Sara's Tax Court counsel filed their petition outside the 90-day filing deadline contained in Section 6213(a). The Tax Court granted the IRS's motion and dismissed Mark and Sara's case for lack of jurisdiction. Mark and Sara timely filed a notice of appeal. Mark and Sara contend that the filing deadline contained in Section 6213(a) is a mere claim processing rule that is not imbued with jurisdictional consequences and is subject to equitable tolling.

Mark and Sara timely filed a notice of appeal on June 5, 2024. This Court has jurisdiction pursuant to I.R.C. § 7482(a)(1).[1] Mark and Sara reside in New York, and thus, venue is proper in this Court. I.R.C. § 7482(b)(1)(A).

## SUMMARY OF ARGUMENT

Filing deadlines rarely carry jurisdictional consequences. Jurisdictional rules "set[] the bounds of the 'court's adjudicatory authority." *Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023). Jurisdictional rules are not subject to equitable tolling and cannot be waived; they must be considered by the court sua sponte and can be raised by any party at any time, including for the first time on appeal.

---

[1]    All references to "section," "Code," or "I.R.C." are to the Internal Revenue Code (26 U.S.C. § 6213) unless otherwise stated.

*Id.* Late jurisdictional objections result in wasted court resources and may "disturbingly disarm litigants." *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013).

Because "harsh consequences attend the jurisdictional brand," the Supreme Court has sought to bring discipline to the use of the term jurisdiction. *Fort Bend Cty. v. Davis*, 587 U.S. 541, 548 (2019) (internal quotation omitted). The Supreme Court explained that "jurisdiction is a word of too many meanings" and many courts have been "profligate in [their] use of the term." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510 (2006) (internal quotations omitted). As such, for the past two decades, the Supreme Court has made a clear effort to distinguish jurisdictional requirements from statutory filing deadlines and to only impose jurisdictional consequences to a deadline when Congress has done "something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional and so prohibit a court from tolling it." *United States v. Wong*, 575 U.S. 402, 410 (2015); *see also Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). The Supreme Court demands a filing deadline contain a "clear statement" tying it to a court's jurisdiction to impose such harsh jurisdictional consequences to a deadline. *Boechler v. Commissioner*, 596 U.S. 199, at 203, 208 (2022).

In 2022, the Supreme Court examined the filing deadline contained in I.R.C. § 6330(d), a statute that is like the Section 6213(a) deadline at issue here. *Boechler v. Commissioner*, 596 U.S. 199. The Court

unanimously held that the deadline was nonjurisdictional and was subject to equitable tolling. *Id.* In 2023, the Third Circuit followed the Supreme Court's clear instructions for interpreting filing deadlines, and found the 90-day deadline in Section 6213(a) nonjurisdictional. *Culp v. Commissioner*, 75 F.4th 196 (3d Cir. 2023). Neither the language of Section 6213(a) nor the statutory context contain the "clear statement" the Supreme Court demands to Tax Court's jurisdiction to timely filed petitions. The Supreme Court has not issued an opinion holding the Section 6213(a) deadline jurisdictional. Further, if the filing deadline in Section 6213(a) is nonjurisdictional, then it is presumptively subject to equitable tolling. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96 (1990). The relatively short filing deadline and the fact that tax deficiency procedures are unusually protective of taxpayers support the presumption that equitable tolling applies.

## ARGUMENT

Conclusions of law, including Tax Court interpretations of the Internal Revenue Code and statutes delimiting the scope of its own jurisdiction, are reviewed de novo. *See, e.g.*, *Maier v. Commissioner*, 360 F.3d 361, 363 (2d Cir. 2004). The Court reviews de novo the Tax Court's dismissal for lack of jurisdiction. *See Cinema '84 v. Commissioner*, 412 F.3d 366, 370–71 (2d Cir. 2005).

5

### I. The 90-day deadline in Section 6213(a) to file a deficiency petition in the Tax Court is nonjurisdictional.

In recent years, the Supreme Court has repeatedly made clear that statutory filing deadlines are ordinarily nonjurisdictional and has made a concerted effort to narrow the definition of the term jurisdictional. *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. at 154. A filing deadline "must clear a high bar" to deprive a court of jurisdiction. *United States v. Wong*, 575 U.S. at 409. To overcome the "high bar," Congress must have "clearly stated" that the failure to comply with the deadline deprives a court of jurisdiction, or there must be a "long line" of Supreme Court opinions holding the deadline jurisdictional. *Boechler v. Commissioner*, 596 U.S. at 203, 208; *Fort Bend Cty. v. Davis*, 587 U.S. at 548.

This Court has held, and many others have held in passing, that the Section 6213(a) filing deadline is jurisdictional, but the Supreme Court has not. *See Vibro Mfg. Co. v. Commissioner*, 312 F.2d 253 (2d Cir. 1963) (per curium). This Court's prior decisions that the Section 6213(a) filing deadline is jurisdictional has been undermined by *Boechler* and many other Supreme Court decisions in recent years seeking to bring discipline to the use of the term jurisdiction. Further, the Supreme Court has instructed that so called "drive-by" jurisdictional rulings where the jurisdictional nature of the statute is not disputed by the parties and is assumed by the court without exception, have no

precedential value. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998). Only the Third Circuit has considered the issue post-*Boechler*, and it found the filing deadline was not jurisdictional. *Culp v. Commissioner*, 75 F.4th 196. The Section 6213(a) filing deadline, like most filing deadlines, is nonjurisdictional because Congress has not clearly stated so, and there is no long line of Supreme Court cases holding otherwise.

### A. Congress did not clearly state that the Section 6213(a) filing deadline is jurisdictional.

Section 6213(a) does not contain a clear jurisdictional statement. The Supreme Court stated that its "demand for a clear statement erects a high bar." *Harrow v. Dep't of Def.*, 601 U.S. 480, 484 (2024). The jurisdictional analysis of a statute is based on the "legal character" of the requirement, "which [is] discerned by looking to the condition's text, context, and relevant historical treatment." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010). Congress is not required to "incant magic words" to indicate a clear jurisdictional statement, but traditional tools of statutory construction must definitively show that Congress intended a procedural bar to carry jurisdictional consequences. *United States v. Wong*, 575 U.S. at 410. And, "the statement must indeed be clear; it is insufficient that a jurisdictional reading is 'plausible,' or even 'better,' than nonjurisdictional

alternatives." *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 298–99 (2023). The statutory language must tie the court's jurisdiction to a timing requirement; merely setting a mandatory, exception-free deadline is not enough. *See United States v. Wong*, 575 U.S. at 410.

### i. The text of Section 6213(a) does not indicate that the 90-day time bar is jurisdictional.

The text of Section 6213(a) does not contain the "clear statement" required to impose jurisdictional consequences for failure to satisfy the 90-day filing deadline. To determine whether the text of a statute implicates a court's jurisdiction, the Supreme Court considers the filing deadline's link and proximity to the court's jurisdictional grant (*see, e.g.*, *Zipes v. Trans World Airlines*, 455 U.S. 385, 393–94 (1982)), whether the condition "speaks in jurisdictional terms" (*see, e.g.*, *Gonzales v. Thaler*, 565 U.S. 134, 143 (2012)), and general principles of statutory construction (*see, e.g.*, *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. at 153).

### 1. The separation of the Tax Court's jurisdictional grant from the Section 6213 deadline indicates that the filing deadline is nonjurisdictional.

When the relevant jurisdictional grant appears in separate section from the filing deadline, it is strong evidence that the filing deadline is

8

nonjurisdictional. *See, e.g.*, *Wilkins v. United States*, 598 U.S. 152, 159 (2023); *United States v. Wong*, 575 U.S. at 411–12. However, the opposite is not true. The mere proximity of a jurisdictional grant to a filing deadline, even if the two are in the same sentence, is not sufficient to show that Congress clearly intended the filing deadline to be jurisdictional. *Boechler v. Commissioner*, 596 U.S. at 206–207. The key inquiry is whether there is a "clear tie between the deadline and jurisdictional grant." *Id.* at 207.

### a. The Tax Court's jurisdictional grant to redetermine tax deficiencies is found in Section 6214, separated and unlinked from the filing deadline in Section 6213(a).

The Tax Court's jurisdiction to redetermine income tax deficiencies is found in I.R.C. § 6214(a), not in Section 6213(a). *See, e.g.*, *Moya v. Commissioner*, 152 T.C. 182, 198 (2019) (Jurisdictional grant is contained in I.R.C. § 6214(a) in case not involving an increased deficiency); *Menard, Inc. v. Commissioner*, 130 T.C. 54, 59 (2008) (same); *Moyer v. Commissioner*, T.C. Memo. 2016–236, 2016 WL 7442359 (2016) (same); *cf. Moretti v. Commissioner*, 77 F.3d 637, 642 (2d Cir. 1996); *Hallmark Research Collective v. Commissioner*, 159 T.C. No. 6, 22–23 (2022).

The first sentence of Section 6213(a)[2] states, "Within 90 days . . .
after the notice of deficiency authorized in section 6212 is mailed (not
counting Saturday, Sunday, or a legal holiday in the District of
Columbia as the last), the taxpayer may file a petition with the Tax
Court for a redetermination of the deficiency." The word jurisdiction
does not appear until the fourth sentence of Section 6213(a) which
serves only to deprive the Tax Court of jurisdiction in certain instances.
Section 6213 does not reference the Tax Court's jurisdiction to
redetermine tax deficiencies in any way. In contrast, I.R.C. § 6214(a)
contains an explicit jurisdictional grant to the Tax Court to determine
the correct amount of a deficiency. Section 6214 is titled
"Determinations by Tax Court," and subsection (a) states that, "the Tax
Court shall have jurisdiction to redetermine the correct amount of
deficiency, even if the amount so determined is greater than the amount
of the deficiency. . ." Section 6214 makes no reference to the filing
deadline contained in Section 6213(a).

The statutory construction canon against surplusage supports the
conclusion that the Tax Court's jurisdictional grant is contained in
section 6214. Under the surplusage cannon, courts must strive "to give
effect, if possible to every clause and word of a statue," and be

---

[2]    The omitted portion of the statute states that the filing deadline is
150 days if the notice of deficiency "is addressed to a person outside the
United States."

"reluctant to treat statutory terms as surplusage in any setting." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (internal citations omitted). If a statutory section "is susceptible of (1) a meaning that gives it an effect already achieved by another provision, or that deprives another provision of all independent effect, and (2) another meaning that leaves both provisions with some independent operation, the latter should be preferred." A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 176 (2012); *see also TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001).

The Commissioner has argued in other cases that Section 6213(a), not section 6214(a), contains the Tax Court's jurisdictional grant. *See* Brief for Appellee at 12, *Organic Cannabis Found., LLC v. Commissioner,* 962 F.3d 1092 (No. 17–72874, 2018 WL 2197469 (9th Cir. 2020). However, the Commissioner's interpretation would require the Court to deprive the first clause of section 6214(a) of any meaning. Section 6213(a) says nothing about the Tax Court's jurisdiction to redetermine the correct amount of a deficiency, while section 6214(a) says just that: "the Tax Court shall have jurisdiction to redetermine the correct amount of a deficiency, . . ." To interpret Section 6213(a) as containing the Tax Court's jurisdictional grant would not only give that section a meaning that is not explicitly stated, but would render the first clause of section 6214(a) superfluous. In contrast,

11

interpreting section 6214 as containing the Tax Court's jurisdictional grant and Section 6213(a) as merely containing the filing deadline, would leave both sections with independent meaning.

The predecessors of Code sections 6213(a) and 6214 provide further evidence that section 6214(a) contains the Tax Court's jurisdictional grant and shows that the filing deadline in Section 6213(a) has always been separated and unlinked from the jurisdictional grant in section 6214(a). The Tax Court (originally the Board of Tax Appeals) was created by the Revenue Act of 1924. *See* Revenue Act of 1924, ch. 234 § 274(a), 43 Stat. 253, 297. Section 274 of the Revenue Act of 1924 ("Section 274") is the predecessor of Section 6213. It gave the IRS the authority to mail notices of deficiency, and stated, "within sixty days after such notice is mailed to the taxpayer, the taxpayer may file an appeal with the board of tax appeals established by section 900." Separate from the filing deadline, section 900(e) of the Revenue Act of 1924 ("Section 900(e)") contained the Tax Board's express grant of jurisdiction to "hear and determine appeals filed under Section 274(e)." Revenue Act of 1924 § 900(e), 43 Stat. at 337. Even the Commissioner has acknowledged the Tax Court's original jurisdictional grant was contained in Section 900(e). Petition for Writ of Certiorari at 12 n.2, *Commissioner v. Culp*, No. 23–1037, 2024 WL 1219442 (Mar. 19, 2024).

The Revenue Act of 1926 made multiple revisions to the 1924 Act including replacing Section 900(e) with the predecessor of I.R.C. § 7442

which addressed the Board's jurisdiction generally, and adding the predecessor of section 6214(a) as Section 274(e). Revenue Act of 1926 ch. 27, § 274(e), 1000, 44 Stat. 9, 56, 67, 106. Section 274(e) stated that the "Board shall have jurisdiction to redetermine the correct amount of deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer. . ." Ch. 27, § 274(e), 44 Stat. 9. The Revenue Act of 1926 also made changes to Section 274(a) to extend the 60-day filing deadline if the deadline fell on a Sunday. However, Congress did not make any changes to clarify whether the filing deadline in Section 274 was jurisdictional, despite adding other sections explicitly and clearly defining the Tax Board's jurisdiction. *See* Revenue Act of 1926, ch. 27 §§ 274(e), 274(g) (no jurisdiction to determine underpayment or overpayment in years not before the court), 284(e) (jurisdiction to determine overpayments). Congress's decision to amend Section 274(a) without explicitly defining the Board's jurisdiction, despite clearly doing so in other sections of the 1926 Act, indicates a purposeful decision to separate the filing deadline from the Board's jurisdictional grant. *Kucana v. Holder*, 558 U.S. 233, 249 (2010) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (internal citation omitted).

13

The statutory history of the Tax Court's jurisdictional grant and the deadline to file a petition evidences that the Tax Court's jurisdictional grant is not contained in Section 6213(a), but in section 6214. The separation of the Tax Court's jurisdictional grant in section 6214 from the filing deadline in Section 6213(a) indicates that timely filed petition is not required to invoke the Tax Court's jurisdiction. *See Wilkins v. United States*, 598 U.S. at 159; *Arbaugh v. Y&H Corp.*, 546 U.S. at 514–15. Further, other sections in the Revenue Acts of 1924 and 1926 clearly define the Tax Court's jurisdiction, showing that Congress's failure to tie the Tax Court's jurisdiction to the filing deadline was intentional. Because nothing conditions the jurisdictional grant in section 6214 on the filing deadline in Section 6213(a), or otherwise links those separate sections, treating the filing deadline as jurisdictional would "disregard the structural divide built into the statute." *United States v. Wong*, 575 U.S. at 412.

> **b.  Even if Section 6213(a) contains the Tax Court's jurisdictional grant, the grant is not clearly tied to the 90-day filing deadline.**

The mere fact that the word jurisdiction is contained in the same section as a filing deadline or even in the same sentence as a filing deadline is insufficient to render the filing deadline jurisdictional. *Boechler v. Commissioner*, 596 U.S. at 206–07; *Reed Elsevier, Inc. v.*

*Muchnick*, 559 U.S. at 163–165. The Supreme Court has stated "time and time again that courts must presume a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54 (1992). As this Court explained, "[t]he familiar 'easy-to-say-so-if-that-is-what-was-meant' rule of statutory interpretation has full force here. The silence of Congress is strident." *Commissioner v. Beck's Estate*, 129 F.2d 243, 245 (2d Cir. 1942).

The first sentence of Section 6213(a), containing the filing deadline states, "Within 90 days . . . after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." Noticeably absent from this sentence is the word "jurisdiction," which does not appear until the fourth sentence of Section 6213(a). The fourth sentence of Section 6213(a) states, "The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition." Congress used specific and clear language in Section 6213(a) to deprive the Tax Court of jurisdiction in certain circumstances, but failed to use any such language to grant the Tax Court jurisdiction to redetermine deficiencies

15

or impose jurisdictional significance on the filing deadline. The unambiguous jurisdictional terms contained in the fourth sentence show only that "Congress would have spoken in clearer terms if it intended" the 90-day filing deadline "to have similar jurisdictional force." *See Gonzales v. Thaler*, 565 U.S. at 143; *Culp v. Commissioner*, 75 F.4th at 202.

The Third Circuit is the only Circuit to consider whether the Section 6213(a) filing deadline was a jurisdictional requirement after *Boechler*. In *Culp*, the Court explained that Congress had clearly tied the Tax Court's jurisdiction to filing deadlines in other Code sections, but failed to do so in Section 6213(a) and concluded that "if the § 6330(d)(1) deadline in *Boechler* fell short of being jurisdictional, § 6213(a)'s limit must as well." *Culp v. Commissioner*, 75 F.4th at 201. That the Supreme Court took the very unusual step of denying a petition for a writ of certiorari filed by the Solicitor General in *Culp* underscores the correctness of the Third Circuit's decision. *See, e.g.*, Stephen M. Shapiro et al., *Supreme Court Practice* § 4.1 (11th ed. 2019 Bloomberg Law) ("The Supreme Court has consistently granted approximately 70 percent of the certiorari petitions filed by the Solicitor General, in contrast to the 3 to 4 percent rate at which the Court grants paid petitions filed by other parties.").

### 2. The Section 2613(a) filing deadline does not speak to the Tax Court's authority.

Section 6213(a) deadline does not speak in jurisdictional terms. When a statute "speaks only to a claim's timeliness, not to a court's power," it does not speak in jurisdictional terms and instead, speaks only as "'an ordinary, run-of-the-mill statute of limitations,' spelling out a litigant's filing obligations without restricting a court's authority." *United States v. Wong*, 575 U.S. at 410–11 (quoting *Holland v. Florida*, 560 U.S. 631, 647 (2010)). Even when Congress emphatically frames the deadline in mandatory terms using "shall" or "must," when the deadline speaks only to a litigant's obligations, and not to a court's power, the deadline is nonjurisdictional. *See Henderson v. Shineski*, 562 U.S. 428, 438–39 (2011). The Supreme Court has repeatedly stated that the use mandatory language to describe filing deadline does little to indicate that the filing deadline is jurisdictional. *See, e.g., United States v. Wong*, 575 U.S. at 410 ("even when the time limit is important (most are) and even when it is framed in mandatory terms (again, most are); indeed, that is so 'however emphatic[ally]' expressed the terms may be. . . Congress must do something special beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional . . .") (internal quotations omitted).

The filing deadline in Section 6213(a), like those repeatedly reviewed by the Supreme Court, does not speak in jurisdictional terms. It does

17

not speak to the Tax Court's power. It does not address the Tax Court's jurisdiction generally. It does not address the Tax Court's authority to hear untimely petitions. It speaks only to a taxpayer *may* do. Moreover, Section 6213(a) does not even use mandatory terms like "shall" or "must." Instead, it states that within 90 days after the issuance of a notice of deficiency, a taxpayer "*may* file a petition with the Tax Court for a redetermination of the deficiency."

When Congress chose only to state that a taxpayer "may" file a petition in lieu of stating the taxpayer "shall" or "must," it is difficult to see how the 90-day filing deadline clears the "high bar" the Supreme Court demands for statutory deadlines to have jurisdictional consequences. *See Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. at 154 (comparing the nonjurisdictional filing deadline using mandatory language in 38 U.S.C. § 7266(a) with the 42 U.S.C. § 1395oo(a)(3) deadline, which by contrast does not contain "the mandatory word 'shall'" and concluding that if the language in section 7266(a) was insufficient, the language in 1395oo(2)(3) was certainly not jurisdictional).

### ii.  The context of Section 6213(a) does not clearly indicate the filing deadline is jurisdictional.

The Supreme Court has enumerated numerous factors in considering whether a statute's context indicates a jurisdictional nature, including

the Court's treatment of similarly worded statutes (*United States v. Wong*, 575 U.S. at 410–11), the presence of exceptions to the deadline and the lack of stated consequences for failure to meet the deadline (*Dolan v. United States*, 560 U.S. 605, 611–613 (2010)), congressional history and the intended purpose of the statute (*see Henderson v. Shineski*, 562 U.S. at 440; *United States v. Wong*, 575 U.S. at 412), and Congress's use of clear jurisdictional terms in other sections within the same Act as the statute (*Boechler v. Commissioner*, 596 U.S. at 206).

> **1. The Supreme Court's interpretation of other filing deadlines indicates the deadline in Section 6213(a) is nonjurisdictional.**

Over and over again, the Supreme Court has found similarly worded, and much more strongly worded, conditions in other statutes to be mere "quintessential claim processing rules" that have no jurisdictional consequences. *United States v. Wong*, 575 U.S. at 410; *see Fort Bend Cty. v. Davis*, 587 U.S. at 549–50 (cataloguing Supreme Court decisions finding mandatory claim processing rules nonjurisdictional). In *Wong*, the Supreme Court found statutory language stating that a claim "shall be forever barred" unless filed within two years to "read[] like an ordinary, run-of-the-mill statute of limitations." *United States v. Wong*, 575 U.S. at 405, 411 (internal citations omitted). In *Harrow*, the Court found statutory language stating that a petition "shall be filed within 60 days.

. .” to be of “no consequence to the jurisdictional issue.” *Harrow v. Dep't of Def.*, 601 U.S. at 485. In *Wilkins* the Court considered language stating that an action “shall be barred unless it is commenced within twelve years. . .” to be “mundane statute-of-limitations language.” *Wilkins v. United States*, 598 U.S. at 159 (internal quotation omitted). This Court, opined that finding language that a notice of appeal “shall be filed . . . within 30 calendar days,” to be jurisdictional would be at odds with “the Supreme Court's repeated admonition not to treat claim-processing rules. . . as jurisdictional.” *Appitoe v. Barr*, 945 F.3d 76, 80 (2d Cir. 2019).

In contrast to statutes using language like “shall be forever barred,” Section 6213(a), fails to speak in mandatory terms, and merely states that a “taxpayer *may* file a petition” within 90 days. Given the Supreme Court's refusal to prescribe jurisdictional consequences to much more emphatically worded filing deadlines, the weakly worded deadline in Section 6213(a) cannot clear the high bar demanded by the Supreme Court's “clearly stated,” jurisdictional test.

> **2. The exceptions to the 90-day filing deadline and the lack of stated consequences for failing to meet the deadline indicate that it is not a jurisdictional requirement.**

Enumerated exceptions to a statutory filing deadline, are evidence of its nonjurisdictional nature. *See Reed Elsevier, Inc. v. Muchnick*, 559

U.S. at 165–66. Further, when a statute does not state a specific consequence, "for noncompliance with its timing provisions, federal courts will not in the ordinary course impose their own coercive sanctions." *Dolan v. United States*, 560 U.S. at 611 (internal quotations omitted). Congress has enacted several exceptions to the 90-day filing deadline in Section 6213(a). For example, I.R.C. § 7502 provides that if a taxpayer sends a petition by certified mail by the 90-day deadline, then even if the petition arrives at the Tax Court a year later, is still considered timely. Treas. Reg. § 301.7502–1(a), (b)(1)(i), and (c)(2). Code section 7508 suspends the 90-day deadline for periods when a soldier serves in a designated combat zone or is hospitalized due to that service. When a presidentially-declared disaster, act of terrorism, or military action occurs, the IRS can extend the filing deadline by up to one year for affected taxpayers. I.R.C. § 7508A(a). Code section 6213(f)(1) suspends the deadline for filing a petition in Tax Court while a case under title 11 of the United States Code is pending. These types of exceptions to filing deadlines indicate that the deadline is not jurisdictional. *See Reed Elsevier, Inc. v. Muchnick*, 559 U.S. at 165–66.

Statutory consequences for failing to meet a filing deadline can also indicate whether Congress clearly stated that the deadline is jurisdictional. *Dolan v. United States*, 560 U.S. at 611. Section 6213(c) states that if a taxpayer fails to file a timely petition, then the deficiency "shall be assessed, and shall be paid upon notice and demand

from the Secretary." In the Tax Court's post-*Culp* decision analyzing the Section 6213(a) filing deadline, the Court relied in part on the consequence in Section 6213(c) to support its finding that the 90-day deadline was jurisdictional. *Hallmark Research Collective v. Commissioner*, 159 T.C. at 161 n.29. The Tax Court explained that this consequence showed that "Congress designed the taxpayer's opportunity for filing a deficiency petition to close" once the 90-day filing deadline passed and the IRS assessed the deficiency, "after which the Tax Court cannot take jurisdiction over the deficiency." *Id.*

The passage of the filing deadline and subsequent assessment is not as concrete as the Tax Court seemingly believed. For example, Tax Court petitions that are timely mailed are deemed to be timely filed, even if the Tax Court does not receive the petition for months after the 90-day deadline has passed. *See, e.g.*, *Nutt v. Commissioner*, 160 T.C. 470 (2023). Because of the several exceptions to the 90-day filing deadline, the IRS does not immediately assess the deficiency once the deadline has passed. I.R.M. 8.20.7.24.2 (09-28-2018) (emphasis omitted). Instead, the IRS must wait 90 days after the Tax Court issues a decision to allow the taxpayer an opportunity to appeal, then typically waits an additional 30 days before making an assessment. *Id.*; *see also* I.R.M. 35.9.2.1-2 (08-11-2004). Moreover, the IRS frequently makes premature assessments while an action is pending in Tax Court which it is then required to abate. *See, e.g.*, *Johnson v. United States*, 990 F.2d

41, 43 (2d Cir. 1993); *Colton v. Commissioner*, T.C. Memo. 2021–44, 2021 WL 1561689, at *2 n.4 (2021) ("After realizing its mistake, the IRS abated the premature assessment. . ."); *Hunter v. Commissioner*, T.C. Memo. 2007–23, 2007, WL 325767, at *7 (2007) (The Commissioner "is authorized to 'abate' or reverse" a premature assessment); *Pavich v. Commissioner*, T.C. Memo. 2006–167, 2006 WL 2356130, at *3 (2006) ("Pavich brought these cases in 2004; the Commissioner mistakenly didn't take note of this and went ahead and assessed the tax as if the cases didn't exist" but "the Commissioner quite properly reversed (or "abated") those assessments."); *Connell Bus. Co. v. Commissioner*, T.C. Memo. 2004–131, 2004 WL 1194626, at *5 (2004) (IRS "prematurely assessed the deficiencies for these years and then abated most, but not all. . .").

Premature assessments and subsequent abatements happen so frequently that the IRS created a special email address for taxpayers to notify the IRS if a premature assessment has occurred. *See* Tax Court Press Release, August 16, 2021 ("the IRS created a dedicated email address in October 2020 for petitioners to reach out with concerns about premature assessments."); *see also* I.R.M. 8.20.6.9.1 (04-17-2024) (containing instructions for abating premature assessments). As such, the notion that the IRS "must be able to reliably discern when the legal requirements for assessment have been made" as support for finding a "clear statement" that the 90-deadline is jurisdictional is highly

exaggerated. *See Hallmark Research Collective v. Commissioner*, 159 T.C. at 161 n.29. No other consequence for failing to meet the 90-day deadline is listed in the Section or elsewhere in the Internal Revenue Code. The Court should not impose its own drastic consequence for failing to meet the filing deadline, when Congress has chosen to exclude it. *See Dolan v. United States*, 560 U.S. at 611.

### 3. The congressional history of Section 6213 and its statutory context indicate the 90-day time bar is not jurisdictional.

Congress has amended Section 6213 numerous times, and each time it has failed to rephrase the language to clearly state the 90-day filing deadline is jurisdictional. In *Wong*, the Supreme Court explained that despite amending 28 U.S.C. § 2401 four times after its enactment, Congress failed to make any amendment clarifying whether the statute of limitations posed a jurisdictional bar. *United States v. Wong*, 575 U.S. at 412. The lack of clarification indicated that Congress did not intend the deadline to carry jurisdictional consequences. *Id.* The Court concluded that Congress "failed to provide anything like a clear statement that this Court has demanded before deeming a statute of limitations to curtail a Court's power." *Id.*; *see also Zipes v. Trans World*

*Airlines*, 455 U.S. at 394–95 (congressional history of an amendment to the statute only referred to the filing deadline as a time limitation and not a jurisdictional requirement).

Section 274(a) of the 1924 Revenue Act, like the current Section 6213(a), also used the language stating a taxpayer "may file a petition" within 60 days of the issuance of a notice of deficiency. Revenue Act of 1924, ch. 234 § 274(a), 43 Stat. 253, 297. Section 274 was amended for the first time by the 1926 Revenue Act and most recently by the Internal Revenue Service Restructuring and Reform Act of 1998. In total, the Revenue Act of 1924 has been amended nine times, and Section 6213 (or Section 274(a)) has been amended six times.[3] But, none of the many amendments change the initial language of Section 274(a)

---

[3]    The Revenue Act of 1934, § 272, 48 Stat. 680, 741 (extended filing deadline from 60 days to 90 days and renumbered to § 272); The Internal Revenue Code of 1939, ch. 2 § 272, 53 Stat. 1, 82 (no changes to language of § 272); The Revenue Act of 1942 §§ 168, 504, 56 Stat. 798, 876, 957 (Renamed Board of Tax Appeals to the Tax Court of the United States and extended filing deadline for a person residing outside of the United States); The 1945 International Organizations Immunities Act, § 203, 59 Stat. at 673 (extended filing deadline if last day fell on Saturday); The Internal Revenue Code of 1954, ch. 736, § 6213, 68A Stat. 3, 771 (renumbered § 272 to I.R.C. § 6213 with minor revisions); The Tax Reform Act of 1969, Pub. L. No. 91-172, § 951, 83 Stat. 487, 730 (no changes to I.R.C. § 6213); The Tax Reform Act of 1986, Pub. L. No. 99-514, § 2, 100 Stat. 2085, 2095 (no changes to I.R.C. § 6213); The Internal Revenue Service Restructuring and Reform Act of 1998 (added requirement that the Secretary include the 90th day to file a petition on the notice of deficiency, and stated if a taxpayer files on or before that day, the petition is timely).

stating that a taxpayer "may file a petition" or add any clear link between the filing deadline and the Tax Court's jurisdictional grant. Congress's repeated failure to clarify a jurisdictional link to the Tax Court petition filing deadline despite many amendments and opportunities to do so indicates Congress did not intend the deadline to carry such drastic consequences.

### 4. Congress clearly conditioned the Tax Court's jurisdiction on filing deadlines in other Code sections but failed to do so in Section 6213(a).

The Supreme Court's evaluation of similar statutes in the Internal Revenue Code is instructive in determining the jurisdictional nature, or lack thereof, of a filing deadline. "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Kucana v. Holder*, 558 U.S. at 249; *see United States ex rel. Hayes v. Allstate Ins. Co.*, 853 F.3d 80, 86 (2d Cir. 2017) ("Because the FCA clearly states that *other* limitations on qui tam actions are jurisdictional, but does not clearly state that the first-to-file rule is jurisdictional, we must treat the first-to-file rule as nonjurisdictional in character.") (internal quotations omitted).

In *Boechler*, the Supreme Court considered several Code provisions where Congress had clearly stated that a deadline was jurisdictional. *Boechler v. Commissioner*, 596 U.S. at 206. For example, I.R.C. § 6404(g)(1) states for interest abatement actions, the Tax Court has "jurisdiction . . . *if* such action is brought within 180 days. . ." I.R.C. § 6404(g)(1) (emphasis added). Likewise, I.R.C. § 6015(e)(1)(A), relating to innocent spouse petitions, states the "Tax Court shall have jurisdiction. . . *if* such petition is filed within the 90-day period." I.R.C. § 6015(e)(1)(A) (emphasis added). The Court explained that using the word "if" to connect the court's jurisdictional grant with the filing deadline provides clear link, and indicates Congress intended the condition to be jurisdictional. *See* I.R.C. § 6015(e)(1)(A). In contrast, I.R.C. § 6330(d), the statute at issue in *Boechler*, did not link jurisdiction with the filing deadline, but merely states, that a taxpayer "may, within 30 days of a determination. . . petition the Tax Court for review. . . (and the Tax Court shall have jurisdiction with respect to such matter)." *Boechler v. Commissioner*, 596 U.S. at 207. The filing deadline in Section 6213(a), like I.R.C. § 6330, is missing the conditional link between jurisdiction and the filing deadline. Further, the fact that Congress drafted other Tax Court petition deadlines with a clear link conditioning jurisdiction on meeting the filing deadline is evidence that the decision not to use such language in Section 6213(a) was a conscious effort to delineate the 90-day deadline as a

27

nonjurisdictional claim processing rule. "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. at 254–55. Here, the legislature did not say that failing to meet 90-day filing deadline in Section 6213(a) deprives the Tax Court of jurisdiction.

### 5. I.R.C. § 7459 does not indicate that the 90-day filing deadline is jurisdictional.

After the *Boechler* and *Culp* decisions, the Tax Court considered whether the Section 6213(a) deadline was jurisdictional and concluded that it was. *Hallmark Research Collective v. Commissioner*, 159 T.C. No. 6. The Tax Court's reasoning for its decision is flawed in many respects. The Tax Court's *Hallmark* decision is based in part on the language in I.R.C. § 7459(d). *Id.*, at 10–11. Code section 7459(d) is titled "Effect of decision dismissing petition," and addresses the Tax Court's obligation to issue a final appealable order when it dismisses a case. The first sentence states that if the Tax Court dismisses a petition, the deficiency amount is considered to be the amount determined by the IRS. I.R.C. § 7459(d). The second sentence requires the Tax Court to issue an order stating the deficiency amount determined by the IRS unless the amount cannot be determined or the case is dismissed for lack of jurisdiction. *Id.* The Tax Court interpreted this section to mean that if a petition is dismissed as untimely, the dismissal is for lack of

jurisdiction. *Hallmark Research Collective v. Commissioner*, at 11–12. The Tax Court's interpretation of this provision is wrong primarily because I.R.C. § 7459(d) does not address under what circumstances the Tax Court must dismiss a case for lack of jurisdiction. And since its inception, the Tax Court has dismissed cases for lack of jurisdiction for a variety of reasons unrelated to the filing deadline such as the failure to pay the filing fee or the lack of a notice of deficiency. *Hallmark Research Collective v. Commissioner*, 159 T.C. at 14. Neither I.R.C. § 7459(d) or its predecessors did anything to endorse a particular rule as having jurisdictional consequences.

Further, the congressional history of I.R.C. § 7459(d) shows that the Tax Court's reliance on this provision to hold the 90-day filing deadline jurisdictional is misplaced. The first sentence of I.R.C. § 7459(d) relates to § 7459(b) requiring the Tax Court to include its finding of facts or opinion in its decision. Section 7459(b) originated in Section 900(h) of the 1924 Revenue Act, which required the Board to "make a report in writing of its findings of fact and decision in each case." Revenue Act of 1924 § 900(h), 43 Stat. at 337. In the Revenue Act of 1926, Congress limited this requirement to cases tried on their merits. S. Rep. No. 69–52 at 35 (1926). The Board could enter a summary decision dismissing the case which was "considered as its decision that the

deficiency is the amount determined by the Commissioner." Revenue Act of 1926 § 1000, 44 Stat. at 107. Modern day I.R.C. § 7459(b) and the first sentence of (d) maintain this general framework.

The second sentence of I.R.C. § 7459(b) relates to 7459(c). Both provisions originated in the 1926 Act. The 1926 Act made final Board decisions appealable and contained rules regarding appealable decisions. *See* Revenue Act of 1926 §§ 1000, 1001(a), 44 Stat. at 107, 109. In cases decided on their merits, the Board issued an opinion on the issues presented and later issued a final order determining the amount of the deficiency. *See, e.g.*, *Rule 50*, 1 B.T.A 1283 (1925); *Appeal of Glady Mfg. Co.*, 1 B.T.A. 337 (1924). The 1926 Act clarified that the final order determining the amount of the deficiency was the "final" decision on which timing considerations for appeal were based, not the interim opinion on the issues. Revenue Act of 1926 §§ 1000, 1001(a), 44 Stat. at 107, 109. If the Board dismissed a case without deciding the merits, it had to enter an order specifying the deficiency amount determined by the Commissioner, which served as an appealable decision. *Id.* § 1000, 44 Stat. at 107. However, if the Board dismissed a case and could not determine the amount of the deficiency asserted by the Commissioner, the Board entered "an order to that effect" and the Board's order was appealable on the date it was entered. *Id.*; *see* H.R. Rep. No. 69-356, at 53 (1926).

The Revenue Act of 1928 allowed the Board to issue a final and appealable order dismissing a case for lack of jurisdiction without specifying the deficiency amount determined by the Commissioner. *See* Revenue Act of 1928, ch. 852, § 601, 45 Stat. 791, 872. Congressional history confirms that these provisions were primarily included in the Act to address the appealability of Board orders dismissing a case for lack of jurisdiction that did not include the amount of the deficiency. Neither I.R.C. § 7459(d) nor its predecessors do anything to link the filing deadline to the Tax Court's jurisdiction. Section 7459(d) falls well short of establishing a "clear statement" that the Section 6213(a) filing deadline is jurisdictional.

The Tax Court also opined that treating the 90-day filing deadline as nonjurisdictional "would produce incongruous results" under I.R.C. § 7459(d). *Hallmark Research Collective v. Commissioner*, 159 T.C. at 145. Generally, I.R.C. § 7459(d) requires the Tax Court to enter a decision stating the deficiency amount determined by the Commissioner when it dismisses a case. The Tax Court read this requirement as necessitating a decision on the merits with preclusive effect. *Hallmark Research Collective v. Commissioner*, 159 T.C. at 143–47. Because the second sentence of I.R.C. § 7459(d) excepts dismissals for lack of jurisdiction from this requirement, the Tax Court concluded that a jurisdictional dismissal is not preclusive under I.R.C. § 7459(d). *Id.* at 144–45. The Tax Court believed that because of this so-called "exception," if it

31

dismissed an untimely petition and equitable tolling did not apply, then it would be required to issue an order stating the amount of the deficiency which would then preclude the taxpayer from seeking relief through a refund suit in district court. *See id.* at 145–47.

Again, the Tax Court's interpretation of I.R.C. § 7459(d) misses the mark. The first sentence states that a Tax Court order dismissing a case is "considered as its decision that the deficiency is the amount determined by the Secretary." I.R.C. § 7459(d). This is true regardless of whether the case was dismissed for lack of jurisdiction or for some other reason. The second sentence is not an "exception" as the Tax Court stated, but addresses the separate issue of whether the Tax Court must state the amount of the deficiency as determined by the Commissioner based on the requirement in I.R.C. § 7459(c). There is nothing in the congressional history of I.R.C § 7459(d) that supports the Tax Court's theory on the preclusive effect of a decision dismissing a case.

Further, the Tax Court failed to consider I.R.C. § 6512(a) which actually does address preclusion. Section 6512(a) generally prohibits a taxpayer from obtaining a refund administratively or through litigation if a petition is filed in Tax Court for the same period. However, I.R.C. § 6512(a) specifically limits this prohibition to instances in which the taxpayer files "a petition with the Tax Court within the time prescribed in section 6213(a)." Therefore, a taxpayer who filed a petition outside the time prescribed in Section 6213(a) would not be barred from seeking

a refund. *Id.* Legislative history supports this conclusion. An early version of the 1926 Act proposed making review by the Board of Tax Appeals a taxpayer's sole option to contest the amount of deficiency determined by the Commissioner which would have barred pursuit of a refund even if the taxpayer did not file a petition with the Board. H.R. 1, 69th Cong. § 281(d) (referred to S. Comm. on Fin., Dec. 21, 1925), *reprinted in* 69 Internal Revenue Acts of the United States 1909–1950 (Bernard D. Reams, Jr., ed. 1979).

The Senate Committee on Finance found that provision "too drastic," and instead proposed that a refund claim would only be barred if a taxpayer filed a petition with the Board. S. Rep. No. 69-52, at 25–26. The Senate's proposal would have precluded pursuit of a refund in any case where a petition was filed regardless of whether it was timely. H.R. 1, 69th Cong. § 284(d) (as reported by S. Comm. on Fin., Jan. 20, 1926), *reprinted in* 70 Internal Revenue Acts of the United States 1909–1950. The version that was ultimately passed imposed the limitation that continues to appear in I.R.C. § 6512(a)—a claim for refund is barred *only if a timely petition is filed* with the Board of Tax Appeals. H.R. 1, 69th Cong. § 284(d) (as agreed to in conference, Feb. 22, 1926); *accord* Revenue Act of 1926 § 284(d), 44 Stat. at 67. The Conference Report discussing this amendment states, "[i]n the case of dismissal upon the ground that the petition was filed too late," "a suit for refund ..., of course, [was] not barred, as it [was] in the case of a dismissal for want

33

of prosecution, for example." H.R. Rep. No. 69-356, at 53. Therefore, it is I.R.C. § 6512(a), not I.R.C. § 7459(d) that addresses preclusion of refund claims. And, I.R.C. § 6512(a) would not preclude a taxpayer whose untimely petition was dismissed and equitable tolling was not applied from seeking a refund. The "incongruous" result that so worried the Tax Court in *Hallmark* is unfounded.

## B. The "stare decisis" exception to the "clear statement" rule does not apply to Section 6213.

When there is a long line of Supreme Court decisions holding a deadline jurisdictional, then the Court will continue to consider the deadline jurisdictional even in the absence of a "clear statement." *Bowels v. Russell*, 551 U.S. 205, 209 n.2 (2007). Since carving out the stare decisis exception to the clear statement rule, the Supreme Court has clarified that the only relevant cases to consider in this analysis are Supreme Court cases, and lower courts' historical treatment of a statute are of no consequence. *See Boechler v. Commissioner*, 596 U.S. at 208. The stare decisis exception is applied sparingly. The Supreme Court has only applied the exception in two cases, both of which noted Supreme Court decisions going back over 100 years holding the deadline jurisdictional. *J.R. Sand & Gravel Co v. United States*, 552 U.S. 130 (2008); *Bowels v. Russell*, 551 U.S. at 209.

While the Supreme Court has never held the 90-day deadline in Section 6213(a) to be jurisdictional, this Circuit and several others have previously done so. *See, e.g.*, *Vibro Mfg. Co. v. Commissioner*, 312 F.2d at 253. This Circuit's prior opinion holding the 90-day deadline jurisdictional, was decided prior to the Supreme Court's efforts to, "bring some discipline to the use of the term jurisdiction." *Henderson v. Shineski*, 562 U.S. at 435. This Circuit has in fact overruled and recharacterized several of its prior decisions holding pre-filing requirements jurisdictional after the Supreme Court articulated the "clear statement" rule. *See, e.g.*, *Donnelly v. Controlled Application Review & Resolution Program Unit*, 37 F.4th 44, 55 (2d Cir. 2022) (acknowledging prior opinion stating that the failure to meet a statutory exhaustion requirement deprived the court of jurisdiction was a "drive-by" jurisdictional ruling with no precedential effect); *Lotes Co., Ltd. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 404–06 (2d Cir. 2014) (overruling prior decision that requirements of the Foreign Trade Antitrust Improvements Act were jurisdictional). This Court can and should do exactly that with respect to the 90-day filing deadline in Section 6213(a).

Other Circuits holding the deadline jurisdictional more recently, have done so without the benefit of the Supreme Court's analysis of the similar deadline in I.R.C. § 6330. *See Organic Cannabis Found. v. Commissioner*, 962 F.3d 1082 (9th Cir. 2020); *Tilden v. Commissioner*,

846 F.3d 882, 886–87 (7th Cir. 2017). In *Boechler*, the Commissioner argued that the 30-day deadline in I.R.C. § 6330(d) was analogous to the 90-day deadline in Section 6213(a) which the Circuit Courts had uniformly held jurisdictional, and he urged the Supreme Court to hold the 30-day deadline jurisdictional as well. *Boechler v. Commissioner*, 596 U.S. at 208. The Supreme Court rejected this notion stating it was the "Commissioner's weakest argument. . ." because most of the cases the Commissioner cited predated the Supreme Court's effort to rein in the use of the term "jurisdiction," and the stare decisis exception to the clear statement rule only applies when there is a long line of Supreme Court cases. *Id.*

There is no Supreme Court case holding the 90-day deadline in Section 6213(a) jurisdictional, let alone a "long line" of Supreme Court cases doing so. The stare decisis exception does not apply here.

## II.  The 90-day filing deadline in Section 6213(a) is subject to equitable tolling.

Nonjurisdictional filing deadlines are presumptively subject to equitable tolling. *Boechler v. Commissioner*, 596 U.S. at 209; *Irwin v. Dep't of Veterans Affairs*, 498 U.S. at 95–96. "Equitable tolling, [is] a long-established feature in American jurisprudence." *Lozano v. Montoya Alverez*, 572 U.S. 1 (2014). Filing deadlines are customarily subject to equitable tolling unless it would be contrary to the text of the statute,

and Congress is assumed to draft filing deadlines with knowledge of this custom. *Id.* at 11. The presumption of equitable tolling applies regardless of whether the suit is against a private party or the federal government and even when the suit implicates the government's sovereign immunity. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. at 95–96. In evaluating whether equitable tolling applies, the Supreme Court considers whether the statute at issue is "unusually protective" of those it applies to. *Boechler v. Commissioner*, 596 U.S. at 534.

Tax deficiency procedures are unusually protective of taxpayers. There is no constitutional right to prepayment judicial review of proposed tax deficiencies. *Phillips v. Commissioner*, 283 U.S. 589, 594–601 (1931). The Tax Court was created by Congress to give taxpayers an opportunity to dispute the IRS's determinations in front of an independent board without first paying the proposed tax liability. *See, e.g.*, *Old Colony Tr. Co. v. Commissioner*, 279 U.S. 716, 721 (1929). Congress sought to mitigate the "harsh rule of payment first and litigation afterwards," especially to aid those who were financially unable to fully pay the tax in advance. *Appeal of Everett Knitting Works*, 1 B.T.A. 5 (1924). In describing taxpayers' need for a pre-payment independent review of IRS determinations, Congress explained that "the payment of a large additional tax on income received several years previous and which may have, since its receipt, been either wiped out by subsequent losses, invested in non-liquid

assets, or spent, sometimes forces taxpayers into bankruptcy and often causes great financial hardship and sacrifice." S. Rep. No. 68–398, at 8 (1924).

Moreover, the vast majority of Tax Court cases are initiated by laymen, unassisted by attorneys. *See* United States Tax Court, Congressional Budget Justification Fiscal Year 2023 at 22. A hyper-technical reading of a statute of limitations is "particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." *Zipes v. Trans World Airlines*, 455 U.S. at 397 (internal quotations omitted). The intent of Congress in creating the Tax Court and the demographic makeup of most Tax Court litigants, evidences that the 90-day deadline in Section 6213(a) is subject to equitable tolling.

The Supreme Court has considered whether deadlines in several other sections of the Internal Revenue Code are subject to equitable tolling. In concluding the statute of limitations for filing a suit for refund under I.R.C. § 6511 was a rare filing deadline not subject to equitable tolling, the Supreme Court explained that the statute "is not simple," rather it "sets forth its limitations in a highly detailed and technical manner, that, linguistically speaking cannot easily be read as containing implicit exceptions." *United States v. Brockamp*, 519 U.S. 347, 350 (1997). The statute set forth explicit exceptions to its basic time limits such as establishing special rules for refunds related to

operating losses, credit carrybacks, foreign taxes, self-employment taxes, worthless securities, and bad debts. *Id.* at 351–52; *see* I.R.C. § 6511(d). The *Brockamp* Court also noted that I.R.C. § 6511 concerned a "central provision of tax law," namely the filing and processing of returns and amended returns (90 million a year) and explained that the limitations period in I.R.C. § 6511 was reiterated "several times in several different ways," referencing both a 3-year and 2-year look-back period depending on the circumstance. *United States v. Brockamp*, 519 U.S. at 351–52.

In *Boechler*, the Court compared the 30-day filing deadline in I.R.C. § 6330(d) with the refund statute of limitations in I.R.C. § 6511. *Boechler v. Commissioner*, 596 U.S. at 209–210. The *Boechler* Court, explained that the "emphatic" language used in I.R.C. § 6511 was absent from the deadline in I.R.C. § 6330(d) which only stated a taxpayer "may" file a petition within 30-days. *Id.*, at 210. Also, the deadline in I.R.C. § 6330(d) is not phrased in technical language or reiterated several times. *Id.* The I.R.C. § 6330(d) deadline is subject to only one specific exception, which extends the deadline if a bankruptcy proceeding is pending, though the deadline may be tolled, like all IRS filings, for taxpayers in combat zones and affected by national emergencies. *Id.*; *see* I.R.C. §§ 7508, 7508A. Further, the deadline to file a petition in Tax Court under I.R.C. § 6330(d) is not a central provision of tax law, but "serves a far more limited and ancillary role in the tax

collection system," given the small percentage of tax returns for which a petition in Tax Court is filed. *Boechler v. Commissioner*, 596 U.S. at 210–11. The Court also stated the 30-day filing deadline was relatively short which further supports the presumption that equitable tolling applies. *Id.* at 209.

The 90-day deadline in Section 6213(a) resembles the 30-day deadline in I.R.C. § 6330(d) much more closely than the deadline to file a claim for refund. Nothing in Section 6213 or I.R.C. § 6330(d) expressly prohibits equitable tolling and both deadlines are directed at the taxpayer, not the court. *See Boechler v. Commissioner*, 596 U.S. at 209. The 90-day deadline, like the I.R.C. § 6330(d) deadline, states that a taxpayer "may" file a petition within 90-days and does not contain the "emphatic" language used in I.R.C. § 6511. The 90-day deadline has the same single expressly enumerated exception related to bankruptcy proceedings that applies to the I.R.C. § 6330(d) deadline. Both Section 6213(a) and I.R.C. § 6330(d) have other exceptions such as allowing additional time for individuals serving in active combat or affected by a national emergency, but unlike the exceptions enumerated in I.R.C. § 6511(d), the exceptions apply not only to Tax Court filings, but to nearly all IRS filing requirements. *See* I.R.C. §§ 7508, 7508A. The Section 6213(a) deadline, like the I.R.C. § 6330(d) deadline, is not phrased in technical terms or reiterated numerous times. There are no complicated look back periods. There are no exceptions for different

40

types of taxes. The deadline is not reiterated throughout the section. Like the deadline in I.R.C. § 6330(d), the 90-day deadline is not central to tax administration, and "the possibility of equitable tolling for the relatively small number of petitions at issue in this case will [not] appreciably add to the uncertainty already present in the process." *Boechler v. Commissioner*, 596 U.S. at 211. And, the 90-day deadline is a relatively short period for a taxpayer to file a petition. *See Holland v. Florida*, 560 U.S. at 647 (describing a one-year statute of limitations as "not particularly long" and holding it subject to equitable tolling).

## CONCLUSION

The Section 6213(a) filing deadline is a quintessential claim processing rule. The deadline is separated and unlinked from the Tax Court's jurisdictional grant, does not speak to the Court's authority, and does not contain emphatic or even mandatory language. The 90-day deadline falls well short of clearing the high bar demanded by the Supreme Court's clear statement test. Because the deadline is nonjurisdictional, equitable tolling presumptively applies.

The Tax Court's order of dismissal for lack of jurisdiction should be reversed, and the case should be remanded for further proceedings.

Frazer, Ryan, Goldberg & Arnold, LLP

Respectfully submitted,

Dated: September 19, 2024        By: /s/ Trisha Farrow

Attorney for Appellants
Mark Buller, Sara Beatty

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains **9,603 words**, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface, **14-pt Century Schoolbook**, using TypeLaw.com's legal text editor.

Dated: September 19, 2024       By: /s/ Trisha Farrow

## Certificate of Service

I hereby certify that I electronically filed the foregoing **APPELLANT'S BRIEF** with the Clerk of the Court by using the Appellate CM/ECF system on **September 19, 2024**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

<div style="margin-left:50%">

Frazer, Ryan, Goldberg & Arnold, LLP

Respectfully submitted,

</div>

Dated: September 19, 2024　　　By: /s/ Trisha Farrow

<div style="margin-left:50%">

Attorney for Appellants
Mark Buller, Sara Beatty

</div>

## Addendum – Order of Dismissal



# United States Tax Court

Washington, DC 20217

18

MARK BULLER & SARAH BEATTY,

     Petitioners

     v.

COMMISSIONER OF INTERNAL
REVENUE,

     Respondent

Docket No. 25011-22.

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

This case for the redetermination of a deficiency is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. By the Motion, respondent moves that this case be dismissed for lack of jurisdiction on the ground that the Petition was not filed within the period prescribed by the Internal Revenue Code. Petitioners oppose the Motion. For the reasons that follow, we must grant respondent's Motion and dismiss this case for lack of jurisdiction.

Like all federal courts, this Court is a court of limited jurisdiction, and we may exercise jurisdiction only to the extent expressly provided by statute. *See* § 7442;[1] *Ramey v. Commissioner*, 156 T.C. 1, 11 (2021). Where, as here, this Court's jurisdiction is duly challenged, our jurisdiction must be affirmatively shown by the party seeking to invoke that jurisdiction. *See David Dung Le, M.D., Inc. v. Commissioner*, 114 T.C. 268, 270 (2000), *aff'd*, 22 F. App'x 837 (9th Cir. 2001); *Romann v. Commissioner*, 111 T.C. 273, 280 (1998); *Fehrs v. Commissioner*, 65 T.C. 346, 348 (1975). To meet this burden, the party "must establish affirmatively all facts giving rise to our jurisdiction." *David Dung Le, M.D., Inc.*, 114 T.C. at 270.

In a case seeking redetermination of a deficiency, as here, our jurisdiction depends upon the issuance of a valid notice of deficiency and the timely filing of a petition. *See* §§ 6212 and 6213; *Hoffenberg v. Commissioner*, 905 F.2d 665 (2d Cir. 1990) (per curiam), *aff'g* T.C. Memo. 1989-676; *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126, 130 & n.4 (2022) (collecting cases); *see also Sanders v. Commissioner*, No. 15143-22, 161 T.C., slip op. at 7–8 (Nov. 2, 2023) (holding that the

---

[1] All statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**Entered and Served 03/08/24**

Docket No. 25011-22.                                                      Page 2 of 3

Court will continue treating the deficiency deadline as jurisdictional in cases appealable to jurisdictions outside the Third Circuit). Generally, a notice of deficiency will be deemed valid for this purpose if it is sent to the taxpayer's last known address by certified or registered mail. *See* § 6212(a) and (b); *Yusko v. Commissioner*, 89 T.C. 806, 807 (1987). In order to be timely, a petition generally must be filed within 90 days of the date on which the Commissioner mails a valid notice of deficiency.[2] *See* § 6213(a); *Estate of Cerrito v. Commissioner*, 73 T.C. 896, 898 (1980). We have no authority to extend this 90-day period. *See Hallmark Rsch. Collective*, 159 T.C. at 166–67.

In the Motion to Dismiss, respondent asserts that the notice of deficiency upon which this case is based was sent by certified mail on August 22, 2022, to petitioners' last known address. A certified mail list attached to the Motion to Dismiss establishes[3] that respondent sent the notice of deficiency to petitioners by certified mail on August 22, 2022, to the address in New York, New York, listed in the notice. That address is the same address that petitioners listed as their legal address in the Petition, and petitioners have not disputed that the notice was mailed to their last known address. We thus take it as established for purposes of the Motion to Dismiss that the notice was so mailed.

Because the notice of deficiency was mailed to petitioners' last known address on August 22, 2022, the last date to file a timely petition as to that notice was November 21, 2022, as stated therein.[4] Petitioners electronically filed their Petition with the Court on November 30, 2022. Consequently, the Petition was not filed within the period prescribed by the Internal Revenue Code, and we must dismiss this case for lack of jurisdiction. *See Sanders v. Commissioner*, No. 25868-22, 160 T.C. (Jun. 20, 2023); *Nutt v. Commissioner*, No. 15959-22, 160 T.C. (May 2, 2023); *see also* Rule 22(d).

---

[2] If the notice of deficiency is addressed to a person outside the United States, a petition must be filed within 150 days of the mailing of the notice. *See* § 6213(a); *Smith v. Commissioner*, 140 T.C. 48 (2013); *Lewy v. Commissioner*, 68 T.C. 779 (1977). The notice of deficiency in this case is addressed to petitioners at an address in New York, New York, and there is no indication in the record that petitioners were outside the United States at or about the time when the notice was mailed.

[3] A properly completed certified mail list is direct evidence of both the fact and date of mailing and, in the absence of contrary evidence, is sufficient to establish proper mailing of the notice of deficiency. *See Clough v. Commissioner*, 119 T.C. 183, 187–91 (2002); *Stein v. Commissioner*, T.C. Memo. 1990-378; *see also Keado v. United States*, 853 F.2d 1209, 1213 (5th Cir. 1988); *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984); *Coleman v. Commissioner*, 94 T.C. 82, 91 (1990). The certified mail list attached as Exhibit A to respondent's Motion to Dismiss appears to be properly completed and bears sufficient indicia of authenticity. Finding no evidence to the contrary, we accept that document as presumptive proof of its contents.

[4] The 90th day after the date of mailing was Sunday, November 20, 2022; however, section 6213(a) provides that Saturdays, Sundays, and legal holidays in the District of Columbia are not counted as the last day of the 90-day period. Hence, the last date to file a timely petition as to the notice of deficiency in this case was November 21, 2022.

47

Docket No. 25011-22.                                                    Page 3 of 3

In their Objection to Motion to Dismiss for Lack of Jurisdiction, filed June 20, 2023, petitioners concede that their Petition was untimely filed but argue that they are entitled to equitable tolling. Although the U.S. Court of Appeals for the Third Circuit has held that the filing period prescribed by section 6213(a) is nonjurisdictional and subject to equitable tolling, *see Culp v. Commissioner*, 75 F.4th 196, 205 (3d Cir. 2023), petitioners resided in New York, New York, when the Petition in this case was filed, and appellate venue therefore lies with the U.S. Court of Appeals for the Second Circuit, *see* § 7482(b)(1). And, contrary to petitioner's argument, the Second Circuit has held that, "[s]ince the 90-day period of § 6213(a) is a jurisdictional requirement, * * * failure to file within that time period requires dismissal of the petition." *Tadros v. Commissioner*, 763 F.2d 89, 91 (2d Cir. 1985). Also, in *Sanders*, 161 T.C., slip op. at 7–8, this Court thoroughly examined the *Culp* decision and held that we will continue treating the deficiency deadline as jurisdictional in cases appealable outside the Third Circuit. Accordingly, petitioners are not entitled to equitable tolling in this case.

In sum, while we are sympathetic to petitioners' circumstances, Congress has limited our jurisdiction in the deficiency context to those cases in which a petition is timely filed, and we have no authority to extend the deadline in section 6213(a). *See Hallmark Rsch. Collective*, 159 T.C. at 166–67; *see also Axe v. Commissioner*, 58 T.C. 256, 259 (1972) ("We have no authority to extend the period provided by law for filing a petition with the Tax Court whatever the equities of a particular case may be and regardless of the cause for its not being filed within the required period."). Nevertheless, we note that the dismissal of this case does not preclude petitioners from pursuing administrative resolution of the 2018 tax liability directly with the Internal Revenue Service (IRS). Another remedy potentially available to petitioners, if feasible, is to pay the determined amounts and thereafter file a claim for refund with the IRS. If that claim is denied (or not acted upon after six months), petitioners may file a suit for refund in the appropriate U.S. District Court or the U.S. Court of Federal Claims. *See McCormick v. Commissioner*, 55 T.C. 138, 142 n.5 (1970).

Upon due consideration of the foregoing, it is

ORDERED that respondent's Motion to Dismiss for Lack of Jurisdiction, filed January 27, 2023, is granted, and this case is dismissed for lack of jurisdiction because the Petition was not filed within the period prescribed by section 6213(a).

**(Signed) Kathleen Kerrigan**
**Chief Judge**