# 24-1557

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

MARK BULLER, SARAH BEATTY,

Petitioners-Appellants

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee

_____

ON APPEAL FROM THE DECISION
OF THE UNITED STATES TAX COURT

_____

ANSWERING BRIEF FOR THE APPELLEE

_____

DAVID A. HUBBERT
*Deputy Assistant Attorney General*

ELLEN PAGE DELSOLE      (202) 514-8128
ISAAC B. ROSENBERG      (202) 514-2426
*Attorneys*
*Tax Division*
*Department of Justice*
*Post Office Box 502*
*Washington, D.C. 20044*

-i-

# TABLE OF CONTENTS

**Page**

Table of contents.................................................................................i
Table of authorities .........................................................................iv
Glossary ..........................................................................................xiv
Statement of jurisdiction...................................................................1
Statement of the issue.......................................................................1
Introduction ......................................................................................2
Statement of the case .......................................................................4

      A.    Legal background.......................................................4

      B.    Factual background and proceedings below...............11

Summary of argument .....................................................................12
Argument .........................................................................................14

      The Tax Court correctly dismissed Taxpayers' untimely
      petition because Section 6213(a)'s deadline cannot be
      equitably tolled.......................................................................14

      Standard of review ...............................................................14

      A.    The Tax Court can exercise only such jurisdiction
             as Congress confers, and Section 6213(a)
             simultaneously grants and limits the court's
             deficiency jurisdiction .....................................................14

      B.    Section 6213(a)'s text, context, and historical
             treatment make a clear statement that the 90-day
             deadline is a jurisdictional limitation.........................18

             1.    The text: Congress has put the jurisdictional
                  grant and the petition deadline in the same
                  sentence and then inextricably bound them ......20

-ii-

2.  Context:  Section 6213(a)'s unique role in our scheme of administrative collection clearly shows that the deadline limits the Tax Court's power ......................................................27

    a.  Section 6213(a)'s deadline marks a major shift in institutional power over tax disputes.................................................28

    b.  Language throughout Section 6213 itself and in other Tax Code provisions confirms the petition deadline's jurisdictional nature...................................31

        (i)   Section 6213(a)'s third and fourth sentences............................................31

        (ii)  Section 6213(a)'s first and fifth sentences.............................................33

        (iii) Section 6213(f)(1)..............................36

        (iv)  Section 6213(c)................................37

        (v)   Section 7422(e) ................................39

        (vi)  Sections 6320 and 6330.....................41

        (vii) Section 6512(a) .................................42

        (viii) Section 7459(d) .................................44

    c.  The unique context of Section 6213(a)'s deadline distinguishes it from other non-jurisdictional time limits ...................50

3.  History:  Section 6213(a)'s history fortifies the jurisdictional reading ......................................53

-iii-

4.  Treating the deadline as non-jurisdictional would disrupt the elaborate system of statutes affecting administrative collection, add to the Tax Court's burdens, and prejudice most late-filing taxpayers ...................56

C.  Section 6213(a)'s deadline would be mandatory even if it were not jurisdictional, so it cannot be equitably tolled .........................................................62

Conclusion..............................................................................68
Certificate of compliance ......................................................69
Statutory addendum

-iv-

# TABLE OF AUTHORITIES

**Cases:**                                                        **Page(s)**

*Acierno v. Barnhart*,
  475 F.3d 77 (2d Cir. 2007)............................................................65

*Baral v. United States*,
  528 U.S. 431 (2000) .............................................................15, 16

*Barnes Theatre Ticket Serv., Inc. v. Commissioner*,
  50 T.C. 28 (1968) ........................................................................29

*Bob Jones Univ. v. Simon*,
  416 U.S. 725 (1974) ........................................................6, 27, 30

*Boechler, P.C. v. Commissioner*,
  596 U.S. 199 (2023) ...........................................................*passim*

*Borenstein v. Commissioner*,
  919 F.3d 746 (2d Cir. 2019)..................................................14, 15

*Bragdon v. Abbott*,
  524 U.S. 624 (1998) ...................................................................54

*Bull v. United States*,
  295 U.S. 247 (1935) ..........................................................4, 8, 38

*Cement Gun Co. v. Commissioner*,
  36 F.2d 107 (2d Cir. 1929)..........................................................25

*Chai v. Commissioner*,
  851 F.3d 190 (2d Cir. 2017)........................................................24

*Cheatham v. United States*,
  92 U.S. 85 (1875) ..........................................................................4

*Commissioner v. Engle*,
  464 U.S. 206 (1984) ...................................................................27

*Commissioner v. Gooch M. & E. Co.*,
  320 U.S. 418 (1943) ...................................................................14

*Commissioner v. Lundy*,
  516 U.S. 235 (1996) ...............................................................9, 16

*Commissioner v. McCoy*,
  484 U.S. 3 (1987) (per curiam)..............................................14, 31

*Commissioner v. Shapiro*,
  424 U.S. 614 (1976) ...................................................................16

## Cases (continued):                                              Page(s)

*Culp v. Commissioner*,
75 F.4th 196 (3d Cir. 2023),
*cert. denied*, 144 S. Ct. 2685 (2024) ............................... 2, 25, 47, 66

*Dela Cruz v. Wilkie*,
931 F.3d 1143 (Fed. Cir. 2019) ..................................... 51

*Deutsch v. Commissioner*,
599 F.2d 44 (2d Cir. 1979),
*cert. denied*, 444 U.S. 1015 (1980) ................................ 17

*Doe v. United States*,
76 F.4th 64 (2d Cir. 2023) ........................................... 14

*Elgin v. Dep't of Treasury*,
567 U.S. 1 (2012) ....................................................... 51

*Est. of Ming v. Commissioner*,
62 T.C. 519 (1974) ..................................................... 45

*Finley v. United States*,
612 F.2d 166 (5th Cir. 1980) ....................................... 40

*Flora v. United States*,
357 U.S. 63 (1958) ........................................... 2, 4, 6, 7, 38

*Flora v. United States*,
362 U.S. 145 (1960) ............................................... 19, 40

*Florida v. United States*,
285 F.2d 596 (8th Cir. 1960) ....................................... 39

*Foley v. Commissioner*,
95 F.4th 740 (2d Cir. 2024) (per curiam)................... 17, 53

*G.M. Leasing Corp. v. United States*,
429 U.S. 338 (1977) .................................................. 5

*Galvin v. Commissioner*,
239 F.2d 166 (2d Cir. 1956) (per curiam) .................. 3, 17

*U.S. ex rel. Girard Tr. Co. v. Helvering*,
301 U.S. 540 (1937) .................................................. 16

*Hall v. United States*,
566 U.S. 506 (2012) .................................................. 59

*Hallmark Rsch. Collective v. Commissioner*,
159 T.C. 126 (2022) ......................................... *passim*

*Harrow v. Dep't of Def.*,
601 U.S. 480 (2024) ................................. 19, 25, 26, 51

-vi-

## Cases (continued): Page(s)

*Henderson ex rel. Henderson v. Shinseki,*
562 U.S. 428 (2011) ............................................ 20, 25, 26, 28, 51, 52

*Hibbs v. Winn,*
542 U.S. 88 (2004) .................................................................. 8, 31

*Hinck v. United States,*
550 U.S. 501 (2007) .............................................................. 15, 42

*Hoffenberg v. Commissioner,*
905 F.2d 665 (2d Cir. 1990) (per curiam) ................................ 16

*Appeal of Hurst, Anthony & Watkins,*
1 B.T.A. 26 (1924) .................................................................... 44

*Irwin v. Dep't of Veterans Affairs,*
498 U.S. 89 (1990) ................................................................... 35

*Larrabee ex rel. Jones v. Derwinski,*
968 F.2d 1497 (2d Cir. 1992) ................................................... 51

*Jusino v. Federation of Cath. Teachers, Inc.,*
54 F.4th 95 (2d Cir. 2022) ....................................................... 17

*Kramer v. Commissioner,*
89 T.C. 1081 (1987) ................................................................. 53

*Laing v. United States,*
423 U.S. 161 (1976) ........................................................ 6, 16, 38

*Lane v. Pena,*
518 U.S. 187 (1996) ................................................................. 59

*Lewis-Hall Iron Works v. Blair,*
23 F.2d 972 (D.C. Cir. 1928) ................................................... 44

*Liu v. SEC,*
591 U.S. 71 (2020) ................................................................... 54

*Lozano v. Montoya Alvarez,*
572 U.S. 1 (2014) ..................................................................... 60

*Madrigal v. Holder,*
572 F.3d 239 (6th Cir. 2009) ................................................... 21

*Mohasco Corp. v. Silver,*
447 U.S. 807 (1980) ................................................................. 62

*Moretti v. Commissioner,*
77 F.3d 637 (2d Cir. 1996) ................................................. 15, 16

*Nutraceutical Corp. v. Lambert,*
586 U.S. 188 (2019) ................................................................. 62

-vii-

**Cases (continued):** **Page(s)**

*Office of U.S. Trustee v. John Q. Hammons Fall 2006, LLC*,
144 S. Ct. 1588 (2024) ............................................................ 4

*Old Colony Tr. Co. v. Commissioner*,
279 U.S. 716 (1929) ............................................................... 24

*Organic Cannabis Found., LLC v. Commissioner*,
962 F.3d 1082 (9th Cir. 2020),
*cert. denied*, 141 S. Ct. 2596 (2021) .................................... 32, 46, 47

*Pfeffer v. Commissioner*,
272 F.2d 383 (2d Cir. 1959) (per curiam) ....................... 17

*Phillips v. Commissioner*,
283 U.S. 589 (1931) ............................................................... 51

*Reed Elsevier, Inc. v. Muchnick*,
559 U.S. 154 (2010) ............................................................... 19, 53

*Reich v. Collins*,
513 U.S. 106 (1994) ............................................................... 51

*Rudisill v. McDonough*,
601 U.S. 294 (2024) ............................................................... 25

*Ruiz-Martinez v. Mukasey*,
516 F.3d 102 (2d Cir. 2008) ............................................... 62

*Sanders v. Commissioner*,
161 T.C. 112 (2023) ............................................................... 46, 54

*Santos-Zacaria v. Garland*,
598 U.S. 411 (2023) ............................................................... 53

*Appeal of Satovsky*,
1 B.T.A. 22 (1924) ................................................................ 34

*Sebelius v. Auburn Reg'l Med. Ctr.*,
568 U.S. 145 (2013) ............................................................... 18, 20

*Sheldon v. Sill*,
49 U.S. (How.) 441 (1850) .................................................. 15

*Sicari v. Commissioner*,
136 F.3d 925 (2d Cir. 1998) ............................................... 16

*Superheater Co. v. Commissioner*,
125 F.2d 514 (2d Cir. 1942) ............................................... 25

*Tadros v. Commissioner*,
763 F.2d 89 (2d Cir. 1985) .................................................. 17

-viii-

## Cases (continued):                                    Page(s)

*Tilden v. Commissioner*,
846 F.3d 882 (7th Cir. 2017) ...................................... 32

*Union Nat'l Bank of Wichita, Kan. v. Lamb*,
337 U.S. 38 (1949) ...................................................... 34

*Appeal of United Paper Co.*,
4 B.T.A. 257 (1926) ............................................... 48, 49

*United States v. Brockamp*,
519 U.S. 347 (1997) ........................... 62, 63, 64, 66, 67

*United States v. Clintwood Elkhorn Min. Co.*,
553 U.S. 1 (2008) ........................................................ 5

*United States v. Dalm*,
494 U.S. 596 (1990) ...................................... 5, 60, 63

*United States v. Josephberg*,
562 F.3d 478 (2d Cir. 2009) ..................................... 45

*United States v. Rodgers*,
461 U.S. 677 (1983) .............................................. 5, 30

*United States v. Wong*,
575 U.S. 402 (2015) ........................................ *passim*

*Vibro Mfg. Co. v. Commissioner*,
312 F.2d 253 (2d Cir. 1963) (per curiam) ............... 17, 52

*Wallis v. Commissioner*,
357 F.2d 313 (10th Cir. 1966) .................................. 53

*Welch v. Helvering*,
290 U.S. 111 (1933) ................................................... 52

*Wilkins v. United States*,
598 U.S. 152 (2023) ........................ 25, 26, 51, 55, 59

*Zipes v. Trans World Airlines, Inc.*,
455 U.S. 385 (1982) ............................................. 19, 55

*Zuch v. Commissioner*,
97 F.4th 81 (3d Cir. 2024) ........................................ 42

-ix-

| Statutes: | Page(s) |
|---|---|

5 U.S.C. § 7703(b)(1) ....................................................... 26

11 U.S.C.:
   § 362(a)(8) ............................................................. 36
   § 505(a)(1) ............................................... 10, 30, 36
   § 505(a)(2) ............................................................. 10

Internal Revenue Code of 1986 (26 U.S.C.):
   § 303(b)(1)(B) ...................................................... 65
   § 2014(e)(1) .......................................................... 65
   § 2058(b)(2)(A) .................................................... 65
   § 4942(j)(2)(A) ..................................................... 65
   § 4963(e)(1)(A) .................................................... 65
   § 6015(e)(1) .......................................................... 23
   § 6203 .................................................................... 38
   § 6211(a) ........................................................... 6, 38
   § 6212 ........................................................ 1, 2, 15
   § 6212(a) ................................................................. 6
   § 6212(c)(1) ..................................... 9, 24, 28, 65
   § 6212 note ................................................... 35, 60
   § 6213 ......................... 12, 15, 16, 28, 31, 39
   § 6213(a) ........................................................ *passim*
   § 6213(c) ........................................................ *passim*
   § 6213(f)(1) ............................................... 36, 37, 64
   § 6214(a) ....................................... 9, 23, 24, 25, 28, 45
   § 6215(a) ........................................................ *passim*
   § 6215(b)(2) ......................................................... 45
   § 6303(a) ................................................... 8, 29, 38
   § 6320 ....................................................... 41, 42, 46
   § 6320(c) ............................................................... 41
   § 6321 ...................................................................... 8, 29
   § 6322 ...................................................................... 8, 29
   § 6330 ....................................................... 41, 42, 46
   § 6330(c)(2)(B) .................................................... 41
   § 6330(d)(1) ................................................. *passim*
   § 6330(e)(1) ................................................... 32, 33

-x-

**Statutes (continued):**                                    **Page(s)**

Internal Revenue Code of 1986, 26 U.S.C. (cont'd):

§ 6331(a) ............................................................. 8, 29

§ 6402(a) .................................................................. 30

§ 6404(a)(1) ............................................................. 30

§ 6404(a)(3) ............................................................. 57

§ 6404(h)(1) ............................................................. 23

§ 6501(a) ............................................................. 8, 38

§ 6502(a)(1) ............................................................... 8

§ 6503(a)(1) ............................................................. 29

§ 6511 .............................................................. 63, 64

§ 6512(a) .......................................................... *passim*

§ 6512(b) ..................................................... 23, 28, 39

§ 7421(a) ................................................. 5, 6, 15, 29, 31

§ 7422 ...................................................................... 47

§ 7422(a) ................................................................ 30

§ 7422(e) ..................................................... 10, 39, 40

§ 7436(d)(1) ............................................................. 65

§ 7441 ....................................................................... 7

§ 7442 .............................................................. 15, 21

§ 7451(b)(1) ............................................................. 57

§ 7453 ...................................................................... 53

§ 7459(c) ............................................................. 1, 44

§ 7459(d) .......................................................... *passim*

§ 7463 ...................................................................... 53

§ 7481 ...................................................................... 45

§ 7482(a)(1) ............................................................... 1

§ 7483 ................................................................ 1, 44

§ 7485(a) ................................................................ 53

§ 7485(a)(1) ...................................................... 29, 45

§ 7502(a) ................................................................ 57

§ 7503 ...................................................................... 34

§ 7508(a)(1) ............................................................. 57

§ 7508A(a)(1) ........................................................... 57

§ 7623(b)(4) ............................................................. 23

| **Statutes (continued):** | **Page(s)** |

28 U.S.C.:
  § 1295(a)(9) ................................................................. 26
  § 1346(b) ...................................................................... 26
  § 1346(f) ....................................................................... 26
  § 2201 ............................................................................ 6
  § 2401(b) ............................................................... 26, 51
  § 2409a(g) ............................................................. 26, 51

38 U.S.C.:
  § 7252(a) ...................................................................... 26
  § 7266(a) ...................................................................... 26

Bankruptcy Tax Act of 1980,
  Pub. L. No. 96-589, 94 Stat. 3389 (1980)......................... 36

Consolidated Appropriations – FY 2001,
  Pub. L. No. 106-554, 114 Stat. 2763 (2000).................... 33

Internal Revenue Service Restructuring and Reform Act of 1998,
  Pub. L. No. 105-206, 112 Stat. 685 (1998):
  § 3401(b)....................................................................... 33
  § 3463(a)....................................................................... 35

Pub. L. No. 39-169, 14 Stat. 471 (1867) ............................... 6

Revenue Act of 1924, Pub. L. 68-176, 43 Stat. 253 (1924):
  § 274(a)................................................................... 7, 21
  § 274(c) ......................................................................... 7
  § 900(e) ................................................................. 21, 22

Revenue Act of 1926, Pub. L. No. 69-20, 44 Stat. 9 (1926)
  § 274(a)................................................................. 22, 34
  § 274(e)................................................................. 24, 25
  § 274(f) ........................................................................ 24
  § 904 ..................................................................... 21, 22
  § 906(c) ........................................................... 47, 48, 49

-xii-

**Statutes (continued):**                                              **Page(s)**

Revenue Act of 1928, Pub. L. No. 70-562, 45 Stat. 791 (1928)
    § 601 ................................................................................ 43, 49

Technical and Miscellaneous Revenue Act of 1988,
    Pub. L. No. 100-647, 102 Stat. 3342 (1988) .................................. 33

## Miscellaneous:

A. Scalia & B. Garner, *Reading Law: The Interpretation of
    Legal Texts* (2012) ............................................................. 54

Fed. R. App. P. 13(a)(1)(A) .............................................................. 1

H. Comm. on Ways and Means, 69th Cong., *Comparison of the
    Revenue Acts of 1924 and 1926* ....................................... 22

H.R. Conf. Rep. No. 105-599 (1998) ............................................. 35, 55

H.R. Rep. No. 69-1 (1925) ............................................................ 24, 58

H.R. Rep. No. 69-356 (1926) ........................................................ 44, 48

H.R. Rep. No. 83-1337 (1954) ............................................................. 40

H.R. Rep. No. 96-833 (1980) ........................................................ 36, 37

Internal Revenue Manual 4.8.9.11.2 (Jan. 10, 2023) ........................ 60

Internal Revenue Service, *2023 Data Book* ................................... 5, 66

S. Rep. No. 69-52 (1926) ......................................................... 24, 43, 58

S. Rep. No. 83-1622 (1954) ................................................................ 40

S. Rep. No. 96-1035 (1980) ......................................................... 36, 37

-xiii-

**Miscellaneous (continued):**                                    **Page(s)**

Tax Court Rules:
  Rule 34(b)(2) ................................................................. 60
  Rule 142(a) ................................................................... 9
  Rules 170-174 ............................................................... 53

United States Tax Court, *Congressional Budget Justification*
  *Fiscal Year 2025* .......................................................... 66

-xiv-

# GLOSSARY

| <u>Term</u> | <u>Definition</u> |
|---|---|
| A__ | Appellants' appendix (ECF No. 50.1) |
| Amicus Br. | Brief Amicus Curiae of the Center for Taxpayer Rights (ECF No. 51.1) |
| Board | Board of Tax Appeals |
| Br. | Appellants' opening brief (ECF No. 40.1) |
| Commissioner | Commissioner of Internal Revenue |
| I.R.C. | Internal Revenue Code of 1986 (26 U.S.C.) |
| IRS | Internal Revenue Service |
| Taxpayers | Appellants Mark Buller and Sarah Beatty |

## STATEMENT OF JURISDICTION

Appellants Mark Buller and Sarah Beatty (Taxpayers) belatedly filed a Tax Court petition challenging an income tax deficiency that the Commissioner of Internal Revenue determined for 2018. (A27, A41.) The Tax Court has limited jurisdiction to redetermine income tax deficiencies under Internal Revenue Code (I.R.C.) § 6213(a) (26 U.S.C.). The parties dispute whether the Tax Court had jurisdiction here because Taxpayers filed their petition over "90 days … after the notice of deficiency authorized in section 6212" was mailed to their last known address. *Id.*

The Tax Court held that it lacked jurisdiction to review the petition and entered an order of dismissal. (A4.) That order was a final Tax Court "decision." I.R.C. § 7459(c). Taxpayers timely appealed. (A2-A3.) I.R.C. § 7483; Fed. R. App. P. 13(a)(1)(A). This Court has appellate jurisdiction. I.R.C. § 7482(a)(1).

## STATEMENT OF THE ISSUE

Whether the Tax Court correctly held that it lacked authority to review Taxpayers' untimely petition under I.R.C. § 6213(a) for redetermination of a tax deficiency.

-2-

## INTRODUCTION

This case is about taxpayers who want to fight their tax bill before paying it. The general rule in federal tax cases is that taxpayers must fully pay their taxes before disputing liability. *See Flora v. United States*, 357 U.S. 63, 75 (1958). Section 6213(a) creates a narrow exception to this pay-first-sue-later default rule, authorizing limited prepayment review in Tax Court. To get such prepayment review, Section 6213(a) requires taxpayers to file a Tax Court petition "[w]ithin 90 days" after the IRS mails "the notice of deficiency authorized in section 6212."[1]

From 1924, when Congress first authorized these deficiency proceedings, until a Third Circuit ruling in 2023, federal appellate courts had uniformly held this deadline is a jurisdictional limitation that cannot be equitably tolled. *See Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126, 154-61 (2022) (listing cases); *but see Culp v. Commissioner*, 75 F.4th 196, 205 (3d Cir. 2023) (rejecting the majority view), *cert. denied*, 144 S. Ct. 2685 (2024). This Court joined

---

[1] Section 6213(a) sets a 150-day deadline for taxpayers "outside the United States." Because the same arguments apply to either deadline, this brief discusses only the 90-day deadline.

-3-

the consensus long ago. *See, e.g.*, *Galvin v. Commissioner*, 239 F.2d 166, 166 (2d Cir. 1956) (per curiam).

Here, Taxpayers filed their petition after their 90-day deadline expired. (A58.) Under the intricate statutory scheme that links the deadline to challenge deficiencies with the IRS's administrative collection powers, Taxpayers forfeited their right to a prepayment deficiency proceeding by missing their deadline. So when they later filed an untimely petition, the Tax Court dismissed it for lack of jurisdiction, following its own published precedent and this Court's precedent interpreting Section 6213(a).

The Tax Court's jurisdictional ruling was correct. It upholds the plain text linking the 90-day deadline to the Tax Court's limited grant of jurisdiction to hear deficiency cases. It also applies the construction that best fits within the elaborate statutory scheme governing federal tax disputes—a scheme that provides only narrow, bespoke exceptions to the pay-first-sue-later default rule. Under this scheme, the dismissal below foreclosed relief in Tax Court today, but it preserved Taxpayers' alternative paths to relief.

-4-

The Court should not be swayed by faulty comparisons to non-jurisdictional time limits—that apply in other, inapposite contexts—to depart from longstanding circuit precedent addressing Section 6213(a). The Court should affirm.

## STATEMENT OF THE CASE

### A.    Legal background

**1.**  The government and taxpayers routinely disagree about tax bills.  But the United States is no ordinary creditor.  It has an "exceedingly strong interest in financial stability." *Office of U.S. Trustee v. John Q. Hammons Fall 2006, LLC*, 144 S. Ct. 1588, 1600 (2024).  And taxes "are the lifeblood of government, … their prompt and certain availability an imperious need." *Bull v. United States*, 295 U.S. 247, 259 (1935); *see also Cheatham v. United States*, 92 U.S. 85, 89 (1875).

Congress thus has adopted a default "pay first and litigate later" system for federal tax disputes. *Flora*, 357 U.S. at 75.  And through a carefully reticulated statutory scheme, Congress has confined tax litigation to certain channels, providing limited prepayment relief in Tax Court, I.R.C. § 6213(a), and allowing post-payment refund suits

-5-

only after strict jurisdictional conditions are met. *See United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 5-8 (2008); *United States v. Dalm*, 494 U.S. 596, 608-10 (1990).

Our federal taxation system "rel[ies] primarily on self-reporting" and voluntary payment. *United States v. Rodgers*, 461 U.S. 677, 683 (1983). While most taxpayers correctly report and timely pay their taxes, many do not. Congress thus has armed the IRS with a "formidable arsenal of collection tools … to ensure the prompt and certain enforcement of the tax laws." *Id.* These collection powers are "an essential part of our self-assessment tax system" because they "enhance[ ] voluntary compliance." *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350 (1977). Each year, the IRS uses its collection powers to recover tens of billions of dollars from non-compliant taxpayers. *See* Internal Revenue Service, *2023 Data Book* at 59 [https://perma.cc/P9EJ-DYHH].

**2.** Federal law has long barred taxpayer suits aimed at disrupting the prompt collection of federal taxes. The Anti-Injunction Act generally provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by

any person, whether or not such person is the person against whom such tax was assessed." I.R.C. § 7421(a); *accord* Pub. L. No. 39-169, § 10, 14 Stat. 471, 475 (1867). The law's "principal purpose" is to protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, and to require that the legal right to the disputed sums be determined in a suit for refund." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974) (internal quotation marks omitted); *see also* 28 U.S.C. § 2201 (prohibiting declaratory relief pertaining to federal taxes).

Deficiency proceedings in Tax Court—where "tax questions [can] be adjudicated in advance of any payment," *Flora*, 357 U.S. at 75—are an express exception to the Anti-Injunction Act. *See* I.R.C. § 7421(a); *Laing v. United States*, 423 U.S. 161, 184 n.27 (1976). Through an intricate statutory scheme, Congress authorizes the Commissioner to determine that a taxpayer owes more tax than she has reported— creating a "deficiency," I.R.C. § 6211(a)—and requires the Commissioner to "send notice of such deficiency to the taxpayer" before assessing and pursuing administrative collection. I.R.C. § 6212(a). Congress also created the Tax Court (originally the Board of Tax

-7-

Appeals), I.R.C. § 7441, and empowered it, upon a timely petition, to redetermine deficiencies after the IRS sends a deficiency notice to the taxpayer. I.R.C. § 6213(a).

Authorized today in Section 6213(a), deficiency proceedings provide a limited reprieve from assessment and collection: Under Section 6213(a), "no assessment of a deficiency … and no levy or proceeding in court for its collection shall be made, begun, or prosecuted … if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final." I.R.C. § 6213(a).

**3.** While Congress may have created deficiency proceedings to "ameliorate the hardship" to taxpayers of our pay-first-sue-later system, *Flora*, 357 U.S. at 75, Congress has always strictly limited the availability of those proceedings. Since 1924, Congress has fixed a clear deadline to initiate deficiency proceedings and has commanded that deficiencies "shall be assessed … and paid" if no petition is filed "within the time prescribed" by law. I.R.C. § 6213(a) & (c); *accord* Revenue Act of 1924, Pub. L. No. 68-176, § 274(a), (c), 43 Stat. 253, 297 (1924) ("1924 Act").

-8-

Congress simultaneously conditioned the IRS's power to administratively collect deficiencies on the assessment of those deficiencies—assessment that cannot happen until either the time to file a petition challenging a deficiency determination expires or the conclusion of a timely-filed deficiency proceeding. *See* I.R.C. §§ 6213(a) & (c), 6215(a). The IRS cannot demand payment from a taxpayer until "after the making of the assessment." I.R.C. § 6303(a). Nor can the IRS get its powerful statutory lien on all the taxpayer's property, I.R.C. §§ 6321, 6322, or levy on that property, I.R.C. § 6331(a), until after assessment. Assessment is thus a "collection-propelling function." *Hibbs v. Winn*, 542 U.S. 88, 102 (2004). An assessment is effectively "given the force of a judgment," *Bull*, 295 U.S. at 260, that can be enforced without judicial approval.[2]

**4.** Having created deficiency proceedings in Tax Court, Congress enacted other laws to make those proceedings exclusive, and judicial redeterminations final, when a taxpayer opts to go to Tax Court. Once the Tax Court obtains jurisdiction to redetermine a deficiency, only the

---

[2] By timely assessing, the IRS gets another ten years to collect a tax debt. I.R.C. § 6502(a)(1). Otherwise, the IRS gets only three years. I.R.C. § 6501(a).

Tax Court, in that deficiency proceeding, has the power to resolve disputes about the relevant tax. *See Commissioner v. Lundy*, 516 U.S. 235, 246-47 (1996).

For starters, deficiency proceedings curb the IRS's assessment power. When a taxpayer files a Tax Court petition "within the time prescribed in section 6213(a)," the IRS generally loses its "right to determine any additional deficiency of income tax for the same taxable year." I.R.C. § 6212(c)(1). Instead, the IRS must assert (and prove) any additional deficiency in the Tax Court proceeding. I.R.C. § 6214(a); Tax Ct. R. 142(a). After the Tax Court redetermines the deficiency, "[n]o part of the amount determined as a deficiency by the Secretary but disallowed as such by the decision of the Tax Court … shall be assessed or be collected by levy or by proceeding in court with or without assessment." I.R.C. § 6215(a).

Deficiency proceedings also shutter a taxpayer's other paths to tax relief. Consider refunds. When "the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a)," generally "no credit or refund of income tax for the same taxable year … shall be allowed or made" outside the deficiency proceedings, and "no suit by the

-10-

taxpayer for the recovery of any part of the tax shall be instituted" in another court. I.R.C. § 6512(a). In some cases, filing a deficiency petition with the Tax Court will strip another federal court's jurisdiction over a pending refund suit. I.R.C. § 7422(e). Bankruptcy relief is also affected. A Tax Court deficiency determination can preclude a bankruptcy court's otherwise expansive power to "determine the amount or legality of any tax" in a bankruptcy proceeding. 11 U.S.C. § 505(a)(1); *see id.* § 505(a)(2) ("The [bankruptcy] court may not so determine" when "such amount or legality was contested before and adjudicated by a judicial … tribunal of competent jurisdiction before the commencement of the [bankruptcy] case.").

These restrictions on the IRS and taxpayers can apply even if the Tax Court never reaches the merits of a tax dispute. Under Section 7459(d), "a decision of the Tax Court *dismissing* the proceeding shall be considered as [the Tax Court's] decision that the deficiency is the amount determined by the Secretary." I.R.C. § 7459(d) (emphasis added). And upon dismissal, the Tax Court must enter "[a]n order specifying such amount," I.R.C. § 7459(d), which the IRS must then assess and collect. I.R.C. § 6215(a). These harsh consequences do not

-11-

attach, however, if "the dismissal is for lack of jurisdiction." I.R.C. § 7459(d). *See infra* pp. 44-50.

## B.    Factual background and proceedings below

Taxpayers filed a joint income tax return for 2018, claiming captive insurance expenses as deductions against their income. (A51, A61, A67, A70, A73.) The IRS, however, disallowed those claimed deductions, determined that Taxpayers owed additional tax, and imposed penalties. (A51-A52, A61-62, A65-A74.)

On August 22, 2022, the IRS sent Taxpayers a notice of deficiency by certified mail to their last known address. (A24, A28, A41.) The notice said that they had until November 21, 2022, to file a petition in Tax Court. (A41.) Taxpayers missed their deadline. Nine days later, on November 30, 2022, their lawyer electronically filed a petition challenging the IRS's deficiency determination. (A5, A27-A28.)

Because Taxpayers filed late, the Tax Court granted the Commissioner's motion to dismiss for lack of jurisdiction. (A4, A6.) The court explained that Section 6213(a)'s deadline is jurisdictional and cannot be extended except as Congress provides. (A4-A6.) The court then found that the IRS had properly mailed the notice of deficiency to

-12-

Taxpayers' last known address, but they had filed their petition outside "the period prescribed by the Internal Revenue Code." (A5.) The court also rejected Taxpayers' equitable tolling claim—raised in response to the motion to dismiss (A16, A18)—concluding that the deadline cannot be tolled as a matter of law.[3] (A6.) The court explained, however, that Taxpayers still could "pursu[e] administrative resolution … directly with the Internal Revenue Service" and, "if feasible, … pay the determined amounts and thereafter" seek a refund. (A6.) This appeal followed.

## SUMMARY OF ARGUMENT

**1.** The petition deadline in I.R.C. § 6213(a) limits the Tax Court's jurisdiction to resolve deficiency disputes. A taxpayer's right to file a petition and the Tax Court's jurisdiction to redetermine deficiencies are textually intertwined, and the deadline applies equally to both. This jurisdictional significance is reinforced by other parts of Section 6213 itself, a raft of related provisions, and a century of history—all of which show how Congress used the deadline to allocate power between the IRS and the Tax Court and thereby balance the government's

_____

[3] Taxpayers never explained why they had filed late. (A16-A19.)

-13-

compelling need for prompt collection against an individual's desire to dispute his taxes before paying them. This elaborate statutory scheme also gives taxpayers their choice of judicial forum—to the exclusion of all other relief—but makes only *timely* elections effective and binding.

Treating the deadline as non-jurisdictional would not only destabilize a system that demands certainty. It would also seriously prejudice the bulk of taxpayers who file untimely petitions—who still would not qualify for equitable tolling even if the deadline were not jurisdictional and could be equitably tolled. Under Section 7459(d), a non-jurisdictional dismissal would lock in the deficiency amount for such taxpayers. So a jurisdictional dismissal ironically *protects* taxpayers who file late petitions because it means that those taxpayers do not thereby forfeit their rights to seek relief later through other channels.

**2.** Even if Section 6213(a)'s deadline were not jurisdictional—so that equitable tolling was not precluded on jurisdictional grounds—the deadline would remain mandatory and thus still not subject to equitable tolling. While there is a presumption that non-jurisdictional deadlines may be equitably tolled, Section 6213(a)'s deadline is

-14-

textually and contextually similar to other deadlines that have overcome that presumption. Indeed, Section 6213(a)'s text and context make it "a central provision of tax law." *Boechler, P.C. v. Commissioner*, 596 U.S. 199, 210 (2023). And a century of legislation shows that Congress meant to deny courts latitude to alter the deadline on their own terms, whether or not the deadline is jurisdictional. The Tax Court was thus right to deny equitable tolling as a matter of law.

## ARGUMENT

**The Tax Court correctly dismissed Taxpayers' untimely petition because Section 6213(a)'s deadline cannot be equitably tolled.**

### Standard of review

The Court reviews question of law *de novo*, including whether the Tax Court had jurisdiction, *Borenstein v. Commissioner*, 919 F.3d 746, 749 (2d Cir. 2019), and whether a statutory deadline can be equitably tolled. *Doe v. United States*, 76 F.4th 64, 70 (2d Cir. 2023).

**A. The Tax Court can exercise only such jurisdiction as Congress confers, and Section 6213(a) simultaneously grants and limits the court's deficiency jurisdiction**

The Tax Court has "limited jurisdiction," defined wholly by statute. *Commissioner v. McCoy*, 484 U.S. 3, 7 (1987) (per curiam) (citing *Commissioner v. Gooch M. & E. Co.*, 320 U.S. 418, 420-21

-15-

(1943)). "Courts created by statute can have no jurisdiction but such as the statute confers." *Sheldon v. Sill*, 49 U.S. (How.) 441, 449 (1850); *accord Borenstein*, 919 F.3d at 749.

Congress provided generally that "[t]he Tax Court and its divisions shall have such jurisdiction as is conferred on them" by the Tax Code. I.R.C. § 7442. The Tax Court's specific jurisdiction to redetermine deficiencies comes from Section 6213(a). *See Moretti v. Commissioner*, 77 F.3d 637, 642 (2d Cir. 1996); *Hallmark Rsch.*, 159 T.C. at 137-41; *accord Baral v. United States*, 528 U.S. 431, 439 n.2 (2000) (citing I.R.C. § 6213); *Hinck v. United States*, 550 U.S. 501, 508 (2007) (citing I.R.C. § 6213(a)). Section 6213(a) reads, in relevant part:

> **[1]** Within 90 days … after the notice of deficiency authorized in section 6212 is mailed … , the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. **[2]** Except as otherwise provided in section 6851, 6852, or 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day … period, … nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. **[3]** Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court, and a refund may be ordered by such court of

-16-

any amount collected within the period during which the Secretary is prohibited from collecting by levy or through a proceeding in court under the provisions of this subsection. **[4]** The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition. **[5]** Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed.

I.R.C. § 6213(a) (bracketed numbers added for clarity).

The Supreme Court has (so far) identified two essential predicates to the Tax Court's deficiency jurisdiction. First, the IRS must issue a "deficiency notice." *Laing*, 423 U.S. at 166 n.4; *accord Commissioner v. Shapiro*, 424 U.S. 614, 630 n.12 (1976); *see also Baral*, 528 U.S. at 439 n.2 ("[J]urisdiction … depends on the existence of a deficiency." (citing I.R.C. § 6213)). Second, the taxpayer must file a "petition" for redetermination with the Tax Court. *U.S. ex rel. Girard Tr. Co. v. Helvering*, 301 U.S. 540, 542 (1937); *accord Lundy*, 516 U.S. at 246-47.

Both predicates come from Section 6213(a)'s first sentence. So does the 90-day petition deadline, which this Court has consistently held is a jurisdictional limitation. *See, e.g., Sicari v. Commissioner*, 136 F.3d 925, 928 (2d Cir. 1998); *Moretti*, 77 F.3d at 642; *Hoffenberg v.*

-17-

*Commissioner*, 905 F.2d 665, 666 (2d Cir. 1990) (per curiam); *Tadros v.*

*Commissioner*, 763 F.2d 89, 91 (2d Cir. 1985); *Deutsch v. Commissioner*,

599 F.2d 44, 45 (2d Cir. 1979), *cert. denied*, 444 U.S. 1015 (1980); *Vibro*

*Mfg. Co. v. Commissioner*, 312 F.2d 253, 254 (2d Cir. 1963) (per curiam);

*Pfeffer v. Commissioner*, 272 F.2d 383, 384 (2d Cir. 1959) (per curiam);

*Galvin*, 239 F.2d at 166.

Taxpayers shrug off this Court's precedent as "'drive-by'

jurisdictional rulings." (Br. 6.) But this longstanding precedent—part

of the nationwide consensus fractured only recently by the Third

Circuit—should not be tossed aside so lightly. While this Court has not

reaffirmed its Section 6213(a) rulings since the Third Circuit's outlier

opinion, this Court has also not reopened the question for debate. *See*

*Foley v. Commissioner*, 95 F.4th 740, 741 n.1 (2d Cir. 2024) (per curiam)

("assum[ing] without deciding that the Tax Court correctly concluded

that [Section 6213(a)'s deadline] is jurisdictional"). Of course, the Court

has revisited some of its past jurisdictional rulings in light of

intervening Supreme Court cases. *See, e.g.*, *Jusino v. Federation of*

*Cath. Teachers, Inc.*, 54 F.4th 95, 102-04 (2d Cir. 2022). But the Court

should not now throw away its settled Section 6213(a) precedent

-18-

because the 90-day deadline remains a jurisdictional limitation even under the Supreme Court's prevailing jurisdictional standards.

**B.  Section 6213(a)'s text, context, and historical treatment make a clear statement that the 90-day deadline is a jurisdictional limitation**

The Supreme Court has "endeavored to bring some discipline to use of the jurisdictional label." *Boechler*, 596 U.S. at 203 (internal quotation marks omitted). The Court has adopted what it calls "a readily administrable bright line for determining whether to classify a statutory limitation as jurisdictional" rather than as a claim-processing rule. *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) (internal quotation marks omitted). Courts must "inquire whether Congress has clearly stated that [a] rule is jurisdictional." *Id.* at 153 (cleaned up).

This clear-statement inquiry begins with the text—but it does not end there. *See Boechler*, 596 U.S. at 204. "Congress need not incant magic words" to make a statutory condition jurisdictional. *Id.* at 203 (quoting *Auburn*, 568 U.S. at 153). To determine whether Congress has made a clear statement, courts must also consider a condition's "broader statutory context," *id.* at 206, and its "relevant historical treatment."

-19-

*Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010); *see also United States v. Wong*, 575 U.S. 402, 410-12 (2015) (considering "legislative history"); *cf. Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (considering underlying "congressional policy").

While "most time bars" fall short of this jurisdictional threshold, *Harrow v. Dep't of Def.*, 601 U.S. 480, 484 (2024), some overcome it. Indeed, if the Supreme Court means what it has said, then a statutory time bar can impose a jurisdictional requirement even if its text is less than clear on that point. And under the Supreme Court's multi-factor test, Section 6213(a)'s deadline imposes a clear jurisdictional limitation: Even though its bare text speaks to jurisdiction implicitly, the statute's context and history more than suffice to show that Congress intended the deadline to have jurisdictional effect. After all, "[w]e are not here concerned with a single sentence in an isolated statute, but rather with a jurisdictional provision which is a keystone in a carefully articulated and quite complicated structure of tax laws." *Flora v. United States*, 362 U.S. 145, 157 (1960).

-20-

### 1. The text: Congress has put the jurisdictional grant and the petition deadline in the same sentence and then inextricably bound them

**a.** Beginning with the text, Congress has put the 90-day petition deadline in the same sentence that grants the Tax Court its deficiency jurisdiction and simultaneously imposes the other predicates to jurisdiction: the mailing of a deficiency notice and the filing of a petition. *See supra* pp. 16-17. Moreover, the Tax Court's power to "redetermin[e] … the deficiency" is intertwined with the taxpayer's right to petition the Tax Court for that relief, linking both to a timely petition. While mere proximity may not carry the day, *see Auburn*, 568 U.S. at 155, this textual link is still evidence that Congress intended the deadline to have jurisdictional effect. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 439-40 (2011) (a statute's "placement" can "provide some indication of Congress' intent").

**b.** Section 6213(a)'s jurisdictional grant is admittedly implicit. It does not use the word "jurisdiction," and it overlaps with the taxpayer's cause of action: The "taxpayer may file a petition with the Tax Court,"

and the Tax Court may then "redetermin[e] ... the deficiency." This is how Congress has granted deficiency jurisdiction since 1926.[4]

Originally, the Revenue Act of 1924 provided that "[t]he Board ... shall hear and determine appeals filed under" four statutes, including Section 6213(a)'s predecessor, Section 274. 1924 Act, § 900(e), 43 Stat. at 337. Section 274(a), in turn, said that "[w]ithin 60 days after [the notice of deficiency] is mailed the taxpayer may file an appeal with the Board of Tax Appeals established by section 900." 1924 Act, § 274(a), 43 Stat. at 297.

Two years later, however, the 1926 Act struck the "hear and determine" language from section 900 and replaced it with generic jurisdictional language like that used today: "The Board ... shall have such jurisdiction as is conferred ... by Title II and Title III of the Revenue Act of 1926 or by subsequent laws." Revenue Act of 1926, Pub. L. No. 69-20, § 904, 44 Stat. 9, 106 (1926) ("1926 Act"); *compare* I.R.C.

---

[4] Congress sometimes grants jurisdiction implicitly. *See, e.g.*, *Madrigal v. Holder*, 572 F.3d 239, 242 (6th Cir. 2009) (construing 8 U.S.C. § 1252(a)(1) as "an implicit jurisdictional grant").

§ 7442.[5]  Congress then amended Section 274 to provide that "[w]ithin 60 days after [the notice of deficiency] is mailed … the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency."  1926 Act, § 274(a), 44 Stat. at 55.

By striking the "hear and determine appeals" language used by the 1924 Act, the 1926 Act erased what had been the express grant of power over deficiency disputes.  Congress, for whatever reason, never replaced that express grant.  Yet Congress kept the taxpayer's right to petition in Section 274(a) and clarified that the Tax Court, upon petition, has the specific power to "redetermin[e] … the deficiency," not just hear "an appeal."  The cause of action and the jurisdictional grant were thus fused.

To be sure, there are statutes that speak directly to other aspects of Tax Court "jurisdiction."  (Br. 13-14, 26-27.)  But those statutes either (i) address what the Tax Court can do once it *already has* jurisdiction to resolve a deficiency dispute under Section 6213(a); or (ii) were enacted

---

[5] Contemporaneous legislative materials confirm that section 904 of the 1926 Act replaced section 900(e) of the 1924 Act.  *See* H. Comm. on Ways and Means, 69th Cong., *Comparison of the Revenue Acts of 1924 and 1926*, at 178 (prepared by Clayton F. Moore).

-23-

long after courts had uniformly agreed that Section 6213(a)'s deadline is jurisdictional; or (iii) involve matters unrelated to deficiencies.[6]  Yet Congress doubtless kept Section 6213(a)'s implicit grant of jurisdiction for 100 years (Br. 25-26) because it has always worked as intended.  *See infra* pp. 53-55.

**c.**  Congress did not relocate the grant of deficiency jurisdiction to Section 6214(a), as Taxpayers and their amicus contend.  (Br. 9-14; Amicus Br. 21-24.)  Section 6214(a) generally gives the Tax Court "jurisdiction to redetermine the *correct* amount of the deficiency *even if* the amount so redetermined is greater than the amount of the deficiency" stated in the notice of deficiency, if a "claim therefor is asserted by the Secretary at or before the hearing or rehearing."  I.R.C. § 6214(a) (emphases added).  The Tax Court, this Court, and the Supreme Court have held that Section 6214(a) expands upon the Tax Court's underlying deficiency jurisdiction.  So Section 6214(a) is not "render[ed] … superfluous" (Br. 11) when correctly read simply to

---

[6] *See, e.g.*, I.R.C. § 6512(b) (power to determine and refund overpayments, first added in 1926); I.R.C. § 6015(e)(1) (power to grant innocent spouse relief, first added in 1998); I.R.C. § 6404(h)(1) (power to hear interest abatement claims, first added in 1996); I.R.C. § 7623(b)(4) (power to review whistleblower award claims, first added in 2006).

-24-

expand the Tax Court's core jurisdictional power granted by
Section 6213(a).

Congress enacted Section 6214(a)'s predecessor in the 1926 Act, to
address the fact that the Board of Tax Appeals could only sustain
deficiencies up to the amount stated in the notice of deficiency.  *See*
S. Rep. No. 69-52, at 27-28 (1926).  Section 274(e) of the 1926 Act
"enlarge[d] the *original* jurisdiction of the Board of Tax Appeals to
consider deficiencies beyond those shown in the Commissioner's notice,
if the Commissioner made such a claim at or before the hearing."  *Old
Colony Tr. Co. v. Commissioner*, 279 U.S. 716, 722 (1929) (emphasis
added).  This change also offset new limits that the 1926 Act put on the
IRS's power to determine additional deficiencies after taxpayers had
filed petitions challenging deficiencies.  *See* 1926 Act, § 274(f), 44 Stat.
at 56; *see also* S. Rep. No. 69-52, at 27-28; H.R. Rep. No. 69-1, at 10-11
(1925).  The same post-petition limits persist today.  I.R.C. § 6212(c)(1).

The Tax Court, like the Supreme Court in *Old Colony*, has read
Section 6214(a) to "supplement … [t]he fundamental grant of deficiency
jurisdiction … in section 6213(a)."  *Hallmark Rsch.*, 159 T.C. at 165.  So
has this Court.  *See Chai v. Commissioner*, 851 F.3d 190, 206 (2d Cir.

-25-

2017) (explaining that "the scope of a deficiency proceeding may be expanded to cover additional deficiencies" under Section 6214(a)); *Superheater Co. v. Commissioner*, 125 F.2d 514, 515 (2d Cir. 1942) (explaining that Section 274(e) of the 1926 Act "enlarged" the Board's original deficiency jurisdiction); *accord Cement Gun Co. v. Commissioner*, 36 F.2d 107, 108 (2d Cir. 1929) (similar). Even the Third Circuit in *Culp* disagreed that Section 6214(a) grants the Tax Court its deficiency jurisdiction. *Compare* 75 F.4th at 201-02, *with* Amicus Br. of Ctr. for Taxpayer Rts., *Culp v. Commissioner*, No. 22-1789, 2022 WL 2197359, at *7-9 (3d Cir. June 13, 2022).[7]

**d.** Because its grant of jurisdiction is intertwined with the filing deadline, Section 6213(a) is unlike the filing deadlines that the Supreme Court held were claim-processing rules in *Wong*, *Henderson*, *Harrow*, and *Wilkins v. United States*, 598 U.S. 152, 159 (2023). (Br. 8-9, 17-20.) Those deadlines were separated from their underlying jurisdictional grants.

---

[7] Section 6214(a)'s heading corroborates its plain meaning: "Jurisdiction as to increase of deficiency, additional amounts, or additions to the tax." *See Rudisill v. McDonough*, 601 U.S. 294, 309 (2024) ("Section headings supply cues as to what Congress intended." (cleaned up)).

-26-

*Wong* involved the deadline to bring claims under the Federal Tort Claims Act, 28 U.S.C. § 2401(b). *See* 575 U.S. at 405. Another statute grants district courts jurisdiction over such claims. 28 U.S.C. § 1346(b). *Henderson* involved the deadline to appeal from the Board of Veterans' Appeals to the United States Court of Appeals for Veterans Claims, 38 U.S.C. § 7266(a). *See* 562 U.S. at 431. Another statute grants the Veterans Court its jurisdiction over board appeals. 38 U.S.C. § 7252(a). *Harrow* involved the deadline to appeal from the Merit Systems Protection Board to the Federal Circuit, 5 U.S.C. § 7703(b)(1). *See* 601 U.S. at 482. Another statute grants the Federal Circuit its jurisdiction over such appeals. 28 U.S.C. § 1295(a)(9). And *Wilkins* involved the deadline to bring quiet title actions against the United States, 28 U.S.C. § 2409a(g). *See* 598 U.S. at 155. Another statute grants district courts jurisdiction over such actions. 28 U.S.C. § 1346(f).

Section 6213(a) also textually differs from the deadline in *Boechler*. (Br. 9, 14, 19.) That time limit—which restricts post-assessment collection review in Tax Court, I.R.C. § 6330(d)(1)—is severed from the statute's "jurisdictional language" that appears in a "parenthetical at the end of the sentence." 596 U.S. at 204; *see also id.*

-27-

at 205-06 (repeatedly emphasizing the "parenthetical"). Here, the link is not severed: The taxpayer's cause of action and the jurisdictional grant overlap, and the deadline governs both.

> ### 2. Context: Section 6213(a)'s unique role in our scheme of administrative collection clearly shows that the deadline limits the Tax Court's power

The second pillar of the clear-statement rule is context. Our federal tax laws, however, are notoriously "complex." *Bob Jones Univ.*, 461 U.S. at 596. No matter how "precise" the language used, "the true meaning of a single section of a statute in a setting as complex as that of the revenue acts … cannot be ascertained" without also examining "related sections" and "the history of the income tax legislation of which it is an integral part." *Commissioner v. Engle*, 464 U.S. 206, 223 (1984) (internal quotation marks omitted).

Thus, to grasp Section 6213(a)'s "true meaning," *id.*, and to see how the deadline limits the Tax Court's jurisdiction, the Court should apply a two-pronged approach. First, the Court should consider the big picture—how Section 6213(a)'s deadline works within our broader scheme of administrative tax collection. Second, the Court should harmonize Section 6213(a)'s deadline with other language in

-28-

Section 6213 and other Tax Code provisions that either expressly reference the deadline or otherwise reinforce its jurisdictional nature.

> ### a. Section 6213(a)'s deadline marks a major shift in institutional power over tax disputes

To put Section 6213(a)'s deadline into its proper context, the Court should start with our overall system of tax collection. With that entire scheme in mind, it becomes apparent how the deadline does more than just "promote the orderly progress of litigation." *Boechler*, 596 U.S. at 203 (quoting *Henderson*, 562 U.S. at 435).

Section 6213(a)'s deadline is a tipping point in tax disputes. When the taxpayer files a petition within 90 days, the Tax Court gains complete control over the disputed tax. The petition automatically precludes the IRS from issuing additional deficiency notices, I.R.C. § 6212(c)(1), and it halts assessment and collection until the Tax Court proceedings end. I.R.C. § 6213(a). In those proceedings, the court can increase the deficiency, I.R.C. § 6214(a), order refunds of overpayments, I.R.C. § 6512(b), and unwind any improper assessment or collection that occurred during the statutory petition window. I.R.C. § 6213(a).

-29-

By submitting to the Tax Court's jurisdiction, the taxpayer forfeits other paths to relief outside the deficiency proceeding because the Tax Court's decision will finally decide the tax dispute. I.R.C. §§ 6512(a), 7459(d). Once the Tax Court enters its decision, the IRS regains its power to enforce any deficiency upheld by the decision, and it must assess and collect that amount. I.R.C. § 6215(a). The IRS may pursue the liability even while the taxpayer appeals the decision, unless she posts a bond that will ensure full payment if she loses her appeal. I.R.C. § 7485(a)(1); *see Barnes Theatre Ticket Serv., Inc. v. Commissioner*, 50 T.C. 28, 29 (1968).

If no timely petition is filed, the statutory embargo on assessment and collection ends, and the IRS regains control over the dispute. The IRS must then assess the deficiency, I.R.C. § 6213(c), and the IRS gets extra time to do so. I.R.C. § 6503(a)(1). By assessing the deficiency, the IRS gets a powerful statutory lien over all the taxpayer's property. I.R.C. §§ 6321, 6322. After demanding payment, the IRS can levy property to satisfy her debt without going to court. I.R.C. §§ 6213(c), 6303(a), 6331(a). The Anti-Injunction Act generally insulates these administrative acts from judicial interference. I.R.C. § 7421(a). And

because the Tax Court never asserted jurisdiction over the tax dispute, the taxpayer remains free to pay her tax debt in full and seek a refund, I.R.C. §§ 6402(a), 7422(a); to ask the IRS to reconsider her liability and abate any part that "is excessive in amount," I.R.C. § 6404(a)(1); and to seek relief in bankruptcy, 11 U.S.C. § 505(a)(1).

By making the petition deadline the outer limit of the Tax Court's deficiency jurisdiction, Congress has carefully balanced two opposing interests: (i) the government's compelling need for "the prompt and certain" collection of taxes from all taxpayers, *Rodgers*, 461 U.S. at 683, and (ii) a taxpayer's personal stake in resolving her tax dispute before paying in full.

This delicate balance would be skewed if the Tax Court could exercise deficiency jurisdiction based on an untimely petition. Such latitude would erode the walls separating the IRS's and the Tax Court's respective powers. It would invite rather than minimizes "preenforcement judicial interference" into our system of tax administration. *Bob Jones Univ.*, 416 U.S. at 736. And it would inject needless doubt into a revenue collection system that depends on certainty.

-31-

### b. Language throughout Section 6213 itself and in other Tax Code provisions confirms the petition deadline's jurisdictional nature

Now consider context at a more granular level, focusing on how the deadline works with other statutory language. First, a holistic reading of Section 6213 itself reinforces the deadline's jurisdictional reading. *See Hibbs*, 542 U.S. at 101. Moreover, the 90-day deadline is just one provision in a constellation of statutes affecting the powers of the Tax Court, the IRS, and other courts. These provisions show that Congress has long intended the deadline to bar Tax Court review of untimely deficiency petitions—to protect both tax collection and taxpayers.

### (i) Section 6213(a)'s third and fourth sentences

Two sentences in Section 6213(a) give the Tax Court a special injunction power that complements its underlying deficiency jurisdiction. Ordinarily, the Tax Court "lacks general equitable powers," *McCoy*, 484 U.S. at 7, and this special injunction power is an express exception to the Anti-Injunction Act. *See* I.R.C. §§ 6213(a), 7421(a). The Tax Court cannot wield this special injunction power, however, if the petition is untimely.

-32-

Section 6213(a)'s third sentence allows the Tax Court to enjoin "the making of [any] assessment or the beginning of [any collection] proceeding or levy" that occurred during the 90-day petition window. The fourth sentence, however, forbids Tax Court injunctions unless "a timely petition for a redetermination of the deficiency has been filed." For instance, if the IRS prematurely assesses on day 89 and the taxpayer files her petition on day 90, the Tax Court can enjoin the early assessment and proceed to redetermine the deficiency. But if she files her petition on day 91, the Tax Court cannot enjoin the assessment and cannot consider the deficiency.

The *Boechler* Court opined that a similar limit on the Tax Court's injunction power in Section 6330(e)(1) arguably "strengthen[ed] the Commissioner's argument" that the deadline in Section 6330(d)(1) was jurisdictional. 596 U.S. at 207-08; *accord Organic Cannabis Found., LLC v. Commissioner*, 962 F.3d 1082, 1093-94 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2596 (2021); *Tilden v. Commissioner*, 846 F.3d 882, 886-87 (7th Cir. 2017); *Hallmark Rsch.*, 159 T.C. at 141-42. While the *Boechler* Court was ultimately "unmoved" that this limit on the injunction power amounted to a clear statement about the nature of

that other petition deadline, 596 U.S. at 207, the Court mainly faulted Congress for writing the jurisdictional grant in Section 6330(d)(1) without "such clarity." *Id.* at 208 (citing I.R.C. § 6330(d)(1)). That criticism (Br. 16, 27-28) of the relatively new statute in *Boechler* falters against Section 6213(a)—a venerable statute that was well-understood as jurisdictional when Congress added the Tax Court's limited injunction power to Section 6213(a) in the late 1980s.[8] *See* Technical and Miscellaneous Revenue Act of 1988*, Pub. L. No. 100-647, § 6243(a), 102 Stat. 3342, 3749 (1988).

### (ii) Section 6213(a)'s first and fifth sentences

Section 6213(a) includes two safety valves on the strict jurisdictional deadline—one in the statute's first sentence and another in the fifth sentence. Congress added both provisions precisely because the deficiency petition deadline is a jurisdictional limitation that courts cannot extend.

---

[8] By contrast, Congress enacted Section 6330(d)(1) in 1998 and added the limited injunction power to Section 6330(e)(1) two years later. *See* Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, § 3401(b), 112 Stat. 685, 749 (1998) ("1998 Act"); Consolidated Appropriations – FY 2001, Pub. L. No. 106-554, § 313(b), 114 Stat. 2763, 2763A-642 (2000).

-34-

Section 6213(a)'s first sentence excludes "Saturday, Sunday, or a legal holiday in the District of Columbia as the last day" of the deficiency petition period. *Accord* I.R.C. § 7503. Congress first added this sort of relief in 1926, *see* 1926 Act, § 274(a), 44 Stat. at 55, after the Board of Tax Appeals had dismissed, for lack of jurisdiction, a petition filed after a Sunday deadline. *See Appeal of Satovsky*, 1 B.T.A. 22, 25 (1924) ("[I]t is certainly not the province of the court to extend the time fixed by excluding the last, the first, or any intermediate Sunday or holiday."). At that time, courts split over whether a statutory deadline could end on a Sunday. *See Union Nat'l Bank of Wichita, Kan. v. Lamb*, 337 U.S. 38, 40 & n.5 (1949) (describing a "contrariety of views" on this question and citing cases).[9]

Section 6213(a)'s fifth sentence mandates that "[a]ny petition filed with the Tax Court on or before the date specified for filing such petition by the Secretary in the notice of deficiency shall be *treated as* timely filed." I.R.C. § 6213(a) (emphasis added). Congress added this language in 1998, when it simultaneously directed the IRS to state the

_____

[9] Congress added legal holidays and Saturdays to the statute in 1934 and 1945, respectively. *See Hallmark Rsch.*, 159 T.C. at 156-57.

-35-

petition deadline in all notices of deficiency. *See* 1998 Act, § 3463(a),

112 Stat. at 767 (codified at I.R.C. § 6212 note). In practice, if the IRS

erroneously tells the taxpayer her petition is due on day 95 but assesses

the deficiency on day 91, the Tax Court can enjoin the assessment and

redetermine the deficiency—so long as the taxpayer files her petition by

day 95. This provision thus enhances the Tax Court's special injunction

power by allowing the court to undo an otherwise timely assessment

and redetermine the deficiency after the 90 days have lapsed.

Congress added this "treated as timely" relief for fear that

taxpayers might miss the strict window for deficiency jurisdiction if the

deadline stated in the notice of deficiency is wrong. The Conference

Report accompanying this change to Section 6213(a) explained that "the

Tax Court does not have *jurisdiction* to consider the petition" if it "is not

filed within" the time specified by Section 6213(a). H.R. Conf. Rep.

No. 105-599, at 599 (1998) (emphasis added). So Congress legislated a

fix that the Tax Court might have fashioned itself, on equitable tolling

grounds, if the deadline were not jurisdictional. *See Irwin v. Dep't of*

*Veterans Affairs*, 498 U.S. 89, 96 (1990) (indicating that equitable

tolling is generally appropriate "where the complainant has been

-36-

induced or tricked by his adversary's misconduct into allowing the filing

deadline to pass").

### (iii)  Section 6213(f)(1)

Both the Tax Court and bankruptcy courts can redetermine

deficiencies before full payment.  *See* 11 U.S.C. § 505(a)(1).  But filing a

bankruptcy petition automatically bars "the commencement" of a

deficiency proceeding in Tax Court when the relevant "tax liability"

predates the bankruptcy stay.  11 U.S.C. § 362(a)(8).  Section 6213(f)(1)

thus suspends "the running of the time prescribed by [Section 6213(a)]

for filing a petition in the Tax Court with respect to any deficiency" for

the period of the automatic bankruptcy stay "and for 60 days

thereafter."  I.R.C. § 6213(f)(1).

Through this mechanism, Section 6213(f)(1) aims to preserve the

Tax Court's power to later redetermine a deficiency if a taxpayer files

for bankruptcy during the deficiency petition window.  *See* S. Rep.

No. 96-1035, at 47-48, 50 (1980); H.R. Rep. No. 96-833, at 42-43, 45

(1980).  Congress added this relief in 1980, *see* Bankruptcy Tax Act of

1980, Pub. L. No. 96-589, § 6(b), 94 Stat. 3389, 3407 (1980), among a

slate of changes to coordinate bankruptcy court and Tax Court

-37-

jurisdiction and thereby prevent "duplicative litigation" of tax disputes. S. Rep. No. 96-1035, at 47; *accord* H.R. Rep No. 96-833, at 42. Without this relief, the automatic stay in bankruptcy could force taxpayers to miss the deadline "prescribed by" Section 6213(a) and thereby forfeit access to Tax Court by seeking relief in bankruptcy court first (assuming the bankruptcy court did not decide the tax question).

Section 6213(f)(1) is yet another instance, like those above, where Congress has expressly legislated to protect taxpayers from missing their day in Tax Court because a strict deadline might otherwise work unfairness in certain cases. That Congress has added these provisions to address specific conditions that often merit equitable tolling (of non-jurisdictional deadlines) reinforces that Section 6213(a) imposes a jurisdictional deadline that courts cannot equitably toll.

### (iv)  Section 6213(c)

Section 6213(c) commands that the IRS "shall" assess the deficiency "[i]f the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a)." This provision confirms that the window for deficiency jurisdiction closes with the 90-day deadline because the IRS must then assess the deficiency, and the Tax

-38-

Court generally cannot redetermine deficiencies after this compulsory assessment. *See Hallmark Rsch.*, 159 T.C. at 161 n.29.

A deficiency simply reflects the amount of tax in dispute. *See Laing*, 423 U.S. at 173 (citing I.R.C. § 6211(a)). That metric serves no purpose after assessment, when the full "liability of the taxpayer" gets recorded, I.R.C. § 6203, and the focus shifts to whatever part of the total liability remains unpaid. *See* I.R.C. § 6303(a) (requiring the IRS to "give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof"); *Bull*, 295 U.S. at 259 ("Once the tax is assessed, the taxpayer will owe the sovereign the amount when the date fixed by law for payment arrives."). In other words, the IRS initially determines deficiencies, and the Tax Court can redetermine deficiencies under Section 6213(a), not liabilities. After assessment, the IRS can administratively collect the taxpayer's entire liability, and the taxpayer must pay that entire liability before she can dispute it in a refund suit. *See Flora*, 357 U.S. at 75.

It makes good sense that Congress picked the petition deadline, not the later assessment date, to cut off the Tax Court's jurisdiction to review deficiencies. Other than the statute of limitations, I.R.C.

-39-

§ 6501(a), the law does not fix an actual assessment date, and neither taxpayers nor the Tax Court are in the best position to know when an assessment has occurred. The 90-day deadline for filing a petition, however, is a bright line that all stakeholders can readily discern. *See Hallmark Rsch.*, 159 T.C. at 161 n.29.

### (v) Section 7422(e)

The complex scheme of statutes extends beyond Section 6213 and includes other provisions that reinforce the 90-day deadline's jurisdictional reading. Consider Section 7422(e), which draws a hard line between district court and Tax Court jurisdiction over tax disputes.

The IRS can issue a notice of deficiency even after a taxpayer has filed a refund suit, involving the same tax, in a district court or the Court of Federal Claims. *See Florida v. United States*, 285 F.2d 596, 602-03 (8th Cir. 1960). Moreover, the Tax Court can determine in a deficiency proceeding whether a taxpayer has overpaid her taxes and then order a refund. I.R.C. § 6512(b).

Section 7422(e), however, forbids two courts from exercising concurrent jurisdiction over the same tax dispute. If a refund suit has not gone to trial, and the IRS issues a deficiency notice "in respect of the

tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during *the period of time in which the taxpayer may file a petition with the Tax Court* for a redetermination of the asserted deficiency, and for 60 days thereafter." I.R.C. § 7422(e) (emphasis added). And if a petition is timely filed, "the district court or the United States Court of Federal Claims, as the case may be, shall lose jurisdiction of the taxpayer's [refund] suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund." *Id.*[10]

Section 7422(e) thus gives taxpayers "the option" of suing in Tax Court or another court but not "in both." *Flora*, 362 U.S. at 166; *accord* S. Rep. No. 83-1622, at 611 (1954); H.R. Rep. No. 83-1337, at A431 (1954). And Congress necessarily limited how much time taxpayers get to strip another court of its refund jurisdiction: until the deadline to petition for redetermination under Section 6213(a) expires.

---

[10] Filing a deficiency petition strips the other court's refund jurisdiction even if the refund proceeding is never stayed (and a judgment is entered). *See, e.g., Finley v. United States*, 612 F.2d 166, 169, 172-73 (5th Cir. 1980) (vacating a district court judgment because the Tax Court petition had ousted the district court's jurisdiction before judgment).

-41-

### (vi)  Sections 6320 and 6330

Although the Tax Court cannot redetermine a deficiency after it has been assessed under Section 6213(c), Congress has separately empowered the Tax Court to review tax liabilities in some post-assessment collection disputes.  The availability of such post-assessment judicial review weighs against Taxpayers' expansive view (Br. 22-24) of deficiency jurisdiction.  If such post-assessment relief could be inferred from Section 6213(a) itself, then Congress had no need to allow it expressly.

Under Sections 6320 and 6330, the IRS must notify a taxpayer that it has recorded a lien or intends to levy, which allows the taxpayer to request an administrative hearing before the IRS's Independent Office of Appeals.  *See* I.R.C. §§ 6320, 6330.  At the hearing, the taxpayer may "challenge[ ] the existence or the amount of the underlying tax liability," but *only* if she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  I.R.C. § 6330(c)(2)(B); *accord* I.R.C. § 6320(c).  And if the taxpayer preserves her liability challenge at the hearing, the Tax Court can review the liability on appeal from the

-42-

hearing officer's determination. I.R.C. § 6330(d)(1); *see Ruesch v. Commissioner*, 25 F.4th 67, 72 n.3 (2d Cir. 2022) (per curiam).[11]

"[W]hen Congress enacts a specific remedy when no remedy was previously recognized, or when previous remedies were 'problematic,' the remedy provided is generally regarded as exclusive." *Hinck*, 550 U.S. at 506 (internal quotation marks omitted). And in Sections 6320 and 6330, Congress has expressly provided a mechanism for post-assessment, pre-collection judicial review of a tax dispute for those taxpayers who could not otherwise get into Tax Court under Section 6213(a).

### (vii) Section 6512(a)

Congress has enacted two provisions to insulate Tax Court decisions from collateral attack: Section 6512(a) and Section 7459(d). But these provisions do not apply to jurisdictional dismissals, and their legislative histories show that Congress had untimely petitions in mind when it adopted these limitations on duplicative tax disputes.

---

[11] The IRS and taxpayers dispute the scope of liability-related relief available in a collection review case, but not the *availability* of judicial review. *See Zuch v. Commissioner*, 97 F.4th 81 (3d Cir. 2024), *reh'g denied* June 26, 2024, *petition for cert. filed* Oct. 11, 2024 (No. 24-416).

-43-

Section 6512(a) bars administrative refund claims and refund suits once the taxpayer has submitted to the Tax Court's deficiency jurisdiction. But this collateral bar applies only if the taxpayer files her Tax Court petition "within the time prescribed in section 6213(a)." By tying this bar to the "time prescribed in section 6213(a)," Section 6512(a) reinforces that Section 6213's deadline is jurisdictional.

When Congress enacted Section 6512(a)'s predecessor in 1926, Congress made its intent plain: Taxpayers should get only one shot at judicial review of a tax dispute, and if they submit to the Board's deficiency jurisdiction, the proceedings will foreclose both sides from relitigating the dispute in other fora. Congress explained that "the taxpayer's right to claim and sue for a refund shall be barred only if he takes the case to the board." S. Rep No. 69-52, at 26. "[T]o allow the reopening of the question of the tax for the year involved either by the taxpayer or the commissioner … would be highly undesirable." *Id.* "Finality is the end sought to be attained." *Id.*

When Congress enacted Section 6512(a)'s predecessor in 1926, however, the Board was routinely dismissing untimely petitions for lack of jurisdiction. *See* Revenue Act of 1928, Pub. L. No. 70-562, § 601,

-44-

45 Stat. 791, 871-72 (1928) ("1928 Act"); *see, e.g.*, *Lewis-Hall Iron Works v. Blair*, 23 F.2d 972, 974 (D.C. Cir. 1928); *Appeal of Hurst, Anthony & Watkins*, 1 B.T.A. 26, 27 (1924) (citing cases). So when enacting Section 6512(a)'s predecessor, Congress explained that future refund disputes would not be barred "[i]n the case of dismissal upon the ground that the petition was filed too late," H.R. Rep. No. 69-356, at 53 (1926), *i.e.*, after the window for deficiency jurisdiction had closed.[12]

### (viii) Section 7459(d)

**a.** Section 7459(d) complements Section 6512(a)'s bar on collateral attacks by treating certain dismissal orders as merits rulings. When the Tax Court obtains jurisdiction in a deficiency proceeding, Section 7459(d) provides that "a decision … dismissing the proceeding shall be considered as [the court's] decision that the deficiency is the amount determined by the Secretary." The statute then requires the court to enter an "[a]n order specifying such amount," *id.*, which renders the decision appealable. I.R.C. §§ 7459(c), 7483. The IRS, in turn, must enforce the decision by assessing "the entire amount redetermined as

---

[12] The Board at that time was also dismissing cases presenting other jurisdictional defects. *See Hallmark Rsch.*, 159 T.C. at 150-51.

-45-

the deficiency by the decision of the Tax Court." I.R.C. § 6215(a); *see also id.* § 7481 (prescribing finality of Tax Court decisions); *id.* § 7485(a)(1) (requiring a bond to stay assessment pending appeal).

Under Section 7459(d), a dismissal effectively affirms the deficiency that the IRS determined. *See* I.R.C. § 6215(b)(2) (cross-referencing Section 7459(d)); *see, e.g.*, *United States v. Josephberg*, 562 F.3d 478, 489-90 (2d Cir. 2009). A taxpayer who submits to the Tax Court's deficiency jurisdiction but then has her case dismissed becomes bound by the dismissal order just like a taxpayer who gets a final decision on the merits. Both had their one shot at judicial review. The IRS is equally bound by the dismissal and cannot pursue additional deficiencies or penalties, which it otherwise might have asserted in the deficiency proceeding. I.R.C. § 6214(a).[13]

But Section 7459(d) treats jurisdictional dismissals differently. If the Tax Court lacks jurisdiction, it has no power to grant merits relief, and a jurisdictional dismissal grants none; it simply restores the status

---

[13] Because dismissals can seriously prejudice both sides, the Tax Court does not simply let taxpayers voluntarily terminate deficiency proceedings. *See Est. of Ming v. Commissioner*, 62 T.C. 519, 521-24 (1974).

quo ante. Thus, when the Tax Court dismisses for lack of jurisdiction, it does not enter "[a]n order specifying [the] amount" of the deficiency, I.R.C. § 7459(d), and the IRS does not assess the deficiency under Section 6215(a) as if it were "redetermined … by the decision of the Tax Court." Instead, the IRS assesses under Section 6213(c) as if no petition had been filed, and all the taxpayer's other paths to relief remain open—including audit reconsideration before the IRS, redetermination of the liability in bankruptcy, post-assessment relief under Sections 6320 and 6330, and a refund after full payment. *See Sanders v. Commissioner*, 161 T.C. 112, 123-26 (2023) (Buch, J., concurring).

Other appellate courts have recently construed Section 7459(d) as a preclusion provision that would harm taxpayers if Section 6213(a)'s deadline were not jurisdictional. In *Organic Cannabis*, the Ninth Circuit relied on Section 7459(d) to reaffirm that the petition deadline is jurisdictional: "[T]he Tax Court's [non-jurisdictional] dismissal of a petition as untimely could potentially have the perverse effect of barring the taxpayer from later challenging the amount in a refund suit—ironically yielding precisely the sort of 'harsh consequence[ ]' that the Supreme Court's recent 'jurisdictional' jurisprudence has sought to

-47-

avoid." 962 F.3d at 1095 (quoting *Wong*, 575 U.S. at 409). Likewise, while the Third Circuit downplayed the scope of the problem, even that Court agreed that "if [the deadline] is not jurisdictional, and a taxpayer's redetermination petition is dismissed for untimeliness, the assessed amount would have preclusive effect in a refund suit under 26 U.S.C. § 7422." *Culp*, 75 F.4th at 202 (citing Section 7459(d)).

Taxpayers are thus wrong that the Tax Code prescribes no consequences for missing the deadline. (Br. 20-24.) If the deadline is jurisdictional, the IRS will assess and collect the deficiency that it has determined (subject to future challenges) after the deadline expires. I.R.C. § 6213(c). And if the deadline were not jurisdictional, the taxpayer would lose any chance of disputing the tax and getting a refund by missing the deadline.

**b.** Legislative history further shows how Section 7459(d) was added to dovetail with the jurisdictional deadline in Section 6213(a), as Congress understood it. When Congress first enacted Section 7459(d)'s predecessor in 1926, the statute did not distinguish between jurisdictional and non-jurisdictional dismissals. Section 906(c) of the 1926 Act treated every dismissal as a Board "decision that the

deficiency is the amount determined by the Commissioner."  44 Stat.
at 107.

Congress explained at the time why the statute treated
jurisdictional and non-jurisdictional dismissals alike:  "In the case of
dismissal upon the ground that the petition was filed too late, this
provision [Section 906(c)] is primarily necessary in order that the
amount of the bond may be fixed, in the event the taxpayer desires to
have the decision reviewed by the courts."  H.R. Rep. No. 69-356, at 53;
*see supra* p. 29 (discussing appeal bonds).  Yet Congress simultaneously
confirmed that a jurisdictional dismissal would not bar a future refund
claim or suit "as it [did] in the case of a dismissal for want of
prosecution, for example."  H.R. Rep. No. 69-356, at 53.

Soon after Congress enacted Section 906(c), the Board rejected
Congress's rationale and refused to enter jurisdictional dismissal orders
that "specif[ied] the deficiency to be the amount determined by the
Commissioner."  *Appeal of United Paper Co.*, 4 B.T.A. 257, 258 (1926).
The Board explained:  "Necessarily the Board has the power to
determine whether jurisdiction exists and, if not, to make an
appropriate record of its determination."  *Id.*  "While in form a

dismissal, [such an] order is in effect a determination that no appeal has been taken, and there can be no jurisdiction even to dismiss the appeal in the sense in which dismissal is used in the statute." *Id.* "In those cases where the Board determines that it has no jurisdiction of the appeal, it does not provide in its order that the deficiency is the amount determined by the Commissioner." *Id.* The taxpayer in *United Paper* had filed its petition too late. *See id.* at 257.

Congress promptly amended Section 906(c) to follow *United Paper*. The amended law excused the Board from entering dismissal orders that sustain the IRS's deficiency determination when "the dismissal is for lack of jurisdiction." 1928 Act, § 601, 45 Stat. at 871-72. Section 7459(d) still makes the same distinction.

To recap: If the taxpayer does not "file[ ] a petition with the Tax Court within the time prescribed in section 6213(a)," I.R.C. § 6512(a), the Tax Court does not obtain jurisdiction over the dispute. The Tax Court should dismiss the untimely petition on that basis. I.R.C. § 6213(a). And because "the dismissal is for lack of jurisdiction," the Tax Court's dismissal order is not a "decision that the deficiency is the

amount determined by the Secretary," I.R.C. § 7459(d), and thus no permanent consequences attach to the dismissal.

### c. The unique context of Section 6213(a)'s deadline distinguishes it from other non-jurisdictional time limits

Taxpayers repeatedly liken Section 6213(a)'s deadline to other time limits that the Supreme Court has held are non-jurisdictional. Yet Taxpayers never grapple with Section 6213(a)'s unique context, *see supra* pp. 28-30, which distinguishes it from those other time limits.

First and foremost, none of those other deadlines is the lynchpin of a sprawling and complex statutory scheme designed to fund the federal government. Even the deadline in *Boechler*, another tax provision, concerns challenges only to a single post-assessment collection action. It does not impact all the IRS's other avenues for collection, let alone disrupt the assessment on which all administrative collection depends. *See also supra* pp. 26-27 (distinguishing I.R.C. § 6330(d)(1)'s text).

Second, missing Section 6213(a)'s jurisdictional deadline does not cut off all judicial review. A jurisdictional dismissal on timeliness grounds leaves intact alternative paths to relief, including a taxpayer's

ultimate due process remedy: a refund suit, where her claims get fresh consideration in a district court or the Court of Federal Claims. *See Phillips v. Commissioner*, 283 U.S. 589, 595-97 (1931); *accord Reich v. Collins*, 513 U.S. 106, 111 (1994). Simply put, when the Tax Court dismisses an untimely petition for lack of jurisdiction, the taxpayer is merely thrown out of the ring, and she may continue her fight elsewhere.

By contrast, missing the deadlines in *Wong*, *Wilkins*, *Henderson*, *Harrow*, and *Boechler* (among others) leaves claimants with no second chance at judicial review. Federal tort plaintiffs must assert timely claims or else judicial review is "forever barred." 28 U.S.C. § 2401(b). The same goes for quiet-title plaintiffs. *Id.* § 2409a(g). Veterans seeking to challenge a benefits determination must timely appeal to the Veterans Court. *See Henderson*, 562 U.S. at 431-33; *Dela Cruz v. Wilkie*, 931 F.3d 1143, 1152 (Fed. Cir. 2019); *Larrabee ex rel. Jones v. Derwinski*, 968 F.2d 1497, 1501 (2d Cir. 1992). Federal workers seeking to reverse a major adverse employment action must timely appeal to the Federal Circuit (from the MSPB). *See Harrow*, 601 U.S. at 482; *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5-6 (2012). And taxpayers

seeking to dispute a levy before losing their property must file a timely Tax Court petition under Section 6330(d)(1).[14]  *See Boechler*, 596 U.S. at 202-03.

Finally, while prepayment review in deficiency proceedings helps taxpayers, Congress did not intend such proceedings to be "unusually protective" of taxpayers like veterans' benefits programs are of veterans.  *Henderson*, 562 U.S. at 437; *see also id.* at 440-41 (emphasizing "solicitude" of veterans in construing the deadline as non-jurisdictional).  Taxpayers wrongly contend otherwise.  (Br. 37-38.)

Deficiency proceedings are adversarial and rigorous, even for pro se litigants.  *Contra Henderson*, 562 U.S. at 440.  Among other things, the deadline to file a deficiency petition depends on the deficiency notice's *mailing*, not its receipt by the taxpayer.  *See Vibro Mfg.*, 312 F.2d at 254.  Once in Tax Court, all taxpayers must disprove the IRS's deficiency determination because that determination enjoys a "presumption of correctness."  *Welch v. Helvering*, 290 U.S. 111, 115 (1933).  The Tax Court's procedural rules mirror the Federal Rules of

---

[14] Although such taxpayers might still bring refund suits, refunds will not return, *e.g.*, rare art, precious jewelry, or real property sold to satisfy their tax debts.

-53-

Civil Procedure, *see Kramer v. Commissioner*, 89 T.C. 1081, 1084 (1987), and they apply equally to all. *See Wallis v. Commissioner*, 357 F.2d 313, 314 (10th Cir. 1966); *see also* I.R.C. § 7453 (adopting the Federal Rules of Evidence). And the stay against assessment and collection during a deficiency proceeding expires on appeal unless the taxpayer posts a bond sufficient to cover her deficiency. I.R.C. § 7485(a).[15]

### 3. History: Section 6213(a)'s history fortifies the jurisdictional reading

The final pillar of the clear-statement rule is the "relevant historical treatment" of the statutory condition. *Reed Elsevier*, 559 U.S. at 166. Such history "is not dispositive." *Id.* at 169; *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 422 (2023). But it remains "a factor in the analysis." *Reed Elsevier*, 559 U.S. at 169; *see, e.g.*, *Wong*, 575 U.S. at 412 (consulting legislative history). Section 6213(a)'s history firmly supports the jurisdictional reading of its deadline.

Before 2023, every federal appellate court to reach the question had held that Section 6213(a)'s deadline is jurisdictional. *See Hallmark*

---

[15] For small-dollar cases, taxpayers can opt into less exacting procedures, but in doing so they forfeit their right to appeal an adverse decision. *See* I.R.C. § 7463; Tax Ct. R. 170-174; *see, e.g.*, *Foley*, 95 F.4th at 740-41.

-54-

*Rsch.*, 159 T.C. at 155-60, 171-82. And between the deadline's 1924

enactment and 1998, Congress serially reenacted the deficiency petition

statute, while making other changes to the law that reinforced the

appellate courts' uniform jurisdictional interpretation. *See id.* This

statutory history suggests that Congress meant to incorporate the

widely settled jurisdictional view into the law. *See Bragdon v. Abbott*,

524 U.S. 624, 645 (1998); *see also Liu v. SEC*, 591 U.S. 71, 86 (2020)

(explaining this "prior-construction principle" of interpretation);

A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts*

322 (2012) (same). Indeed, the Tax Court in *Hallmark Research* relied

principally on the "prior-construction canon" to reaffirm that

Section 6213(a)'s deadline is jurisdictional. *Sanders*, 161 T.C. at 118-19

(cleaned up).

More importantly, there is recent, direct evidence—the Internal

Revenue Service Restructuring and Reform Act of 1998—showing that

Congress *affirmatively adopted* the consensus jurisdictional view.

Relevant here, that legislation did two things. First, it newly directed

the IRS to state the petition deadline in all deficiency notices. *See*

*supra* pp. 34-35. Second, it added Section 6213(a)'s fifth sentence,

-55-

requiring the Tax Court to treat petitions filed by the stated deadline "as timely filed." *See id.* To explain this change, Congress said outright: "If the petition is not filed within th[e] time period" in Section 6213(a), "the Tax Court does not have *jurisdiction* to consider the petition." H.R. Conf. Rep. No. 105-599, at 289 (emphasis added). And true to this understanding, Congress amended Section 6213(a) in a way that only makes sense if the deadline is jurisdictional. *See supra* p. 35-36.

So while no "long line" of Supreme Court cases has treated the deadline as jurisdictional (Br. 34-36), Congress's recent treatment of the deadline reinforces the jurisdictional reading that Section 6213(a)'s text and context bear out. *See, e.g.*, *Zipes*, 455 U.S. at 394-95. The Court need not *presume* from the statute's history that Congress "acquiesce[d]" to the lower courts' uniform treatment of the deadline, *Wilkins*, 598 U.S. at 165, nor *infer* congressional intent from lower courts' historical treatment of other, similarly worded statutes. *See, e.g.*, *Boechler*, 596 U.S. at 208.

-56-

4. **Treating the deadline as non-jurisdictional would disrupt the elaborate system of statutes affecting administrative collection, add to the Tax Court's burdens, and prejudice most late-filing taxpayers**

**a.** If Section 6213(a)'s petition deadline remains jurisdictional, the tightly knit array of statutes above work harmoniously, as they have for a century. But if the deadline were not jurisdictional, then all manner of bugs would crop up that Congress did not contemplate and that cannot be squashed easily (if at all).

For instance, what happens when a taxpayer demands tolling after the IRS has made the compulsory assessment under Section 6213(c) because she did not file her petition "within the time prescribed in subsection (a)?" No court could enjoin the assessment. Assessments can be enjoined only when improperly made "during the time" that Section 6213(a) prohibits assessment, and that embargo period ends with the petition deadline. I.R.C. § 6213(a) (second and third sentences). Of course, Congress allows certain late petitions to be

-57-

accepted as timely, but that relief is statutory, and it often applies to classes of similarly situated taxpayers rather than to individual cases.[16]

Could the IRS simply abate an assessment made under Section 6213(c) if an untimely petition were accepted after equitable tolling? (Br. 22-23.) No, because the IRS's abatement power is limited, and it covers liabilities "erroneously or illegally assessed." I.R.C. § 6404(a)(3). An assessment made under Section 6213(c), after the petition deadline expires without a petition, is neither erroneous nor illegal. If another statute renders a late petition timely filed, however, the IRS may abate that assessment because it would be legally "erroneous."

Could the IRS, after an untimely petition has been dismissed, simply decline to assert Section 7459(d) preclusion in a later-filed refund suit? Taxpayers apparently think so. (Br. 29-32.) They urge the Court to ignore Section 7459(d)'s express carveout for jurisdictional

---

[16] *See, e.g.*, I.R.C. § 7451(b)(1) (tolling petition deadlines when the Tax Court "is inaccessible or otherwise unavailable to the general public" on the petition due date); *id.* § 7508(a)(1) (exception for service members serving in designated combat zones); *id.* § 7508A(a)(1) (similar relief for taxpayers in federally declared disaster zones); *see also id.* § 7502(a) (mailbox rule treating the "date of mailing" as the "date of filing").

-58-

dismissals, chiefly because the Tax Court can lack jurisdiction "for a variety of reasons." (Br. 29.) Taxpayers are wrong. They never even mention Section 6215(a), let alone deal with its command to assess deficiencies sustained by a Tax Court decision. The IRS cannot just pick which Tax Court decisions to follow and which to defy.[17]

And what about Section 6512(a), which works together with Section 7459(d) to bar successive litigation of the same tax dispute? Taxpayers concede that Section 6512(a) "actually does address preclusion," but they say that statute does not apply to petitions filed "outside the time prescribed in section 6213(a)." (Br. 32.) Rather than accept Section 6512(a)'s reference to the 90-day deadline as proof of the deadline's jurisdictional significance, *see supra* pp. 43-44, Taxpayers treat the reference as a meaningless technicality. In their view, taxpayers who follow the law and file a timely petition must get only one bite at the judicial apple, while noncompliant taxpayers can get

_____

[17] *See* H.R. Rep. No. 69-1, at 20 ("[E]xecution of the decision is dependent upon the administrative action of the commissioner in assessing and collecting the tax in accordance with the decision. The duty imposed upon the commissioner in respect of the deficiency decided is not discretionary but nondiscretionary, and the performance of the duty in accordance with law is mandatory."); *accord* S. Rep. No. 69-52, at 37.

-59-

two. (Br. 34.) That makes no sense, and it defies Congress's intent when it added this statutory bar in 1926. *See supra* pp. 43-44.

Simply put, Taxpayers' non-jurisdictional reading of Section 6213(a) overlooks most of the other statutes comprising "this complex terrain of interconnected provisions and exceptions enacted over [a century]." *Hall v. United States*, 566 U.S. 506, 523 (2012). And their reading portends untold "ripple effects beyond this individual case." *Id.*

**b.** Taxpayers' reading of Section 6213(a) has another problem. It ignores the Supreme Court's other clear-statement rule: that waivers of sovereign immunity, like Section 6213(a), "must be unequivocally expressed in statutory text" and "strictly construed, in terms of [their] scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). While this sovereign immunity rule may not insulate Section 6213(a) from the jurisdictional clear-statement rule, *see Wilkins*, 598 U.S. at 158 n.3, the Court should still construe the deadline narrowly in the Commissioner's favor. That means resisting any reading of Section 6213(a) that would let the Tax Court or either

-60-

party extend the statutory deadline in a way not expressly authorized by law. *See, e.g.*, *Dalm*, 494 U.S. at 608.

**c.** Taxpayers' amicus exaggerates the Tax Court's burden to police Section 6213(a)'s jurisdictional deadline. (Amicus Br. 3-9, 12.) Like notices of appeal to this Court, it is simple math to determine the timeliness of a deficiency petition, and the relevant dates are readily discernable. Deficiency notices must state the petition deadline. I.R.C. § 6212 note. Notices should also bear their actual mailing date. *See* Internal Revenue Manual 4.8.9.11.2(2) (Jan. 10, 2023). Petitions must attach the deficiency notice. Tax Ct. R. 34(b)(2). And the petition filing date should be evident from either the paper envelope or electronic file stamp. (*See, e.g.*, A5, A27.)

Yet if the deadline were not jurisdictional and could be equitably tolled, the Tax Court would have to undertake fact-intensive inquiries into individualized tolling claims. Such claims would require proof that a taxpayer "pursued his rights diligently but some extraordinary circumstance prevent[ed] him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). And given the harsh

-61-

consequences that follow non-jurisdictional dismissals, the Tax Court might choose to vet every tolling claim, no matter how bare-bones.

**d.** Finally, Taxpayers' amicus wrongly insists that a non-jurisdictional deadline would benefit all taxpayers. (Amicus Br. 12-16, 25-26.) As shown below, the deadline could not be equitably tolled even if it were not jurisdictional. *See infra* pp. 62-67. So untimely petitions would still shutter taxpayers' alternative paths to challenge their tax debts, leaving them worse off. *See* I.R.C. §§ 6512(a), 7459(d).

But even if equitable tolling were available *in theory*, most late-filing taxpayers would not get tolling. According to amicus's proffered data, scarcely eight percent of taxpayers who file untimely petitions even assert grounds for tolling. (Amicus Br. 9-10, 16.) While that fraction might increase in a world where equitable tolling were possible, most taxpayers would still fail to overcome the extraordinary threshold for tolling relief. And if the deadline could be equitably tolled, deficiency notices could not properly warn taxpayers that "[t]he court can't consider your case if you file the petition late" and that the deadline "can't be extended or suspended, even for reasonable cause." (A42 (emphasis omitted).) Absent such warnings, more taxpayers

would likely gamble their rights away on a late petition. What has been a reliable bright line would become a trap for the unwary.

The jurisdictional deadline protects those taxpayers who innocently file their petition late but who have no extraordinary excuse for doing so. And "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

### C. Section 6213(a)'s deadline would be mandatory even if it were not jurisdictional, so it cannot be equitably tolled

**1.** Because Section 6213(a)'s deadline is jurisdictional, it cannot be equitably tolled. *See Wong*, 575 U.S. at 409; *see, e.g.*, *Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 117-18 (2d Cir. 2008) (jurisdictional deadline could not be equitably tolled). Yet even if the deadline "lack[ed] jurisdictional force," it would not be "malleable." *Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 192 (2019). Some non-jurisdictional deadlines remain mandatory. *See, e.g.*, *United States v. Brockamp*, 519 U.S. 347, 350 (1997). So while statutory deadlines are "presumptively subject to equitable tolling," *Boechler*, 596 U.S. at 209, there is "good reason to

-63-

believe that Congress did *not* want the equitable tolling doctrine to apply" to Section 6213(a). *Brockamp*, 519 U.S. at 350 (assuming, "only for argument's sake," that no broader principle foreclosed tolling of another tax deadline, I.R.C. § 6511).

In *Brockamp*, for instance, the Supreme Court held that the deadline to file administrative refund claims, I.R.C. § 6511, is mandatory and cannot be tolled "for nonstatutory equitable reasons." 519 U.S. at 348.[18]  The Court reasoned that "Section 6511 sets forth its time limitations in unusually emphatic form," *id.* at 350; that the statute "reiterates its limitations several times in several different ways," *id.* at 351; that "the Tax Code reemphasizes" the mandatory deadline in other statutes, *id.*; and that "[t]he nature of the underlying subject matter," federal tax collection, suggests "that Congress would likely have wanted to decide explicitly whether, or just where and when, to expand the statute's limitations periods, rather than delegate to the courts a generalized power to do so whenever a court concludes

---

[18] Jurisdiction over refund suits requires a timely filed administrative refund claim.  *See Dalm*, 494 U.S. at 608-11.

-64-

that equity so requires." *Id.* at 352-53. These same considerations hold true for Section 6213(a).

**2.** Like Section 6511, Section 6213(a)'s text prescribes a clear default deadline and then carves out "explicit exceptions" that "do not include 'equitable tolling.'" 519 U.S. at 351. The statute fixes a longer deadline for taxpayers "outside the United States" and excludes weekend days and holidays from counting "as the last day." The statute also relaxes the deadline for late petitions filed by the deadline stated in the notice of deficiency by treating those petitions as "timely filed." Subsection (f)(1) grants further limited relief to taxpayers who file for bankruptcy before their petition deadline expires. Congress added these express exceptions to the deadline believing it was jurisdictional. *See supra* pp. 33-37. If that long-held view now conflicts with modern Supreme Court precedent, history still shows that Congress did not intend the Tax Court—an Article I tribunal that lacks general equitable powers—to relax the deadline on its own terms.

Moreover, like the deadline in *Brockamp*, Section 6213(a)'s deadline is "reiterate[d]" and "reemphasize[d] ... in several different ways" throughout the Tax Code. 519 U.S. at 351. The deadline dictates

-65-

the initial assessment-embargo period and thus limits which pre-suit assessments courts can enjoin. I.R.C. § 6213(a) (second sentence). It curbs the Tax Court's special injunction power, which depends on a "timely" petition. *Id.* (fourth sentence). It dictates when the IRS must assess a deficiency. *Id.* § 6213(c). It affects the IRS's power to issue additional deficiency notices. *Id.* § 6212(c)(1). And it animates the powerful statutory bar on successive tax litigation. *Id.* § 6512(a).[19]

The deadline in *Boechler* lacks these important textual features. *See* 596 U.S. at 210. And to apply equitable tolling to Section 6213(a)'s deadline would require adding a judicially made exception to Congress's detailed, express scheme of exceptions and carveouts, which the Supreme Court has cautioned against.

**3.** Context confirms what Section 6213(a)'s text makes clear. *See, e.g.*, *Acierno v. Barnhart*, 475 F.3d 77, 81-83 (2d Cir. 2007) (considering text, structure, context, and history to hold that a statutory deadline could not be equitably tolled). To start, "[t]ax law … is not normally

---

[19] Several substantive tax provisions also depend on Section 6213(a)'s deadline. *See* I.R.C. §§ 303(b)(1)(B), 2014(e)(1), 2058(b)(2)(A), 4942(j)(2)(A), 4963(e)(1)(A). And for certain employment tax disputes in Tax Court, the Tax Code adopts "[t]he principles of subsections (a), (b), (c), (d), and (f) of section 6213." I.R.C. § 7436(d)(1).

-66-

characterized by case-specific exceptions reflecting individualized equities." *Brockamp*, 519 U.S. at 352. Moreover, as shown above, *see supra* pp. 28-30, the deadline for challenging a deficiency determination is a "central provision of tax law." *Boechler*, 596 U.S. at 210. Indeed, the deadline directly affects tax collections from every taxpayer who receives a notice of deficiency—which, in 2023, exceeded one million. Internal Revenue Service, *2023 Data Book* at 56 (table 24 and notes 5-6, 9-10) [https://perma.cc/P9EJ-DYHH]. While only some of these taxpayers ultimately file petitions challenging deficiency determinations, the "serious administrative problems" that equitable tolling would cause are manifest. *Brockamp*, 519 U.S. at 352.[20]

Even if the risk of administrative havoc did not bear out in practice—as the Third Circuit believed, *see Culp*, 75 F.4th at 204-05— what matters is the "*potential* magnitude of the administrative problem." *Brockamp*, 519 U.S. at 352 (emphasis added). Here, the potential risk "suggest[s] that Congress decided to pay the price of occasional unfairness in individual cases (penalizing a taxpayer whose

---

[20] Almost 21,000 deficiency petitions were filed in 2023. *See* United States Tax Court, *Congressional Budget Justification Fiscal Year 2025* at 18 [https://perma.cc/59CzN-FUB2].

[petition] is unavoidably delayed) in order to maintain a more workable tax enforcement system." *Id.* at 352-53.

Given the comparatively insignificant role of Section 6330(d)(1), it is no wonder the *Boechler* Court held that that deadline's "context does nothing to rebut the presumption" favoring tolling. 596 U.S. at 209. But Section 6213(a)'s deadline is far more like the deadline in *Brockamp* than the deadline in *Boechler*, and that is why Taxpayers' arguments to the contrary fail.[21] Because Section 6213(a)'s deadline is either jurisdictional or otherwise mandatory, it can never be equitably tolled.

_____

[21] For instance, Taxpayers insist that Section 6213(a)'s deadline is "relatively short" (Br. 41), but that is because it promotes the government's compelling interest in prompt collection of taxes. *See supra* pp. 4-5, 30.

-68-

## CONCLUSION

This Court should affirm the Tax Court's decision dismissing

Taxpayers' untimely petition.

Respectfully submitted,

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*

/s/ Isaac B. Rosenberg

ELLEN PAGE DELSOLE             (202) 514-8128
ISAAC B. ROSENBERG             (202) 514-2426
  *DC Bar No. 998900*
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

DECEMBER 16, 2024

# CERTIFICATE OF COMPLIANCE

## Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1.  This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    [X]   this document contains **13,131** words, **or**

    [ ]   this brief uses a monospaced typeface and contains _____ lines of text.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [X]   this document has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in Century Schoolbook 14, **or**

    [ ]   this brief has been prepared in a monospaced typeface using _____ with _____.

(s) ___/s/ Isaac B. Rosenberg___

Attorney for ___Commissioner of Internal Revenue___

Dated: ___December 16, 2024___

# STATUTORY ADDENDUM

# STATUTORY ADDENDUM TABLE OF CONTENTS

**Statute**                                                    **Page**

5 U.S.C. § 7703(b)(1) ...................................................Add.1

11 U.S.C. § 362(a)(8) ................................................. Add. 2

11 U.S.C. § 505(a) .................................................... Add. 3

26 U.S.C.:
    § 303(b)(1)(B) .....................................................Add. 4
    § 2014(e)(1) .......................................................Add. 5
    § 2058(b)(2)(A) ...................................................Add. 6
    § 4942(j)(2) ........................................................Add. 8
    § 6203 ..............................................................Add. 9
    § 6211(a).......................................................... Add. 10
    § 6212(a), (c)(1), note ......................................... Add. 11
    § 6213(a), (c), (f)(1)............................................ Add. 13
    § 6214(a).......................................................... Add. 15
    § 6215 ............................................................. Add. 16
    § 6303(a).......................................................... Add. 17
    § 6321 ............................................................. Add. 18
    § 6322 ............................................................. Add. 19
    § 6330(a)-(e)(1) ................................................. Add. 20
    § 6331(a).......................................................... Add. 26
    § 6404(a).......................................................... Add. 27
    § 6501(a).......................................................... Add. 28
    § 6502(a).......................................................... Add. 29
    § 6503(a)(1) ...................................................... Add. 30
    § 6511 ............................................................. Add. 31
    § 6512(a).......................................................... Add. 42
    § 7421(a).......................................................... Add. 44
    § 7422(a), (e) .................................................... Add. 45
    § 7436(d)(1) ...................................................... Add. 47
    § 7442 ............................................................. Add. 48
    § 7451(b)(1) ...................................................... Add. 49
    § 7459(c)-(d) ..................................................... Add. 50
    § 7485(a).......................................................... Add. 51

**Statute**                                                           **Page**

26 U.S.C. (continued):
  § 7502(a)(1) ........................................................ Add. 52
  § 7503 ................................................................ Add. 53
  § 7508(a) ............................................................ Add. 54
  § 7508A(a) .......................................................... Add. 56

28 U.S.C. § 1295(a)(9) ............................................ Add. 57

38 U.S.C. § 7252(a) ................................................ Add. 58

38 U.S.C. § 7266 ................................................... Add. 59

## 5 U.S.C. § 7703(b)(1)

### § 7703.  Judicial review of decisions of the Merit Systems Protection Board

\*          \*          \*

(b)(1)(A) Except as provided in subparagraph (B) and paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit. Notwithstanding any other provision of law, any petition for review shall be filed within 60 days after the Board issues notice of the final order or decision of the Board.

(B) A petition to review a final order or final decision of the Board that raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D) shall be filed in the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. Notwithstanding any other provision of law, any petition for review shall be filed within 60 days after the Board issues notice of the final order or decision of the Board.

\*          \*          \*

Add. 1

## 11 U.S.C. § 362(a)(8)

**§ 362. Automatic stay**

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

\*　　　\*　　　\*

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

\*　　　\*　　　\*

## 11 U.S.C. § 505(a)

### § 505. Determination of tax liability

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

(2) The court may not so determine—

(A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title;

(B) any right of the estate to a tax refund, before the earlier of—

(i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or

(ii) a determination by such governmental unit of such request; or

(C) the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under applicable nonbankruptcy law has expired.

\* \* \*

Add. 3

## 26 U.S.C. § 303(b)(1)(B)

### § 303.  Distributions in redemption of stock to pay death taxes

\*          \*          \*

### (b) Limitations on application of subsection (a)

(1) Period for distribution

Subsection (a) shall apply only to amounts distributed after the death of the decedent and—

(A) within the period of limitations provided in section 6501(a) for the assessment of the Federal estate tax (determined without the application of any provision other than section 6501(a)), or within 90 days after the expiration of such period,

(B) if a petition for redetermination of a deficiency in such estate tax has been filed with the Tax Court within the time prescribed in section 6213, at any time before the expiration of 60 days after the decision of the Tax Court becomes final, or

(C) if an election has been made under section 6166 and if the time prescribed by this subparagraph expires at a later date than the time prescribed by subparagraph (B) of this paragraph, within the time determined under section 6166 for the payment of the installments.

\*          \*          \*

## 26 U.S.C. § 2014(e)(1)

### § 2014.  Credits for foreign death taxes

\*          \*          \*

### (e) Period of limitation

The credit provided in this section shall be allowed only for such taxes as were actually paid and credit therefor claimed within 4 years after the filing of the return required by section 6018, except that—

(1)     If a petition for redetermination of a deficiency has been filed with the Tax Court within the time prescribed in section 6213(a), then within such 4-year period or before the expiration of 60 days after the decision of the Tax Court becomes final.

(2) If, under section 6161, an extension of time has been granted for payment of the tax shown on the return, or of a deficiency, then within such 4-year period or before the date of the expiration of the period of the extension.

Refund based on such credit may (despite the provisions of sections 6511 and 6512) be made if claim therefor is filed within the period above provided. Any such refund shall be made without interest.

\*          \*          \*

Add. 5

## 26 U.S.C. § 2058(b)(2)(A)

**§ 2058. State death taxes**

\*           \*           \*

**(b) Period of limitations**

The deduction allowed by this section shall include only such taxes as were actually paid and deduction therefor claimed before the later of—

(1) 4 years after the filing of the return required by section 6018, or

(2) if—

(A) a petition for redetermination of a deficiency has been filed with the Tax Court within the time prescribed in section 6213(a), the expiration of 60 days after the decision of the Tax Court becomes final,

(B) an extension of time has been granted under section 6161 or 6166 for payment of the tax shown on the return, or of a deficiency, the date of the expiration of the period of the extension, or

(C) a claim for refund or credit of an overpayment of tax imposed by this chapter has been filed within the time prescribed in section 6511, the latest of the expiration of—

(i) 60 days from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of any part of such claim,

(ii) 60 days after a decision by any court of competent jurisdiction becomes final with respect to a timely suit instituted upon such claim, or

Add. 6

*continued – 26 U.S.C. § 2058*

(iii) 2 years after a notice of the waiver of disallowance is filed under section 6532(a)(3).

Notwithstanding sections 6511 and 6512, refund based on the deduction may be made if the claim for refund is filed within the period provided in the preceding sentence. Any such refund shall be made without interest.

## 26 U.S.C. § 4942(j)(2)

### § 4942.  Taxes on failure to distribute income

\*          \*          \*

### (j) Other definitions

For purposes of this section—

\*          \*          \*

### (2) Allowable distribution period

The term "allowable distribution period" means, with respect to any private foundation, the period beginning with the first day of the first taxable year following the taxable year in which the incorrect valuation (described in subsection (a)(2)) occurred and ending 90 days after the date of mailing of a notice of deficiency (with respect to the tax imposed by subsection (a)) under section 6212 extended by—

(A) any period in which a deficiency cannot be assessed under section 6213(a), and

(B) any other period which the Secretary determines is reasonable and necessary to permit a distribution of undistributed income under this section.

\*          \*          \*

<u>26 U.S.C. § 6203</u>

**§ 6203. Method of assessment**

The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.

## 26 U.S.C. § 6211(a)

**§ 6211. Definition of a deficiency**

**(a) In general**

For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, and 44 the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44 exceeds the excess of—

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

(2) the amount of rebates, as defined in subsection (b)(2), made.

\*　　　\*　　　\*

Add. 10

## 26 U.S.C. § 6212(a), (c)(1), note

### § 6212.  Notice of deficiency

### (a) In general

If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44 he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

\*          \*          \*

### (c) Further deficiency letters restricted

### (1) General rule

If the Secretary has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), the Secretary shall have no right to determine any additional deficiency of income tax for the same taxable year, of gift tax for the same calendar year, of estate tax in respect of the taxable estate of the same decedent, of chapter 41 tax for the same taxable year, of chapter 43 tax for the same taxable year, of chapter 44 tax for the same taxable year, of section 4940 tax for the same taxable year, or of chapter 42 tax, (other than under section 4940) with respect to any act (or failure to act) to which such petition relates, except in the case of fraud, and except as provided in section 6214(a) (relating to assertion of greater deficiencies before the Tax Court), in section 6213(b)(1) (relating to mathematical or clerical errors), in section 6851 or 6852 (relating to termination assessments), or in section 6861(c) (relating to the making of jeopardy assessments).

\*          \*          \*

Add. 11

*continued – 26 U.S.C. § 6212*

## Statutory Notes and Related Subsidiaries

\* \* \*

## Notice of Deficiency To Specify Deadlines
## for Filing Tax Court Petition

Pub. L. 105–206, title III, §3463(a), July 22, 1998, 112 Stat. 767, provided that: "The Secretary of the Treasury or the Secretary's delegate shall include on each notice of deficiency under section 6212 of the Internal Revenue Code of 1986 the date determined by such Secretary (or delegate) as the last day on which the taxpayer may file a petition with the Tax Court."

[Section 3463(a) of Pub. L. 105–206, set out above, applicable to notices mailed after Dec. 31, 1998, see section 3463(c) of Pub. L. 105–206, set out as an Effective Date of 1998 Amendment note under section 6213 of this title.]

## <u>26 U.S.C. § 6213(a), (c), (f)(1)</u>

**§ 6213.  Restrictions applicable to deficiencies; petition to Tax Court**

**(a) Time for filing petition and restriction on assessment**

Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851, 6852, or 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court, and a refund may be ordered by such court of any amount collected within the period during which the Secretary is prohibited from collecting by levy or through a proceeding in court under the provisions of this subsection. The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition. Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed.

\*          \*          \*

*continued – 26 U.S.C. § 6213*

**(c) Failure to file petition**

If the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary.

\*   \*   \*

**(f) Coordination with title 11**

**(1) Suspension of running of period for filing petition in title 11 cases**

In any case under title 11 of the United States Code, the running of the time prescribed by subsection (a) for filing a petition in the Tax Court with respect to any deficiency shall be suspended for the period during which the debtor is prohibited by reason of such case from filing a petition in the Tax Court with respect to such deficiency, and for 60 days thereafter.

\*   \*   \*

## 26 U.S.C. § 6214(a)

### § 6214. Determinations by Tax Court

### (a) Jurisdiction as to increase of deficiency, additional amounts, or additions to the tax

Except as provided by section 7463, the Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or any addition to the tax should be assessed, if claim therefor is asserted by the Secretary at or before the hearing or a rehearing.

\*          \*          \*

<u>26 U.S.C. § 6215</u>

**§ 6215. Assessment of deficiency found by Tax Court**

**(a) General rule**

If the taxpayer files a petition with the Tax Court, the entire amount redetermined as the deficiency by the decision of the Tax Court which has become final shall be assessed and shall be paid upon notice and demand from the Secretary. No part of the amount determined as a deficiency by the Secretary but disallowed as such by the decision of the Tax Court which has become final shall be assessed or be collected by levy or by proceeding in court with or without assessment.

**(b) Cross references**

**(1) For assessment or collection of the amount of the deficiency determined by the Tax Court pending appellate court review, see section 7485.**

**(2) For dismissal of petition by Tax Court as affirmation of deficiency as determined by the Secretary, see section 7459(d).**

**(3) For decision of Tax Court that tax is barred by limitation as its decision that there is no deficiency, see section 7459(e).**

**(4) For assessment of damages awarded by Tax Court for instituting proceedings merely for delay, see section 6673.**

**(5) For rules applicable to Tax Court proceedings, see generally subchapter C of chapter 76.**

**(6) For extension of time for paying amount determined as deficiency, see section 6161(b).**

Add. 16

## 26 U.S.C. § 6303(a)

### § 6303. Notice and demand for tax

### (a) General rule

Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.

\*        \*        \*

## <u>26 U.S.C. § 6321</u>

### § 6321.  Liens for taxes

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

## 26 U.S.C. § 6322

### § 6322.  Period of lien

Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time.

## <u>26 U.S.C. § 6330(a)-(e)(1)</u>

**§ 6330.  Notice and opportunity for hearing before levy**

**(a) Requirement of notice before levy**

**(1) In general**

No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made. Such notice shall be required only once for the taxable period to which the unpaid tax specified in paragraph (3)(A) relates.

**(2) Time and method for notice**

The notice required under paragraph (1) shall be—

(A) given in person;

(B) left at the dwelling or usual place of business of such person; or

(C) sent by certified or registered mail, return receipt requested, to such person's last known address;

not less than 30 days before the day of the first levy with respect to the amount of the unpaid tax for the taxable period.

**(3) Information included with notice**

The notice required under paragraph (1) shall include in simple and nontechnical terms—

(A) the amount of unpaid tax;

(B) the right of the person to request a hearing during the 30-day period under paragraph (2); and

(C) the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth—

(i) the provisions of this title relating to levy and sale of property;

(ii) the procedures applicable to the levy and sale of property under this title;

(iii) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals;

(iv) the alternatives available to taxpayers which could prevent levy on property (including installment agreements under section 6159); and

(v) the provisions of this title and procedures relating to redemption of property and release of liens on property.

## (b) Right to fair hearing

### (1) In general

If the person requests a hearing in writing under subsection (a)(3)(B) and states the grounds for the requested hearing, such hearing shall be held by the Internal Revenue Service Independent Office of Appeals.

### (2) One hearing per period

A person shall be entitled to only one hearing under this section with respect to the taxable period to which the unpaid tax specified in subsection (a)(3)(A) relates.

*continued – 26 U.S.C. § 6330*

**(3) Impartial officer**

The hearing under this subsection shall be conducted by an officer or employee who has had no prior involvement with respect to the unpaid tax specified in subsection (a)(3)(A) before the first hearing under this section or section 6320. A taxpayer may waive the requirement of this paragraph.

**(c) Matters considered at hearing**

In the case of any hearing conducted under this section—

**(1) Requirement of investigation**

The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

**(2) Issues at hearing**

**(A) In general**

The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including—

(i) appropriate spousal defenses;

(ii) challenges to the appropriateness of collection actions; and

(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

*continued – 26 U.S.C. § 6330*

**(B) Underlying liability**

The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

**(3) Basis for the determination**

The determination by an appeals officer under this subsection shall take into consideration—

(A) the verification presented under paragraph (1);

(B) the issues raised under paragraph (2); and

(C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.

**(4) Certain issues precluded**

An issue may not be raised at the hearing if—

(A)(i) the issue was raised and considered at a previous hearing under section 6320 or in any other previous administrative or judicial proceeding; and

(ii) the person seeking to raise the issue participated meaningfully in such hearing or proceeding;

(B) the issue meets the requirement of clause (i) or (ii) of section 6702(b)(2)(A); or

Add. 23

*continued – 26 U.S.C. § 6330*

(C) a final determination has been made with respect to such issue in a proceeding brought under subchapter C of chapter 63.

This paragraph shall not apply to any issue with respect to which subsection (d)(3)(B) applies.

## (d) Proceeding after hearing

### (1) Petition for review by Tax Court

The person may, within 30 days of a determination under this section, petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter).

### (2) Suspension of running of period for filing petition in title 11 cases

In the case of a person who is prohibited by reason of a case under title 11, United States Code, from filing a petition under paragraph (1) with respect to a determination under this section, the running of the period prescribed by such subsection for filing such a petition with respect to such determination shall be suspended for the period during which the person is so prohibited from filing such a petition, and for 30 days thereafter.

\*　　　\*　　　\*

## (e) Suspension of collections and statute of limitations

### (1) In general

Except as provided in paragraph (2), if a hearing is requested under subsection (a)(3)(B), the levy actions which are the subject of the requested hearing and the running of any period of limitations under section 6502 (relating to collection after assessment), section 6531 (relating to criminal prosecutions), or section 6532 (relating to

*continued – 26 U.S.C. § 6330*

other suits) shall be suspended for the period during which such hearing, and appeals therein, are pending. In no event shall any such period expire before the 90th day after the day on which there is a final determination in such hearing. Notwithstanding the provisions of section 7421(a), the beginning of a levy or proceeding during the time the suspension under this paragraph is in force may be enjoined by a proceeding in the proper court, including the Tax Court. The Tax Court shall have no jurisdiction under this paragraph to enjoin any action or proceeding unless a timely appeal has been filed under subsection (d)(1) and then only in respect of the unpaid tax or proposed levy to which the determination being appealed relates.

\* \* \*

## 26 U.S.C. § 6331(a)

**§ 6331.  Levy and distraint**

**(a) Authority of Secretary**

If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official. If the Secretary makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.

\*　　　\*　　　\*

## 26 U.S.C. § 6404(a)

### § 6404. Abatements

### (a) General rule

The Secretary is authorized to abate the unpaid portion of the assessment of any tax or any liability in respect thereof, which—

(1) is excessive in amount, or

(2) is assessed after the expiration of the period of limitation properly applicable thereto, or

(3) is erroneously or illegally assessed.

\*          \*          \*

## 26 U.S.C. § 6501(a)

### § 6501. Limitations on assessment and collection

### (a) General rule

Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. For purposes of this chapter, the term "return" means the return required to be filed by the taxpayer (and does not include a return of any person from whom the taxpayer has received an item of income, gain, loss, deduction, or credit).

\*　　　　\*　　　　\*

## 26 U.S.C. § 6502(a)

**§ 6502. Collection after assessment**

**(a) Length of period**

Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 10 years after the assessment of the tax, or

(2) if—

(A) there is an installment agreement between the taxpayer and the Secretary, prior to the date which is 90 days after the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer at the time the installment agreement was entered into; or

(B) there is a release of levy under section 6343 after such 10-year period, prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before such release.

If a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy shall be extended and shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable.

\*          \*          \*

Add. 29

## <u>26 U.S.C. § 6503(a)(1)</u>

## § 6503.  Suspension of running of period of limitation

## (a) Issuance of statutory notice of deficiency

### (1) General rule

The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or the collection by levy or a proceeding in court, in respect of any deficiency as defined in section 6211 (relating to income, estate, gift and certain excise taxes), shall (after the mailing of a notice under section 6212(a)) be suspended for the period during which the Secretary is prohibited from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.

\*          \*          \*

<u>26 U.S.C. § 6511</u>

## § 6511. Limitations on credit or refund

### (a) Period of limitation on filing claim

Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

### (b) Limitation on allowance of credits and refunds

#### (1) Filing of claim within prescribed period

No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

#### (2) Limit on amount of credit or refund

##### (A) Limit where claim filed within 3-year period

If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

Add. 31

*continued – 26 U.S.C. § 6511*

### (B) Limit where claim not filed within 3-year period

If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

### (C) Limit if no claim filed

If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.

## (c) Special rules applicable in case of extension of time by agreement

If an agreement under the provisions of section 6501(c)(4) extending the period for assessment of a tax imposed by this title is made within the period prescribed in subsection (a) for the filing of a claim for credit or refund—

### (1) Time for filing claim

The period for filing claim for credit or refund or for making credit or refund if no claim is filed, provided in subsections (a) and (b)(1), shall not expire prior to 6 months after the expiration of the period within which an assessment may be made pursuant to the agreement or any extension thereof under section 6501(c)(4).

### (2) Limit on amount

If a claim is filed, or a credit or refund is allowed when no claim was filed, after the execution of the agreement and within 6 months after the expiration of the period within which an assessment may be made pursuant to the agreement or any extension thereof, the amount of the credit or refund shall not exceed the portion of the tax

*continued – 26 U.S.C. § 6511*

paid after the execution of the agreement and before the filing of the claim or the making of the credit or refund, as the case may be, plus the portion of the tax paid within the period which would be applicable under subsection (b)(2) if a claim had been filed on the date the agreement was executed.

**(3) Claims not subject to special rule**

This subsection shall not apply in the case of a claim filed, or credit or refund allowed if no claim is filed, either—

(A) prior to the execution of the agreement or

(B) more than 6 months after the expiration of the period within which an assessment may be made pursuant to the agreement or any extension thereof.

**(d) Special rules applicable to income taxes**

**(1) Seven-year period of limitation with respect to bad debts and worthless securities**

If the claim for credit or refund relates to an overpayment of tax imposed by subtitle A on account of—

(A) The deductibility by the taxpayer, under section 166 or section 832(c), of a debt as a debt which became worthless, or, under section 165(g), of a loss from worthlessness of a security, or

(B) The effect that the deductibility of a debt or loss described in subparagraph (A) has on the application to the taxpayer of a carryover,

in lieu of the 3-year period of limitation prescribed in subsection (a), the period shall be 7 years from the date prescribed by law for filing the return for the year with respect to which the claim is made. If the

Add. 33

claim for credit or refund relates to an overpayment on account of the effect that the deductibility of such a debt or loss has on the application to the taxpayer of a carryback, the period shall be either 7 years from the date prescribed by law for filing the return for the year of the net operating loss which results in such carryback or the period prescribed in paragraph (2) of this subsection, whichever expires the later. In the case of a claim described in this paragraph the amount of the credit or refund may exceed the portion of the tax paid within the period prescribed in subsection (b)(2) or (c), whichever is applicable, to the extent of the amount of the overpayment attributable to the deductibility of items described in this paragraph.

**(2) Special period of limitation with respect to net operating loss or capital loss carrybacks**

**(A) Period of limitation**

   If the claim for credit or refund relates to an overpayment attributable to a net operating loss carryback or a capital loss carryback, in lieu of the 3-year period of limitation prescribed in subsection (a), the period shall be that period which ends 3 years after the time prescribed by law for filing the return (including extensions thereof) for the taxable year of the net operating loss or net capital loss which results in such carryback, or the period prescribed in subsection (c) in respect of such taxable year, whichever expires later. In the case of such a claim, the amount of the credit or refund may exceed the portion of the tax paid within the period provided in subsection (b)(2) or (c), whichever is applicable, to the extent of the amount of the overpayment attributable to such carryback.

*continued – 26 U.S.C. § 6511*

**(B) Applicable rules**

**(i) In general**

If the allowance of a credit or refund of an overpayment of tax attributable to a net operating loss carryback or a capital loss carryback is otherwise prevented by the operation of any law or rule of law other than section 7122 (relating to compromises), such credit or refund may be allowed or made, if claim therefor is filed within the period provided in subparagraph (A) of this paragraph.

**(ii) Tentative carryback adjustments**

If the allowance of an application, credit, or refund of a decrease in tax determined under section 6411(b) is otherwise prevented by the operation of any law or rule of law other than section 7122, such application, credit, or refund may be allowed or made if application for a tentative carryback adjustment is made within the period provided in section 6411(a).

**(iii) Determinations by courts to be conclusive**

In the case of any such claim for credit or refund or any such application for a tentative carryback adjustment, the determination by any court, including the Tax Court, in any proceeding in which the decision of the court has become final, shall be conclusive except with respect to—

(I) the net operating loss deduction and the effect of such deduction, and

(II) the determination of a short-term capital loss and the effect of such short-term capital loss, to the extent that such deduction or short-term capital loss is affected by a carryback which was not an issue in such proceeding.

Add. 35

*continued – 26 U.S.C. § 6511*

**(3) Special rules relating to foreign tax credit**

**(A) Special period of limitation with respect to foreign taxes paid or accrued**

If the claim for credit or refund relates to an overpayment attributable to any taxes paid or accrued to any foreign country or to any possession of the United States for which credit is allowed against the tax imposed by subtitle A in accordance with the provisions of section 901 or the provisions of any treaty to which the United States is a party, in lieu of the 3-year period of limitation prescribed in subsection (a), the period shall be 10 years from the date prescribed by law for filing the return for the year in which such taxes were actually paid or accrued.

**(B) Exception in the case of foreign taxes paid or accrued**

In the case of a claim described in subparagraph (A), the amount of the credit or refund may exceed the portion of the tax paid within the period provided in subsection (b) or (c), whichever is applicable, to the extent of the amount of the overpayment attributable to the allowance of a credit for the taxes described in subparagraph (A).

**(4) Special period of limitation with respect to certain credit carrybacks**

**(A) Period of limitation**

If the claim for credit or refund relates to an overpayment attributable to a credit carryback, in lieu of the 3-year period of limitation prescribed in subsection (a), the period shall be that period which ends 3 years after the time prescribed by law for filing the return (including extensions thereof) for the taxable year of the unused credit which results in such carryback (or, with respect to any portion of a credit carryback from a taxable year

Add. 36

attributable to a net operating loss carryback, capital loss carryback, or other credit carryback from a subsequent taxable year, the period shall be that period which ends 3 years after the time prescribed by law for filing the return, including extensions thereof, for such subsequent taxable year) or the period prescribed in subsection (c) in respect of such taxable year, whichever expires later. In the case of such a claim, the amount of the credit or refund may exceed the portion of the tax paid within the period provided in subsection (b)(2) or (c), whichever is applicable, to the extent of the amount of the overpayment attributable to such carryback.

**(B) Applicable rules**

If the allowance of a credit or refund of an overpayment of tax attributable to a credit carryback is otherwise prevented by the operation of any law or rule of law other than section 7122, relating to compromises, such credit or refund may be allowed or made, if claim therefor is filed within the period provided in subparagraph (A) of this paragraph. In the case of any such claim for credit or refund, the determination by any court, including the Tax Court, in any proceeding in which the decision of the court has become final, shall not be conclusive with respect to any credit, and the effect of such credit, to the extent that such credit is affected by a credit carryback which was not in issue in such proceeding.

**(C) Credit carryback defined**

For purposes of this paragraph, the term "credit carryback" means any business carryback under section 39.

**(5) Special period of limitation with respect to self-employment tax in certain cases**

If the claim for credit or refund relates to an overpayment of the tax imposed by chapter 2 (relating to the tax on self-employment income) attributable to an agreement, or modification of an agreement, made pursuant to section 218 of the Social Security Act (relating to coverage of State and local employees), and if the allowance of a credit or refund of such overpayment is otherwise prevented by the operation of any law or rule of law other than section 7122 (relating to compromises), such credit or refund may be allowed or made if claim therefor is filed on or before the last day of the second year after the calendar year in which such agreement (or modification) is agreed to by the State and the Commissioner of Social Security.

**(6) Special period of limitation with respect to amounts included in income subsequently recaptured under qualified plan termination**

If the claim for credit or refund relates to an overpayment of tax imposed by subtitle A on account of the recapture, under section 4045 of the Employee Retirement Income Security Act of 1974, of amounts included in income for a prior taxable year, the 3-year period of limitation prescribed in subsection (a) shall be extended, for purposes of permitting a credit or refund of the amount of the recapture, until the date which occurs one year after the date on which such recaptured amount is paid by the taxpayer.

**(7) Special period of limitation with respect to self-employment tax in certain cases**

If—

    (A) the claim for credit or refund relates to an overpayment of the tax imposed by chapter 2 (relating to the tax on self-

Add. 38

*continued – 26 U.S.C. § 6511*

employment income) attributable to Tax Court determination in a
proceeding under section 7436, and

(B) the allowance of a credit or refund of such overpayment is
otherwise prevented by the operation of any law or rule of law
other than section 7122 (relating to compromises),

such credit or refund may be allowed or made if claim therefor is
filed on or before the last day of the second year after the calendar
year in which such determination becomes final.

**(8) Special rules when uniformed services retired pay is
reduced as a result of award of disability compensation**

**(A) Period of limitation on filing claim**

If the claim for credit or refund relates to an overpayment of
tax imposed by subtitle A on account of—

(i) the reduction of uniformed services retired pay computed
under section 1406 or 1407 of title 10, United States Code, or

(ii) the waiver of such pay under section 5305 of title 38 of
such Code,

as a result of an award of compensation under title 38 of such
Code pursuant to a determination by the Secretary of Veterans
Affairs, the 3-year period of limitation prescribed in subsection (a)
shall be extended, for purposes of permitting a credit or refund
based upon the amount of such reduction or waiver, until the end
of the 1-year period beginning on the date of such determination.

Add. 39

*continued – 26 U.S.C. § 6511*

**(B) Limitation to 5 taxable years**

Subparagraph (A) shall not apply with respect to any taxable year which began more than 5 years before the date of such determination.

\*          \*          \*

**(f) Special rule for chapter 42 and similar taxes**

For purposes of any tax imposed by section 4912, chapter 42, or section 4975, the return referred to in subsection (a) shall be the return specified in section 6501(l)(1).

\*          \*          \*

**(h) Running of periods of limitation suspended while taxpayer is unable to manage financial affairs due to disability**

**(1) In general**

In the case of an individual, the running of the periods specified in subsections (a), (b), and (c) shall be suspended during any period of such individual's life that such individual is financially disabled.

**(2) Financially disabled**

**(A) In general**

For purposes of paragraph (1), an individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to have such an impairment unless proof of the

Add. 40

*continued – 26 U.S.C. § 6511*

existence thereof is furnished in such form and manner as the Secretary may require.

**(B) Exception where individual has guardian, etc.**

An individual shall not be treated as financially disabled during any period that such individual's spouse or any other person is authorized to act on behalf of such individual in financial matters.

\*          \*          \*

## 26 U.S.C. § 6512(a)

### § 6512. Limitations on credit or refund

### (a) Effect of petition to Tax Court

If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and certain excise taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a) (or 7481(c) with respect to a determination of statutory interest or section 7481(d) solely with respect to a determination of estate tax by the Tax Court), no credit or refund of income tax for the same taxable year, of gift tax for the same calendar year or calendar quarter, of estate tax in respect of the taxable estate of the same decedent, or of tax imposed by chapter 41, 42, 43, or 44 with respect to any act (or failure to act) to which such petition relates, in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except—

  (1) As to overpayments determined by a decision of the Tax Court which has become final, and

  (2) As to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final, and

  (3) As to any amount collected after the period of limitation upon the making of levy or beginning a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Tax Court which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive, and

  (4) As to overpayments attributable to partnership items, in accordance with subchapter C of chapter 63, and

*continued – 26 U.S.C. § 6512*

(5) As to any amount collected within the period during which the Secretary is prohibited from making the assessment or from collecting by levy or through a proceeding in court under the provisions of section 6213(a), and

(6) As to overpayments the Secretary is authorized to refund or credit pending appeal as provided in subsection (b).

\*           \*           \*

## 26 U.S.C. § 7421(a)

**§ 7421.  Prohibition of suits to restrain assessment or collection**

**(a) Tax**

Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6232(c), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

\* \* \*

Add. 44

## 26 U.S.C. § 7422(a), (e)

### § 7422. Civil actions for refund

### (a) No suit prior to filing claim for refund

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

\*       \*       \*

### (e) Stay of proceedings

If the Secretary prior to the hearing of a suit brought by a taxpayer in a district court or the United States Court of Federal Claims for the recovery of any income tax, estate tax, gift tax, or tax imposed by chapter 41, 42, 43, or 44 (or any penalty relating to such taxes) mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter. If the taxpayer files a petition with the Tax Court, the district court or the United States Court of Federal Claims, as the case may be, shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund. If the taxpayer does not file a petition with the Tax Court for a redetermination of the asserted deficiency, the United States may counterclaim in the taxpayer's suit, or intervene in the event of a suit as described in subsection (c) (relating to suits against officers or employees of the United States), within the period of the stay of proceedings notwithstanding that the time for such pleading may have otherwise

*continued – 26 U.S.C. § 7422*

expired. The taxpayer shall have the burden of proof with respect to the issues raised by such counterclaim or intervention of the United States except as to the issue of whether the taxpayer has been guilty of fraud with intent to evade tax. This subsection shall not apply to a suit by a taxpayer which, prior to the date of enactment of this title, is commenced, instituted, or pending in a district court or the United States Court of Federal Claims for the recovery of any income tax, estate tax, or gift tax (or any penalty relating to such taxes).

\*            \*            \*

## <u>26 U.S.C. § 7436(d)(1)</u>

## § 7436. Proceedings for determination of employment status

\*          \*          \*

## (d) Special rules

### (1) Restrictions on assessment and collection pending action, etc.

The principles of subsections (a), (b), (c), (d), and (f) of section 6213, section 6214(a), section 6215, section 6503(a), section 6512, and section 7481 shall apply to proceedings brought under this section in the same manner as if the Secretary's determination described in subsection (a) were a notice of deficiency.

\*          \*          \*

Add. 47

## <u>26 U.S.C. § 7442</u>

### § 7442.  Jurisdiction

The Tax Court and its divisions shall have such jurisdiction as is conferred on them by this title, by chapters 1, 2, 3, and 4 of the Internal Revenue Code of 1939, by title II and title III of the Revenue Act of 1926 (44 Stat. 10–87), or by laws enacted subsequent to February 26, 1926.

## <u>26 U.S.C. § 7451(b)(1)</u>

**§ 7451.  Petitions**

\*          \*          \*

**(b) Tolling of time in certain cases**

   **(1) In general**

    Notwithstanding any other provision of this title, in any case (including by reason of a lapse in appropriations) in which a filing location is inaccessible or otherwise unavailable to the general public on the date a petition is due, the relevant time period for filing such petition shall be tolled for the number of days within the period of inaccessibility plus an additional 14 days.

\*          \*          \*

## 26 U.S.C. § 7459(c), (d)

**§ 7459.  Reports and decisions**

\*          \*          \*

**(c) Date of decision**

A decision of the Tax Court (except a decision dismissing a proceeding for lack of jurisdiction) shall be held to be rendered upon the date that an order specifying the amount of the deficiency is entered in the records of the Tax Court or, in the case of a declaratory judgment proceeding under part IV of this subchapter or under section 7428 or in the case of an action brought under section 6234, the date of the court's order entering the decision. If the Tax Court dismisses a proceeding for reasons other than lack of jurisdiction and is unable from the record to determine the amount of the deficiency determined by the Secretary, or if the Tax Court dismisses a proceeding for lack of jurisdiction, an order to that effect shall be entered in the records of the Tax Court, and the decision of the Tax Court shall be held to be rendered upon the date of such entry.

**(d) Effect of decision dismissing petition**

If a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary. An order specifying such amount shall be entered in the records of the Tax Court unless the Tax Court cannot determine such amount from the record in the proceeding, or unless the dismissal is for lack of jurisdiction.

\*          \*          \*

Add. 50

## **26 U.S.C. § 7485(a)**

**§ 7485.  Bond to stay assessment and collection**

**(a) Upon notice of appeal**

Notwithstanding any provision of law imposing restrictions on the assessment and collection of deficiencies, the review under section 7483 shall not operate as a stay of assessment or collection of any portion of the amount of the deficiency determined by the Tax Court unless a notice of appeal in respect of such portion is duly filed by the taxpayer, and then only if the taxpayer—

    (1) on or before the time his notice of appeal is filed has filed with the Tax Court a bond in a sum fixed by the Tax Court not exceeding double the amount of the portion of the deficiency in respect of which the notice of appeal is filed, and with surety approved by the Tax Court, conditioned upon the payment of the deficiency as finally determined, together with any interest, additional amounts, or additions to the tax provided for by law, or

    (2) has filed a jeopardy bond under the income or estate tax laws.

If as a result of a waiver of the restrictions on the assessment and collection of a deficiency any part of the amount determined by the Tax Court is paid after the filing of the appeal bond, such bond shall, at the request of the taxpayer, be proportionately reduced.

\*       \*       \*

## <u>26 U.S.C. § 7502(a)(1)</u>

### § 7502. Timely mailing treated as timely filing and paying

**(a) General rule**

**(1) Date of delivery**

If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.

\*      \*      \*

## 26 U.S.C. § 7503

**§ 7503.  Time for performance of acts where last day falls on Saturday, Sunday, or legal holiday**

When the last day prescribed under authority of the internal revenue laws for performing any act falls on Saturday, Sunday, or a legal holiday, the performance of such act shall be considered timely if it is performed on the next succeeding day which is not a Saturday, Sunday, or a legal holiday. For purposes of this section, the last day for the performance of any act shall be determined by including any authorized extension of time; the term "legal holiday" means a legal holiday in the District of Columbia; and in the case of any return, statement, or other document required to be filed, or any other act required under authority of the internal revenue laws to be performed, at any office of the Secretary or at any other office of the United States or any agency thereof, located outside the District of Columbia but within an internal revenue district, the term "legal holiday" also means a Statewide legal holiday in the State where such office is located.

## 26 U.S.C. § 7508(a)

### § 7508.  Time for performing certain acts postponed by reason of service in combat zone or contingency operation

### (a) Time to be disregarded

In the case of an individual serving in the Armed Forces of the United States, or serving in support of such Armed Forces, in an area designated by the President of the United States by Executive order as a "combat zone" for purposes of section 112, or when deployed outside the United States away from the individual's permanent duty station while participating in an operation designated by the Secretary of Defense as a contingency operation (as defined in section 101(a)(13) of title 10, United States Code) or which became such a contingency operation by operation of law, at any time during the period designated by the President by Executive order as the period of combatant activities in such zone for purposes of such section or at any time during the period of such contingency operation, or hospitalized as a result of injury received while serving in such an area or operation during such time, the period of service in such area or operation, plus the period of continuous qualified hospitalization attributable to such injury, and the next 180 days thereafter, shall be disregarded in determining, under the internal revenue laws, in respect of any tax liability (including any interest, penalty, additional amount, or addition to the tax) of such individual—

    (1) Whether any of the following acts was performed within the time prescribed therefor:

        (A) Filing any return of income, estate, gift, employment, or excise tax;

        (B) Payment of any income, estate, gift, employment, or excise tax or any installment thereof or of any other liability to the United States in respect thereof;

        (C) Filing a petition with the Tax Court, or filing a notice of appeal from a decision of the Tax Court;

Add. 54

*continued – 26 U.S.C. § 7508*

(D) Allowance of a credit or refund of any tax;

(E) Filing a claim for credit or refund of any tax;

(F) Bringing suit upon any such claim for credit or refund;

(G) Assessment of any tax;

(H) Giving or making any notice or demand for the payment of any tax, or with respect to any liability to the United States in respect of any tax;

(I) Collection, by the Secretary, by levy or otherwise, of the amount of any liability in respect of any tax;

(J) Bringing suit by the United States, or any officer on its behalf, in respect of any liability in respect of any tax or in respect of any erroneous refund; and

(K) Any other act required or permitted under the internal revenue laws specified by the Secretary;

(2) The amount of any credit or refund; and

(3) Any certification of a seriously delinquent tax debt under section 7345.

\*          \*          \*

Add. 55

## <u>26 U.S.C. § 7508A(a)</u>

**§ 7508A.  Authority to postpone certain deadlines by reason of Federally declared disaster, significant fire, or terroristic or military actions**

**(a) In general**

In the case of a taxpayer determined by the Secretary to be affected by a federally declared disaster (as defined by section 165(i)(5)(A)), a significant fire, or a terroristic or military action (as defined in section 692(c)(2)), the Secretary may specify a period of up to 1 year that may be disregarded in determining, under the internal revenue laws, in respect of any tax liability of such taxpayer—

(1) whether any of the acts described in paragraph (1) of section 7508(a) were performed within the time prescribed therefor (determined without regard to extension under any other provision of this subtitle for periods after the date (determined by the Secretary) of such disaster, fire, or action),

(2) the amount of any interest, penalty, additional amount, or addition to the tax for periods after such date, and

(3) the amount of any credit or refund.

\*            \*            \*

Add. 56

## <u>28 U.S.C. § 1295(a)(9)</u>

**§ 1295. Jurisdiction of the United States Court of Appeals for the Federal Circuit**

(a) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction—

\*          \*          \*

(9) of an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5;

\*          \*          \*

## 38 U.S.C. § 7252(a)

**§ 7252.  Jurisdiction; finality of decisions**

(a) The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals. The Secretary may not seek review of any such decision. The Court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate.

*         *         *

## 38 U.S.C. § 7266

**§ 7266. Notice of appeal**

(a) In order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is issued pursuant to section 7104(e) of this title.

(b) An appellant shall file a notice of appeal under this section by delivering or mailing the notice to the Court.

(c) A notice of appeal shall be deemed to be received by the Court as follows:

(1) On the date of receipt by the Court, if the notice is delivered.

(2) On the date of the United States Postal Service postmark stamped on the cover in which the notice is posted, if the notice is properly addressed to the Court and is mailed.

(d) For a notice of appeal mailed to the Court to be deemed to be received under subsection (c)(2) on a particular date, the United States Postal Service postmark on the cover in which the notice is posted must be legible. The Court shall determine the legibility of any such postmark and the Court's determination as to legibility shall be final and not subject to review by any other Court.