**Frazer Ryan Goldberg & Arnold LLP**

July 22, 2025

1850 N. Central Avenue
Suite 1800
Phoenix, Arizona 85004

Direct 602.200.7347
Fax 602.792.7234

tfarrow@frgalaw.com

<u>**VIA EMAIL ONLY**</u>
*By ACMS*
Hon. Catherine O'Hagan Wolfe
Clerk, U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 1007

  **Re:**   ***Buller v. Commissioner*, No. 24-1557**
     **Letter of Supplemental Authority Filed Under**
     **Federal Rule of Appellate Procedure 28(j)**

Dear Ms. Wolfe:

 The primary issue in this appeal is whether the deadline for filing a Tax Court petition for redetermination in 26 U.S.C. § 6213(a) is jurisdictional. The Supreme Court recently unanimously determined that another statutory deadline is not jurisdictional. *See Riley v. Bondi*, No. 23-1270, slip op. at 11–16 (U.S. June 26, 2025) ("Op.").[1]

 *Riley*, addressed the deadline under 8 U.S.C. § 1252(b)(1) for seeking judicial review from a final order of removal. Op. 5. The statute states, "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal." The Supreme Court found this deadline nonjurisdictional and in so doing, made three points relevant to this case.

 First, the Court explained the statutory text "tells aliens what they must do if they want judicial review, but it provides no directives to courts. It makes no reference to jurisdiction and lacks any language 'demarcat[ing] a court's power.'" Op. 13 (alteration in original) (citation omitted).

 Second, "[n]either the particular subsection nor the broader section in which the deadline is placed concerns jurisdiction, but there are other sections in which the deadline could have been housed if it had been meant to have jurisdictional status." Op. 13.

 Third, though the Court had previously referred to "a predecessor provision's filing deadline as jurisdictional," it had "used the term 'jurisdictional' loosely" and "suggested that all mandatory filing requirements are jurisdictional," which is inconsistent with the clear statement rule the Court has followed for nearly 20 years. Op. 15 (citation omitted).

 In *Riley*, the Supreme Court continued its long line of decisions finding deadlines non jurisdictional and further supports the reversal of the Tax Court's decision in this case.

---

[1] Four Justices dissented, but only as to another issue. Dis. Op. 2 n.1.

Law Offices
**Frazer Ryan Goldberg & Arnold LLP**

July 22, 2025
Page 2

Respectfully submitted,

Trisha S. Farrow

*Counsel for Petitioners-Appellants*
*Mark Buller and Sarah Beatty*

cc: Counsel of record via (CM/ECF)