24-1557
*Buller v. Comm'r*

# United States Court of Appeals
# For the Second Circuit

August Term 2024

Argued: March 24, 2025
Decided: August 14, 2025

No. 24-1557

MARK BULLER, SARAH BEATTY,

*Petitioners-Appellants*,

*v.*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee*.

Appeal from the United States Tax Court
No. 25011-22, Kathleen Kerrigan, *Chief Judge*.

Before: CABRANES, LOHIER, and SULLIVAN, *Circuit Judges*.

Mark Buller and Sarah Beatty (together, "Petitioners") appeal from a judgment of the United States Tax Court (Kerrigan, *C.J.*) dismissing their petition challenging the determination of the Commissioner of Internal Revenue concerning their income-tax deficiency for 2018. Because the petition was filed more than ninety days after the Internal Revenue Service mailed the deficiency notice, the Tax Court concluded that I.R.C. § 6213(a) deprived it of jurisdiction to review the petition. We disagree. In light of recent Supreme Court decisions, we hold that section 6213(a) is a nonjurisdictional, claim-processing rule. We further

hold that section 6213(a) is subject to equitable tolling.  Accordingly, we **REVERSE** the judgment of the Tax Court and **REMAND** for consideration of whether Petitioners are entitled to equitable tolling.

 REVERSED AND REMANDED.

> TRISHA S. FARROW (Brandon A. Keim, *on the brief*), Frazer, Ryan, Goldberg & Arnold, LLP, Phoenix, AZ, *for Petitioners-Appellants*.
>
> ISAAC B. ROSENBERG (David A. Hubbert, Deputy Assistant Attorney General, Ellen Page DelSole, *on the brief*), Tax Division, United States Department of Justice, Washington, DC, *for Respondent-Appellee*.
>
> Audrey Patten, T. Keith Fogg, The Legal Services Center of Harvard Law School, Jamaica Plain, MA, *for Amicus Curiae The Center for Taxpayer Rights in support of Petitioners-Appellants*.

RICHARD J. SULLIVAN, *Circuit Judge*:

 Mark Buller and Sarah Beatty (together, "Petitioners") appeal from a judgment of the United States Tax Court (Kerrigan, *C.J.*) dismissing their petition challenging the determination of the Commissioner of Internal Revenue (the "Commissioner") concerning their income-tax deficiency for 2018.  Because the petition was filed more than ninety days after the Internal Revenue Service (the "IRS") mailed the deficiency notice, the Tax Court concluded that I.R.C. § 6213(a) deprived it of jurisdiction to review the petition.  We disagree.  In light of recent

2

Supreme Court decisions, we hold that section 6213(a) is a nonjurisdictional, claim-processing rule. We further hold that section 6213(a) is subject to equitable tolling. Accordingly, we REVERSE the judgment of the Tax Court and REMAND for consideration of whether Petitioners are entitled to equitable tolling.

## I.  BACKGROUND

On August 22, 2022, the IRS sent a notice of deficiency to Petitioners regarding their 2018 income-tax returns. Under I.R.C. § 6213(a), a petition to the United States Tax Court challenging a notice of deficiency must be filed within ninety days from the date the notice was issued. As it turned out, Petitioners' counsel missed that deadline and filed the petition nine days late. On January 27, 2023, the IRS filed a motion in the Tax Court to dismiss the petition for lack of jurisdiction. Petitioners opposed that motion, arguing that section 6213(a) is nonjurisdictional and subject to equitable tolling and that it would be more efficient to consolidate their petition with other related petitions. The Tax Court found that the IRS properly mailed the notice of deficiency to Petitioners and that Petitioners failed to file their petition by section 6213(a)'s deadline. The Tax Court therefore concluded that it lacked jurisdiction and dismissed the petition. Petitioners timely appealed.

3

## II. STANDARD OF REVIEW

We review *de novo* the Tax Court's dismissal for lack of jurisdiction. *See Borenstein v. Comm'r*, 919 F.3d 746, 749 (2d Cir. 2019). We also review *de novo* the question of whether a statutory deadline is subject to equitable tolling. *See Doe v. United States*, 76 F.4th 64, 70 (2d Cir. 2023).

## III. DISCUSSION

### A. Section 6213(a) is a nonjurisdictional, claim-processing rule.

Petitioners first argue that the filing deadline in section 6213(a) is a nonjurisdictional, claim-processing rule. Section 6213(a) states, in relevant part,

> Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency . . . is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.

I.R.C. § 6213(a).

We have long described section 6213(a) as jurisdictional in nature. *See, e.g., Galvin v. Comm'r*, 239 F.2d 166, 166 (2d Cir. 1956); *Vibro Mfg. Co. v. Comm'r*, 312 F.2d 253, 254 (2d Cir. 1963); *Deutsch v. Comm'r*, 599 F.2d 44, 45 (2d Cir. 1979); *Tadros v. Comm'r*, 763 F.2d 89, 91 (2d Cir. 1985); *Hoffenberg v. Comm'r*, 905 F.2d 665, 666 (2d Cir. 1990); *Sicari v. Comm'r*, 136 F.3d 925, 928 (2d Cir. 1998). In recent years, however, the Supreme Court has sought to "bring some discipline" to the use of

4

the word "jurisdiction," observing that judicial opinions have often stated that the court was dismissing the case for lack of jurisdiction without explicitly considering whether the procedural rule actually "govern[ed] [the] court's adjudicatory capacity." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006).  The Court has noted that such imprecision can have significant consequences for both litigants and courts because jurisdictional provisions "cannot be waived or forfeited, must be raised by courts *sua sponte*, and . . . do not allow for equitable exceptions."  *Boechler, P.C. v. Comm'r*, 596 U.S. 199, 203 (2022).

The question before us, then, is whether our cases that described the filing deadline in section 6213(a) as jurisdictional – but offered no explanation for that conclusion – remain good law after *Arbaugh* and its progeny.  "In general, a panel of this Court is bound by the decisions of prior panels until such time as they are overruled either by an *en banc* panel of our Court or by the Supreme Court." *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 405 (2d Cir. 2014) (internal quotation marks omitted).  But a narrow exception to this rule applies "where there has been an intervening Supreme Court decision that casts doubt on our controlling precedent."  *Id.* (internal quotation marks omitted); *see also In re Zarnel*,

5

619 F.3d 156, 168 (2d Cir. 2010). The Supreme Court has also held that a prior decision that "simply states that the court is dismissing 'for lack of jurisdiction' when some threshold fact has not been established" should "receive[] no precedential effect." *Wilkins v. United States*, 598 U.S. 152, 160 (2023) (internal quotation marks omitted); *see also Donnelly v. Controlled Application Rev. & Resol. Program Unit*, 37 F.4th 44, 55 (2d Cir. 2022). We therefore must decide with fresh eyes whether the filing deadline in section 6213(a) is a limitation on the Tax Court's jurisdiction.

The Supreme Court has explained that "the [g]overnment must clear a high bar to establish that a [procedural rule] is jurisdictional." *United States v. Wong*, 575 U.S. 402, 409 (2015). And while Congress does not need to "incant magic words," "traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences." *Id.* at 410 (internal quotation marks omitted). In other words, the jurisdictional nature of the procedural requirement "must . . . be clear; it is insufficient that a jurisdictional reading is 'plausible,' or even 'better,' than nonjurisdictional alternatives." *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 298 (2023); *see also Boechler*, 596 U.S. at 205 ("Where multiple plausible interpretations exist – only one of which

6

is jurisdictional – it is difficult to make the case that the jurisdictional reading is clear."). Indeed, the Supreme Court has observed that "most time bars are nonjurisdictional" claim-processing rules that "seek to promote the orderly progress of litigation, but do *not* deprive a court of authority to hear a case." *Wong*, 575 U.S. at 410 (emphasis added) (internal quotation marks omitted).

Because Congress has not clearly imbued the filing deadline in section 6213(a) with jurisdictional consequences, we hold that it is a nonjurisdictional, claim-processing rule. Section 6213(a) "speaks only to a claim's timeliness, not to a court's power," which is "mundane statute-of-limitations language." *Id.* In fact, the language used in section 6213(a) simply states that "the taxpayer *may* file a petition," I.R.C. § 6213(a) (emphasis added), and the Supreme Court has held that similarly permissive language "does not speak in jurisdictional terms," *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 154 (2013) (internal quotation marks omitted) ("Section 1395oo(a)(3) instructs that a provider of services 'may obtain a hearing' by the Board regarding its reimbursement amount if 'such provider files a request for a hearing within 180 days after notice of the intermediary's final determination.'"). Moreover, section 6213(a) is directed at the *taxpayer*, rather than the court, which indicates that the filing deadline "do[es] not speak to a court's

7

authority or refer in any way to the jurisdiction of the . . . courts," but rather "speak[s] to a party's procedural obligations." *Fort Bend County v. Davis*, 587 U.S. 541, 551 (2019) (alterations accepted, citation omitted, and internal quotation marks omitted).

Additionally, there is no "clear tie" between the Tax Code's jurisdictional provisions and section 6213(a)'s filing deadline. *MOAC Mall Holdings LLC*, 598 U.S. at 300 (internal quotation marks omitted); *see also Wong*, 575 U.S. at 411 ("Congress's separation of a filing deadline from a jurisdictional grant indicates that the time bar is not jurisdictional."). Indeed, the word "jurisdiction" does not even appear in the relevant sentence of section 6213(a). And unlike other provisions of the Tax Code, such as section 6015(e)(1)(A), which "expressly condition[s] the Tax Court's jurisdiction on the timely filing of a petition," *Matuszak v. Comm'r*, 862 F.3d 192, 196 (2d Cir. 2017), section 6213(a)'s filing deadline contains no express link to the Tax Court's jurisdiction. It also bears noting that Congress has amended section 6213 multiple times since 1924 yet "declined . . . to say anything specific about whether the [filing deadline] imposes a jurisdictional bar." *Wong*, 575 U.S. at 412.

8

Recognizing that section 6213(a)'s "bare text speaks to jurisdiction *implicitly*" at best, Comm'r Br. at 19 (emphasis added), the Commissioner falls back on a number of other arguments, none of which is availing. The Commissioner first points to a later sentence in section 6213(a) that states: "The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition." But once again, a requirement "does not become jurisdictional simply because it is placed in a section of a statute that also contains jurisdictional provisions." *Auburn*, 568 U.S. at 155. Furthermore, the Supreme Court rejected an analogous argument in *Boechler*, explaining that "the prospect that [the statute] deprives the Tax Court of authority to issue an injunction in a subset of appeals" does not itself establish a clear jurisdictional statement. 596 U.S. at 208. If anything, the clear statement of jurisdiction with respect to injunctive relief "highlights the lack of such clarity" earlier in the statutory provision. *Id.*

The Commissioner also emphasizes that "[b]efore 2023, every federal appellate court to reach the question had held that [s]ection 6213(a)'s deadline is jurisdictional." Comm'r Br. at 53. But while it is true that a requirement may be

9

treated as "jurisdictional when a long line of *Supreme Court* decisions left undisturbed by Congress attached a jurisdictional label to the prescription," *Davis*, 587 U.S. at 548 (emphasis added) (alterations accepted and internal quotation marks omitted), no such line of Supreme Court decisions exists here. And "[a] handful of lower court opinions [cannot] stand in for a ruling of [the Supreme] Court, especially where some of th[o]se decisions contain only fleeting references to jurisdiction." *Wilkins*, 598 U.S. at 165.

Finally, the Commissioner argues that treating section 6213(a) as nonjurisdictional cannot be reconciled with I.R.C. § 7459(d), which states that "a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary . . . unless the dismissal is for lack of jurisdiction." The Commissioner contends that treating section 6213(a) as nonjurisdictional would therefore harm taxpayers who file untimely petitions because "a non-jurisdictional dismissal would lock in the deficiency amount for such taxpayers." Comm'r Br. at 13. But even if we accepted the Commissioner's interpretation of section 7459(d), it would not change the result of our analysis. As the Third Circuit explained when addressing this very argument, "this situation presents itself only if a taxpayer files a late petition for

10

redetermination of a deficiency, the Tax Court dismisses his or her petition, [and] the taxpayer then pays the disputed deficiency, files for a refund, gets denied, and then sues in federal court challenging the denial," which the Third Circuit viewed as a "theoretical possibility" that is "seldom, if ever, to occur." *Culp v. Comm'r*, 75 F.4th 196, 202 (3d Cir. 2023).

For all these reasons, we hold that section 6213(a) is – quite clearly – a nonjurisdictional, claim-processing rule.

**B.    Section 6213(a) is subject to equitable tolling.**

Having concluded that section 6213(a) is a nonjurisdictional claim-processing rule, we must next address whether section 6213(a) is subject to equitable tolling. The Supreme Court has explained that "[e]quitable tolling is a traditional feature of American jurisprudence and a background principle against which Congress drafts limitations periods." *Boechler*, 596 U.S. at 208–09. As a result, "nonjurisdictional limitations periods are presumptively subject to equitable tolling." *Id.* at 209. In *Boechler*, the Supreme Court held that I.R.C. § 6330(d)(1) was subject to equitable tolling. The rationale underlying that decision applies with equal force to section 6213(a). Like section 6330(d)(1), section 6213(a) "does not expressly prohibit equitable tolling, and its short . . . time limit

11

is directed at the taxpayer, not the court." *Id.* Similarly, section 6213(a)'s "deadline . . . appears in a section of the Tax Code that is unusually protective of taxpayers and a scheme in which laymen, unassisted by trained lawyers, often initiate the process." *Id.* (internal quotation marks omitted).

Section 6213(a)'s deadline is also different from the deadline in section 6511 for claiming a credit or refund of an overpayment, which the Supreme Court held was *not* subject to equitable tolling in *United States v. Brockamp*, 519 U.S. 347 (1997). Specifically, section 6511 "sets forth its time limitations in unusually emphatic form" and "in a highly detailed technical manner, that, linguistically speaking, cannot easily be read as containing implicit exceptions." *Id.* at 350. The Court also noted that section 6511 "reiterates its limitations several times in several different ways" and sets forth six "explicit exceptions to its basic time limits." *Id.* at 351. The same cannot be said for section 6213(a). Indeed, section "6213(a)'s exceptions are neither many (the three here are less than the six in *Brockamp* . . . ), nor are they set out explicitly or in a highly detailed technical manner, and they do not contain substantive limitations on the amount of recovery." *Culp*, 75 F.4th at 203–04 (internal quotation marks omitted).

Furthermore, section 6213(a)'s deadline "serves a far more limited and ancillary role in the tax collection system." *Boechler*, 596 U.S. at 210; *see also* Reply Br. at 27 ("Equitable tolling of the 90-day deadline has the potential to impact .011% of the tax base."). The Commissioner admits that only one million taxpayers received a deficiency notice and less than 21,000 deficiency petitions were filed in 2023, *see* Comm'r Br. at 66 & n.20, which pales in comparison to the over 90 million tax refunds that were implicated in *Brockamp*, *see* 519 U.S. at 352. Accordingly, it is unlikely "that the possibility of equitable tolling for the relatively small number of petitions at issue in this case will appreciably add to the uncertainty already present in the process." *Boechler*, 596 U.S. at 211. And there is no reason to believe that applying equitable tolling to section 6213(a) "will encourage more taxpayers to file untimely petitions in the (longshot) hopes of bringing a successful equitable tolling argument." *Culp*, 75 F.4th at 204.

As a result, we hold that section 6213(a) is subject to equitable tolling. Because the Tax Court did not consider whether Petitioners are entitled to equitable tolling, we remand this case so that the Tax Court can make that determination in the first instance.

13

## IV. CONCLUSION

For all the foregoing reasons, we **REVERSE** the judgment of the Tax Court and **REMAND** for consideration of whether Petitioners are entitled to equitable tolling.

14